UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                   CASE NO.: 16-20549-CR-LENARD

      Plaintiff,

v.

PHILIP ESFORMES,
ODETTE BARCHA, and
ARNALDO CARMOUZE

      Defendants.
_____/

## DEFENDANT PHILIP ESFORMES' MOTION TO BIFURCATE FORFEITURE AND REQUEST FOR JURY TRIAL AND INCORPORATED MEMORANDUM OF LAW

Defendant Philip Esformes moves the Court to bifurcate the forfeiture prayer described in the Indictment from the merits phase of the trial. Mr. Esformes also formally requests a trial by jury on the forfeiture issues pursuant to Fed. R. Crim. P. 32.2(b)(4). In support, Mr. Esformes states:

The Indictment filed on July 21, 2016 alleges that Philip Esformes is subject to various forfeitures pursuant to 18 U.S.C. § 981, 18 U.S.C. § 982, and 21 U.S.C. § 853(p), and 28 U.S.C. §246(c).  Forfeiture is sought of all property real and personal constituting or derived from proceeds obtained directly or indirectly from the offenses alleged in the Indictment.

Philip Esformes requests, pursuant to Fed R. Crim. P. 32.2(b)(4), that in the event of guilty verdicts, all forfeiture issues be submitted to the jury, but only separate from and after the "guilt phase" of the trial. In order to avoid jury confusion and unfairness to the defendants, and to prevent the consideration of forfeiture evidence that is not admissible on the issue of guilt, Mr. Esformes requests that trial proceedings be bifurcated. Bifurcation will also conserve judicial resources: If the jury returns not guilty verdicts, then the issue of forfeiture does not need to be reached and no evidence relating to the forfeiture need to be taken.

A defendant has both a privilege not to testify on the issue of guilt and a right to defend his property against the government's forfeiture efforts. Bifurcation of the guilt and forfeiture proceedings is necessary to effectuate both of these constitutional protections. *U.S. v. Sandini*, 816 F.2d 869, 873-74 (3d Cir. 1987). Without full bifurcation, a defendant who wishes to testify on the issue of forfeiture but does not on the issue of guilt "faces a Hobson's choice." Id. at 874.

Even before Rule 32.2 was amended in 2000 to permit the receipt of otherwise inadmissible "evidence or information" on the issue of forfeiture, other courts found *Sandini's* analysis persuasive, at least where the defendant has made the trial court aware of his desire to testify on the forfeiture issues. *See U.S. v. Elgersma*, 971 F.2d 690, 697 (11th Cir. 1992) (en banc) (Kravitch, J., specially concurring) (recognition that burden of proof on forfeiture is preponderance of the

C A R L T O N   F I E L D S, P. A .
100 Southeast Second Street – Suite No. 4200 - Miami - Florida  33131-9101 - 305.530.0050

evidence makes need for bifurcation even more manifest to avoid misleading jury into applying preponderance standard on issue of guilt); *U.S. v. Jenkins*, 904 F.2d 549 (10th Cir.), cert. denied, 498 U.S. 962 (1990); *U.S. v. Feldman*, 853 F.2d 648 (9th Cir.)., cert. denied, 489 U.S. 1030 (1988).

Rule 32.2 affords a defendant with the right to a trial by jury on the forfeiture issues. The jury will have to return a special verdict with respect to the forfeiture issues. The forfeiture issues are plainly distinct from the issues of guilt and the jury will have to be specifically instructed on the forfeiture issues. Moreover, under Rule 32.2 (b)(1), "evidence or information" may be considered on the forfeiture issues that is not admissible under the Federal Rules of Evidence on the issue of guilt. We acknowledge that case law suggests that "money judgment forfeitures" may not trigger a jury right. By this motion, we seek to avoid any jury trial waiver.

## CONCLUSION

WHEREFORE, the Court should bifurcate the proceedings on forfeiture from those on the issue of guilt.

## Rule 88.9 Certificate

Undersigned counsel has contacted Government counsel, regarding the Government's position on this motion and understands that Government counsel does not oppose bifurcation but disagrees that the forfeiture is a jury issue.

CARLTON FIELDS, P.A.
100 Southeast Second Street – Suite No. 4200 - Miami - Florida  33131-9101 - 305.530.0050

Dated:  September 2, 2016.

Respectfully submitted,

s/ Michael Pasano
Michael Pasano
Florida Bar No. 0475947
Email: mpasano@carltonfields.com
Marissel Descalzo
Florida Bar No. 0669318
E-mail:  mdescalzo@carltonfields.com
Attorney for Philip Esformes
CARLTON FIELDS
100 S.E. 2nd Street
4200 Miami Tower
Miami, Florida 33131-2114
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

CARLTON FIELDS, P.A.
100 Southeast Second Street – Suite No. 4200 - Miami - Florida  33131-9101 - 305.530.0050

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following on this 2nd day of September, 2016.

Elizabeth Young
U.S. Department of Justice
Civil Division
601 D Street NW Room 9237
Washington, DC 20530
202-532-4311
Email: elizabeth.young@usdoj.gov

Alison Whitney Lehr
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9176
Fax: 536-7599
Email: Alison.Lehr@usdoj.gov

Allan J. Medina
U.S. Department of Justice
Criminal Division
Fraud Section
1400 New York Avenue NW
Washington, DC 20530
202-257-6537
Fax: 305-536-5321
Email: Allan.Medina@usdoj.gov

Daren Grove
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9294
Email: daren.grove@usdoj.gov

Samuel Joseph Rabin , Jr.
Samuel J. Rabin
*Attorney for Defendant Barcha*
800 Brickell Avenue
Suite 1400
Miami, FL 33131
305-358-1064
Fax: 372-1644
Email: sjr@miamilawyer.com

Orlando do Campo
do Campo & Thornton, P.A.
*Attorney for Defendant Carmouze*
Chase Bank Building
150 S.E. 2nd Avenue
Suite 602
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: od@dandtlaw.com

s/ Michael Pasano

CARLTON FIELDS, P.A.
100 Southeast Second Street – Suite No. 4200 - Miami - Florida  33131-9101 - 305.530.0050