UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                CASE NO.: 16-20549-CR-LENARD

    Plaintiff,

v.

PHILIP ESFORMES,
ODETTE BARCHA, and
ARNALDO CARMOUZE

    Defendants.
_____/

**DEFENDANT PHILIP ESFORMES' MOTION TO DISMISS COUNT 1 OF THE INDICTMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Philip Esformes, pursuant to Rule 12(b), Federal Rules of Criminal Procedure, moves to dismiss Count 1 of the Indictment on two grounds. First, because Count 1 as drafted impermissibly charges several conspiracies and not one unitary conspiracy, it is duplicitous. Second, it is impermissibly vague. In support, Mr. Esformes states as follows.

**I.     Legal Standard - Duplicity**

The charging of more than one offense in one count of an indictment is contrary to Rule 8(a) of the Federal Rules of Criminal Procedure, which provides that an indictment contain "a separate count for each offense." Duplicity is the "joining in a single count of two or more separate offenses." *United States v. Chrane*, 529 F.2d 1236, 1237 n.3 (5th Cir. 1976); *United States v. Starks*, 515 F.2d

112, 116 (3d Cir. 1975). In *United States v. UCO Oil Co.*, 546 F.2d 833 (9th Cir. 1976), cert. denied, 430 U.S. 966 (1977), the court addressed why duplicity in an indictment is disfavored:

> [O]ne vice of duplicity is that a jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense. This may conflict with a defendant's Sixth Amendment rights and may also prejudice a subsequent double jeopardy defense. Duplicity may also give rise to problems regarding the admissibility of evidence including its admissibility against one or more co-defendants.

*Id*. at 835. In reviewing an indictment for duplicity, the indictment must be carefully read to determine whether it charges more than one crime in each count. *See United States v. Morse*, 785 F.2d 771, 774 (9th Cir.), cert. denied, 476 U.S. 1186 (1986); *United States v. Mastelotto*, 717 F.2d 1238, 1244 (9th Cir. 1983). In *United States v. Shorter*, 608 F. Supp. 871 (D.D.C. 1985), aff'd, 809 F.2d 54 (D.C. Cir.), cert. denied, 108 S. Ct. 71 (1987), the court emphasized the importance of fairness to a particular defendant in determining whether an indictment should be dismissed as impermissibly duplicitous:

> An indictment should be dismissed as impermissibly duplicitous ... if trial on a single count would be unfair to the defendant . . . In order to determine whether fairness requires dismissal of an indictment which includes in one count what could be several independent charges, the Court must measure that indictment against the purposes of the prohibition against duplicity. These purposes are generally held to be: (1) the prevention of double jeopardy, (2) an assurance of adequate notice to the

>    defendant, (3) the provision of a basis for appropriate sentencing, (4) the danger that a conviction was produced by a verdict that may not have been unanimous as to anyone of the crimes charged. (citations omitted).

*Id*. at 879. *See also United States v. Whitesel*, 543 F.2d 1176, 1180 (6th Cir. 1976); *United States v. Starks*, 515 F.2d at 116.

An indictment may not combine multiple conspiracies into a single conspiracy charge. *Kotteakos v. United States*, 328 U.S. 750, 773 (1946) (reversing conspiracy convictions where evidence demonstrated eight separate conspiracies with a single common actor). To determine whether an indictment impermissibly charges multiple conspiracies in a single count, the court must examine "the nature, design, implementation, and the logistics of the illegal activity; the participants' modus operandi; the relevant geography; and the scope of coconspirator involvement." *United States v. Boylan*, 898 F.2d 230, 241 (1st Cir. 1990).

## II.   Argument - Duplicity

In determining whether a scheme is a single or multiple conspiracy, there are three major factors to consider: the existence of a common goal; the nature of the agreement; and the overlap of participants. *United States v. Kemp*, 500 F.3d 257, 287 (3d Cir. 2007); *United States v. Guerra-Marey*, 928 F.2d 665 (5th Cir. 1991); *United States v. Jones*, 913 F.2d 1552 (11th Cir. 1990).

In this case, Count One purports to charge one unitary conspiracy that operated from around January 2002 through June 2016, and inter alia involved a conspiracy to commit health care fraud and violations of the anti- kickback statute. The alleged conspiracy names two defendants and a variety of identified and unindicted co-conspirators. Count 1 alleges numerous separate and different schemes, including but not limited to, a scheme to submit false and fraudulent claims to Medicare, a scheme to bill Medicare for medically unnecessary services, a scheme to bill Medicare for services that were not provided, a scheme to offer and pay kickbacks and bribes for referral of Medicare beneficiaries, a scheme to conceal the submission of false and fraudulent claims to Medicare, a scheme to divert the proceeds of fraud for personal use, and a scheme to create false and fraudulent invoices.

The Defendants named in Count 1 of the Indictment were all differently situated.  Specifically, Philip Esformes owns and operates nursing homes.  Arnaldo Carmouze is a physician's assistant working in connection with various doctors and healthcare facilities.  He is not Mr. Esformes' employee.  Other people identified in the Indictment, like Guillermo and Gabriel Delgado and Nelson Salazar owned their own businesses.  A large number of unrelated healthcare companies are also listed.  Given their different positions, roles, and alleged involvement with Esformes' entities, it is impossible that these people and

4

companies shared a common criminal objective in relation to all the schemes alleged in Count 1. More importantly, the Indictment fails to make the connection or even allege how each benefited.

To sustain a conspiracy, the government must allege that all members of the conspiracy shared a common criminal objective. *United States v. Drougas*, 748 F.2d 8, 17 (1st Cir. 1984); *see United States v. Chandler*, 388 F.3d 796 (11 Cir. 2004) (fatal variance existed between the charged single, unified conspiracy and the multiple conspiracies that government sought to prove at trial); *see also United States v. Dennis*, 917 F.2d 1031, 1032 (7th Cir. 1990) (reversing conviction where participants did not "knowingly embrace a shared, single criminal objective"); *Jackson*, 696 F.2d at 583. The identified behavior of the two defendants is too attenuated to support an allegation of a common goal.

Moreover, the plethora of schemes involved in Count 1 could not have been as the result of a one single agreement. The nature and scope of the agreement is the determinative factor in distinguishing between single and multiple conspiracies. *United States v. Varelli*, 407 F.2d 735, 741 (7th Cir. 1969) ("the agreement is the primary element of a conspiracy."). Multiple conspiracies exist where the allegations show separate networks operating independently of one another. *United States v. Barlin*, 686 F.2d 81, 89 (2d Cir. 1982). In the instant case, the Indictment alleges several different networks. For instance, one network

involved those people allegedly involved with the payment of bribes and kickbacks. Another network allegedly involved those people supposedly receiving bribes and kickbacks. Another network involved those people allegedly involved in billing for unnecessary medical services. Another network involved those people allegedly involved in obstruction of justice and so on. These individual networks did not depend on each other and did not operate as one. The schemes are so different and separate that they could not have been the result of one agreement. Moreover, the nature and scope of the agreement as alleged in the Indictment is just too expansive to operate cohesively as one unit.

Finally, the Indictment fails to allege that Mr. Esformes had knowledge of the overall purpose and scope of conspiracy as required to establish the existence of a unitary conspiracy. *See United States v. Shorter*, 54 F.3d at 1254. *See also United States v. Rosnow*, 977 F.2d 399 (8th Cir. 1992); *United States v. Castro*, 829 F.2d 1038 (11th Cir. 1988). Not much can be discerned about Mr. Esformes except his position as owner/operator of nursing homes. The Indictment simply fails to allege that the defendants' and alleged co-conspirators' conduct and interests overlapped with each other. More importantly, the Indictment fails to allege that the schemes depended on each other.

Where one broad conspiracy exists, charging multiple purposes is not improper. *See United States v. Lyons*, 703 F.2d 815 (5th Cir. 1983). Where

separate conspiracies are apparent, however, charging same in one global count is improper.  *See Chandler,* 388 F.3d 796; *see United States v. Elan*, 678 F.2d 1234 (5th Cir. 1982). *See generally Kotteakos v. United States*, 328 U.S. 750 (1946). *See also United States v. Castro*, 829 F.2d 1038 (11th Cir. 1987); *United States v. Ramos*, 666 F.2d 469 (11th Cir. 1982); *United States v. UCO Oil Co.*, 546 F.2d 833 (9th Cir. 1976); United States v. Chrane, 529 F.2d 1236 (5th Cir. 1976); *United States v. Croucher*, 532 F.2d 1042 (5th Cir. 1976); *United States v. Hardy*, 762 F. Supp. 1403 (D. Hawaii 1991); *United States v. Serafini*, 7 F. Supp. 2d 529 (M.D. Pa. 1998); *United States v. Correa-Ventura*, 6 F.3d 1070, 1081 (5th Cir. 1993). *See also United States v. Gordon*, 844 F.2d 1397 (9th Cir. 1988) (two separate conspiracies charged in one count raised "substantial danger" of non-unanimous verdict).

### III.   Count One Should be Dismissed for Vagueness

When the legality of a person's conduct is challenged under the dictates of a criminal statute, the Supreme Court has declared that "[n]o one may be required at peril of life, liberty or property to speculate as to [the statute's] meaning…All are entitled to be informed as to what the State commands or forbids."  *Lanzetta v. New Jersey*, 306 U.S. 415, 453 (1939).  Because of the serious consequences of vagueness in criminal cases, courts must examine the charging language and underlying statutes "rigorously in order to protect unsuspecting citizens from being

7

ensnared by ambiguous statutory language." *United States v. Insco*, 496 F.2d 204, 206 (5th Cir. 1974). *See also Kropp Forge Co. v. Secretary of Labor*, 657 F.2d 199, 122 (7th Cir. 1981)(approving the "traditional rule that the applicability of penal sanctions in regulations is to be narrowly construed by the judiciary").

Due process requires that statutes and criminal charging instruments give fair warning to persons of ordinary intelligence of the proscribed conduct and the person covered. *See Owens v. Wainwright*, 698 F.2d 1111, 1115 (11th Cir. 1983). Fed.R.Crim.P. 7(c) requires that an Indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." This rule is grounded in the Fifth Amendment guarantee of indictment by grand jury and the Sixth Amendment right to be informed of the nature of the charges. *See United States v. Dorfman*, 532 F. Supp. 1118, 1124 (N.D. Ill 1981). The Indictment must adequately inform the Defendant of the charge against him so that he can prepare his defense; and it must establish a record for the purpose of ruling on a defense of double jeopardy should defendant be prosecuted again. *See Russell v. United States*, 369 U.S. 749 (1962).

Count One of the instant Indictment is impermissibly vague and fails to fully apprise Philip Esformes of the charges against him with sufficient particularity. Mr. Esformes cannot tell from the language in this Count what he did that allegedly resulted in his violation of the law, as opposed to what others may have

done. Did Mr. Esformes allegedly pay money, or someone else? The only acts specifically described here are that twice Mr. Esformes signed certifications that he would comply with Medicare rules and regulations, acts which are the opposite of any violation of law. In sum, Mr. Esformes is left uncertain as to the nature of his involvement in the wrongs alleged and Count One is accordingly defective and should be dismissed.

## Conclusion

For the foregoing reasons, Philip Esformes requests the Court enter an order dismissing Count One of the Indictment.

## Rule 88.9 Certificate

Undersigned counsel has contacted Government counsel, regarding the Government's position on this motion and understands that the Government opposes the relief requested.

Dated: September 2, 2016.

>Respectfully submitted,
>
>s/ Michael Pasano
>Michael Pasano
>Florida Bar No. 0475947
>Email: mpasano@carltonfields.com
>Marissel Descalzo
>Florida Bar No. 0669318
>E-mail: mdescalzo@carltonfields.com
>Attorney for Philip Esformes
>CARLTON FIELDS
>100 S.E. 2nd Street

9

4200 Miami Tower
Miami, Florida 33131-2114
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following on this 2nd day of September, 2016.

Elizabeth Young
U.S. Department of Justice
Civil Division
601 D Street NW Room 9237
Washington, DC 20530
202-532-4311
Email: elizabeth.young@usdoj.gov

Alison Whitney Lehr
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9176
Fax: 536-7599
Email: Alison.Lehr@usdoj.gov

Allan J. Medina
U.S. Department of Justice
Criminal Division
Fraud Section
1400 New York Avenue NW
Washington, DC 20530
202-257-6537
Fax: 305-536-5321
Email: Allan.Medina@usdoj.gov

Daren Grove
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9294
Email: daren.grove@usdoj.gov

Samuel Joseph Rabin , Jr.
Samuel J. Rabin
*Attorney for Defendant Barcha*
800 Brickell Avenue
Suite 1400
Miami, FL 33131
305-358-1064
Fax: 372-1644
Email: sjr@miamilawyer.com

Orlando do Campo
do Campo & Thornton, P.A.
*Attorney for Defendant Carmouze*
Chase Bank Building
150 S.E. 2nd Avenue
Suite 602
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: od@dandtlaw.com

s/ Michael Pasano