UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,　　　　CASE NO.: 16-20549-CR-LENARD

　　　　Plaintiff,

v.

PHILIP ESFORMES,
ODETTE BARCHA, and
ARNALDO CARMOUZE

　　　　Defendants.
_____/

**DEFENDANT PHILIP ESFORMES' MOTION TO DISMISS
COUNT 6 OF THE INDICTMENT AND INCORPORATED
MEMORANDUM OF LAW**

Defendant Philip Esformes, pursuant to the Federal Rule of Criminal Procedure 12(b), moves this Court to dismiss Count 6 of the Indictment for multiplicity and in support states as follow:

**I.　　Introduction**

On or about July 21, 2016, a twenty-eight count Indictment was filed against Philip Esformes and others charging, *inter alia* healthcare fraud and kickback violations. The Counts at issue for this motion are Counts 1 and 6, which essentially charge the same acts. Specifically, Count 1 charges a conspiracy to commit health care fraud and wire fraud and alleges a scheme to defraud involving submitting false claims to Medicare through the payment of bribes and kickbacks,

submitting false and fraudulent claims to Medicare for medically unnecessary services, and offering to pay kickbacks and bribes to people who allegedly referred Medicare beneficiaries to Esformes' facilities. Similarly, Count 6 charges a conspiracy to defraud the United States and to pay and receive kickbacks in connection with a Federal Health Care Benefit Program.

## II.    The Law

An indictment is multiplicitous if it charges the same offense in more than one count. *United States v. De La Mata*, 266 F.3d 1275, 1288 (11th Cir.2001); *United States v. Anderson*, 872 F.2d 1508, 1520 (11th Cir.1989). There are two primary risks of a multiplicitous indictment: "First, the defendant may receive multiple sentences for the same offense. Second, a multiplicitous indictment may improperly prejudice a jury by suggesting that a defendant has committed several crimes-not one." *United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991) (citations omitted).

The test for determining whether an indictment is multiplicitous is set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932): "Whether each provision requires proof of an additional fact which the other did not."

## III.    Count 6 Charges the Exact Same Conduct Charged in Count 1

C A R L T O N   F I E L D S, P. A .
100 Southeast Second Street – Suite No. 4200 - Miami - Florida  33131-9101 - 305.530.0050

On the face of the Indictment, it is clear that the allegations in Count 6 are contained within Count 1. Both counts charge a conspiracy involving defrauding Medicare by the payment of kickbacks and bribes among other things. The manner and means of both the conspiracy alleged in Counts 1 and 6 are almost identical when describing the alleged kickbacks and bribes. The only minor difference on the face of the Indictment between Count 1 and Count 6 is that Count 6 alleges specific overt acts, which are not referred to in Count 1. However, this is an insignificant difference. The fact remains that Count 6 and the allegations therein are contained in Count 1. The bad conduct is the same. There is simply no difference.

In seeking to twice punish the same incident of alleged wrongdoing, Counts 1 and 6 are multiplicitous, and one of the counts must be dismissed.

Moreover, Count 6 does not require any additional proofs, which are not required in Count 1. In essence, if the Government is able to prove Count 1, it can also prove Count 6. It is clear on face of the Indictment that the conduct charged in Counts 1 and 6 regarding the payment of bribes and kickbacks is the same. Accordingly, Count 6 should be dismissed.

C A R L T O N  F I E L D S, P. A .
100 Southeast Second Street – Suite No. 4200 - Miami - Florida  33131-9101 - 305.530.0050

## Conclusion

For the foregoing reasons, Philip Esformes respectfully requests that the Court dismiss Count 6 for multiplicity.

## Rule 88.9 Certificate

Undersigned counsel has understands that the Government opposes this motion.

Dated:  September 2, 2016.

Respectfully submitted,

s/ Michael Pasano
Michael Pasano
Florida Bar No. 0475947
Email: mpasano@carltonfields.com
Marissel Descalzo
Florida Bar No. 0669318
E-mail:  mdescalzo@carltonfields.com
Attorney for Philip Esformes
CARLTON FIELDS
100 S.E. 2nd Street
4200 Miami Tower
Miami, Florida 33131-2114
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

CARLTON FIELDS, P.A.
100 Southeast Second Street – Suite No. 4200 - Miami - Florida  33131-9101 - 305.530.0050

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following on this 2nd day of September, 2016.

Elizabeth Young
U.S. Department of Justice
Civil Division
601 D Street NW Room 9237
Washington, DC 20530
202-532-4311
Email: elizabeth.young@usdoj.gov

Alison Whitney Lehr
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9176
Fax: 536-7599
Email: Alison.Lehr@usdoj.gov

Allan J. Medina
U.S. Department of Justice
Criminal Division
Fraud Section
1400 New York Avenue NW
Washington, DC 20530
202-257-6537
Fax: 305-536-5321
Email: Allan.Medina@usdoj.gov

Daren Grove
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9294
Email: daren.grove@usdoj.gov

Samuel Joseph Rabin , Jr.
Samuel J. Rabin
*Attorney for Defendant Barcha*
800 Brickell Avenue
Suite 1400
Miami, FL 33131
305-358-1064
Fax: 372-1644
Email: sjr@miamilawyer.com

Orlando do Campo
do Campo & Thornton, P.A.
*Attorney for Defendant Carmouze*
Chase Bank Building
150 S.E. 2nd Avenue
Suite 602
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: od@dandtlaw.com

s/ Michael Pasano

C A R L T O N   F I E L D S, P . A .
100 Southeast Second Street – Suite No. 4200 - Miami - Florida  33131-9101 - 305.530.0050