UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,         CASE NO.: 16-20549-CR-LENARD

    Plaintiff,

v.

PHILIP ESFORMES,
ODETTE BARCHA, and
ARNALDO CARMOUZE

    Defendants.
_____/

**DEFENDANT PHILIP ESFORMES' MOTION TO DISMISS
COUNTS 10 – 15 OF THE INDICTMENT AND INCORPORATED
<u>MEMORANDUM OF LAW</u>**

Defendant Philip Esformes, pursuant to the Federal Rule of Criminal Procedure 12(b), moves this Court to dismiss Counts 10 - 15 of the Indictment for failure to state an offense. In support, Mr. Esformes states as follows:

**I.    Introduction**

Count 10 – 15 of the Indictment purport to charge payment of kickbacks contrary to 42 U.S.C. Section 1320a – 7b(2)(A). The Counts allege that Mr. Esformes paid remuneration "to a person to induce such person to refer an individual" for whom Medicare could be billed. The Counts proceed in table format. Counts 10 – 13 identify Mr. Esformes and describe checks from Esformes' facilities paid to Diversified Medical Group "to be paid to physicians". Counts 14

– 15 identify Mr. Esformes and a co-defendant and describe checks sent by a third party into a bank account which the Government associates with the co-defendant.

## II.    Argument

Counts 10 – 15 of the Indictment fail to state an offense because the Indictment insufficiently describes the relationship between the checks identified and payments to a person to induce referrals.  It is well settled for example that in a wire fraud prosecution, a close nexus must exist between the wire transmission and the scheme to defraud.  The wire transfer must be in furtherance of the scheme to defraud.  "[A] wire transfer may be considered to be for the purpose of furthering a scheme to defraud so long as the transmission is incident to the accomplishment of an essential part of the scheme."  *Unites States v. Mann*, 884 F.2d 532, 536 (10th Cir. 1989).

In *Mann*, there was insufficient evidence to sustain the wire fraud conviction of a 'tax protestor' who advertised and sold what were essentially tax protestor 'kits' that laid out the arguments.  Though the defendant advocated tax protestor arguments in radio spot, the Court that "on the face of the radio spot" there was no evidence of a connection to a scheme to defraud and insufficient "connection" between the radio spot and the scheme.  *Id* at 536.

Numerous other cases have emphasized the need for a close nexus in the wire fraud context.  For instance, the Seventh Circuit recently stated:

> Cases in this circuit and others confirm the requirement that the defendant's actions and the communication at issue must be causally connected. In each of these cases, the mailing or wire transmission on which the conviction was based either would not have occurred, or would have occurred in a substantially different form, in the absence of a defendant's fraudulent conduct.

*United States v. Dooley*, 578 F.3d 582, 588-89 (7th Cir. 2009). (reversing conviction on wire fraud count). It is not enough, for these purposes, that a wire transmission <u>follow</u> a defendant's act. *Id*. at 588. Rather, it must come about <u>as a result of a defendant's act</u>. *Id*.

The face of the Indictment in this case does not disclose the requisite nexus between the checks and the alleged kickback. The Government has simply identified checks to third parties or by third parties. We submit that like a mail or wire fraud charge, a violation of the anti-kickback statutes requires a nexus between the payment and the defendant's act. Moreover, the Indictment fails to explain Mr. Esformes' alleged role with respect to the checks identified in these Counts. In the absence of further allegations about how a kickback occurred, Counts 10 – 15 of the Indictment fail to state an offense.

## Conclusion

Philip Esformes respectfully requests that the Court dismiss Counts 10 through 15 for failure to state an offense.

## **Rule 88.9 Certificate**

Undersigned counsel has contacted Government counsel regarding the Government's position on this motion and understands that the Government opposes the relief requested.

Dated: September 2, 2016.

                                              Respectfully submitted,

                                              s/ Michael Pasano
                                              Michael Pasano
Florida Bar No. 0475947
Email: mpasano@carltonfields.com
Marissel Descalzo
Florida Bar No. 0669318
E-mail: mdescalzo@carltonfields.com
Attorney for Philip Esformes
    CARLTON FIELDS
100 S.E. 2nd Street
4200 Miami Tower
Miami, Florida 33131-2114
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following on this 2nd day of September, 2016.

Elizabeth Young
U.S. Department of Justice
Civil Division
601 D Street NW Room 9237
Washington, DC 20530
202-532-4311
Email: elizabeth.young@usdoj.gov

Alison Whitney Lehr
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9176
Fax: 536-7599
Email: Alison.Lehr@usdoj.gov

Allan J. Medina
U.S. Department of Justice
Criminal Division
Fraud Section
1400 New York Avenue NW
Washington, DC 20530
202-257-6537
Fax: 305-536-5321
Email: Allan.Medina@usdoj.gov

Daren Grove
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9294
Email: daren.grove@usdoj.gov

Samuel Joseph Rabin , Jr.
Samuel J. Rabin
*Attorney for Defendant Barcha*
800 Brickell Avenue
Suite 1400
Miami, FL 33131
305-358-1064
Fax: 372-1644
Email: sjr@miamilawyer.com

Orlando do Campo
do Campo & Thornton, P.A.
*Attorney for Defendant Carmouze*
Chase Bank Building
150 S.E. 2nd Avenue
Suite 602
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: od@dandtlaw.com

s/ Michael Pasano