UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,	CASE NO.: 16-20549-CR-LENARD

    Plaintiff,

v.

PHILIP ESFORMES,
ODETTE BARCHA, and
ARNALDO CARMOUZE

    Defendants.
_____/

**DEFENDANT PHILIP ESFORMES' MOTION TO DISMISS
COUNTS 16 – 25 OF THE INDICTMENT AND INCORPORATED
<u>MEMORANDUM OF LAW</u>**

Defendant Philip Esformes, pursuant to the Federal Rule of Criminal Procedure 12(b), moves this Court to dismiss Counts 16 - 25 of the Indictment. As grounds Mr. Esformes states as follows:

**I.  Introduction**

Count 16 of the Indictment charges Mr. Esformes and others with conspiracy to commit money-laundering contrary to 18 U.S.C. Section 1956(h). Counts 17 -25 of the Indictment allege substantive money-laundering violations under 18 U.S.C. Section 1956(a)(1)(B)(i). These Counts allege that Mr. Esformes and others were involved in financial transactions concerning the proceeds of "specified unlawful activity". The alleged activity in issue is  "the receipt of

kickbacks" and conspiracy to commit healthcare fraud. These alleged activities are the subject of Counts One, Six and Seven through Fifteen of the Indictment.

**II.  Argument**

We submit that the money-laundering charges depend on the validity of the charges in Counts One, Six and Seven through Fifteen of the Indictment. In separate motions, we have moved to dismiss those Counts. If those Counts are dismissed, these money-laundering charges cannot stand. *United States v. Medina*, 485 F.3d 1291 (11th Cir. 2007) is instructive. In that case the Government charged the defendant *inter alia* with healthcare fraud conspiracy and violations of the anti-kickback statutes, along with conspiracy to commit money laundering. The *Medina* indictment parallels the instant Indictment. The defendants were convicted but on appeal most of the convictions were reversed. As to the money laundering charges, the Court noted

> For these counts to succeed, the Government must prove that the proceeds were derived from a specified unlawful activity, and that the defendant had knowledge…(citation omitted).

*Id*. at 1300.

The Court concluded in *Medina* that there was insufficient evidence to show certain defendants participated in or were aware of healthcare fraud. In its discussion, the Court observed

> The Government conceded that cashing checks through their informant…and using the cash to pay patients

> illegal kickbacks was not money-laundering in and of itself, since the illegal acts occurred subsequent to the money exchange.

*Id*. at 1300-1301. Accordingly, the Court vacated various money laundering conspiracy and substantive money laundering charges.

Based on the *Medina* case, we urge this Court to dismiss Counts 16-25 of the Indictment now. There are two reasons. First, the underlying charges on which these Counts depend are defective. Second, the description of the alleged illegal activities charged in Counts 17 – 25 indicate these allegations run afoul of the *Medina* court's admonition that illegal acts occurring <u>after</u> the monetary exchange are insufficient to support money laundering charges. Count 17 – 25 relate to monies paid to a third party and actions subsequent to those payments. This is not enough to properly state the offense of money laundering as charged in the Indictment.

## Conclusion

For all the above-reasons, Philip Esformes respectfully moves this Court to dismiss Counts 16 through 25 of the Indictment.

## Rule 88.9 Certificate

Undersigned counsel understands that the Government opposes the instant motion.

Dated: September 2, 2016.

    Respectfully submitted,

    s/ Michael Pasano
    Michael Pasano
    Florida Bar No. 0475947
    Email: mpasano@carltonfields.com
    Marissel Descalzo
    Florida Bar No. 0669318
    E-mail: mdescalzo@carltonfields.com
    Attorney for Philip Esformes
    CARLTON FIELDS
    100 S.E. 2nd Street
    4200 Miami Tower
    Miami, Florida 33131-2114
    Telephone: (305) 530-0050
    Facsimile: (305) 530-0055

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following on this 2nd day of September, 2016.

Elizabeth Young
U.S. Department of Justice
Civil Division
601 D Street NW Room 9237
Washington, DC 20530
202-532-4311
Email: elizabeth.young@usdoj.gov

Alison Whitney Lehr
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9176
Fax: 536-7599
Email: Alison.Lehr@usdoj.gov

Allan J. Medina
U.S. Department of Justice
Criminal Division
Fraud Section
1400 New York Avenue NW
Washington, DC 20530
202-257-6537
Fax: 305-536-5321
Email: Allan.Medina@usdoj.gov

Daren Grove
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9294
Email: daren.grove@usdoj.gov

Samuel Joseph Rabin , Jr.
Samuel J. Rabin
*Attorney for Defendant Barcha*
800 Brickell Avenue
Suite 1400
Miami, FL 33131
305-358-1064
Fax: 372-1644
Email: sjr@miamilawyer.com

Orlando do Campo
do Campo & Thornton, P.A.
*Attorney for Defendant Carmouze*
Chase Bank Building
150 S.E. 2nd Avenue
Suite 602
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: od@dandtlaw.com

s/ Michael Pasano