UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,        CASE NO.: 16-20549-CR-LENARD

      Plaintiff,

v.

PHILIP ESFORMES,
ODETTE BARCHA, and
ARNALDO CARMOUZE

      Defendants.
_____/

**DEFENDANT PHILIP ESFORMES' MOTION TO DISMISS
COUNTS 2-3 OF THE INDICTMENT AND INCORPORATED
<u>MEMORANDUM OF LAW</u>**

Defendant Philip Esformes, pursuant to Rule 12(b), Federal Rules of Criminal Procedure, moves to dismiss Counts Two and Three of the Indictment on grounds of duplicity because Counts Two and Three as drafted impermissibly charge several schemes and not one unitary scheme. In addition, Counts Two and Three are impermissibly vague. In support, Mr. Esformes states as follows.

**I.    Introduction**

Counts Two and Three of the Indictment, which allege substantive health care fraud offenses suffer the same defects as Count One. In fact, these counts incorporate by reference the manner and means of the conspiracy allegations in Count One. As a result, Counts Two and Three must be dismissed because they

charge the defendant with multiple crimes in a single count, rendering the counts duplicitous. These counts also fail to properly apprise Mr. Esformes of the charges against him.

## II.   Argument

Philip Esformes is charged in Count One of the Indictment, along with one other defendant, with conspiracy to commit health care fraud and wire fraud in violation of Title 18, United States Code, Section 1349. Mr. Esformes is charged in Counts Two and Three of the Indictment with substantive health care fraud offenses. In Paragraph 4 of the health care fraud counts in the Indictment, the government incorporates by reference "the allegations set forth in paragraphs 4 through 16 of the Manner and Means section of Count 1." In so doing, the Indictment impermissibly incorporates by reference the conspiracy allegations contained in Count One of the Indictment into the substantive counts. By incorporating the Conspiracy allegations of Count One into the substantive counts, each of substantive counts charge a conspiracy and a substantive offense at the same time, rendering these counts duplicitous.

Duplicity occurs when two or more separate offenses are joined in the same count. *United States v. Schlei*, 122 F.3d 944 (11th Cir. 1997), *cert. denied* 523 U.S 1077 (1998). In considering a duplicity challenge, an indictment must be measured in terms of whether it exposes the defendant to any of the inherent dangers present

in a duplicitous indictment. *United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir. 1980). These dangers are: 1) a jury may convict a defendant without unanimously agreeing on the same offense; 2) a defendant may be prejudiced in a subsequent double jeopardy defense; and 3) the court may have difficulty determining the admissibility of evidence. *Schlei*, 122 F.3d at 976. Here, all three of the enumerated dangers of a duplicitous indictment are present. The concern regarding admissibility of evidence is present in a particularly aggravated form when a conspiracy and a substantive offense are charged in the same count, as is the case in this Indictment. *United States v. Starks*, 515 F.2d 112 (3rd Cir. 1975).

Because the substantive health care fraud counts charge Mr. Esformes with two or more different crimes in Counts Two and Three, the charges are duplicitous. The duplicity in these charges violate Mr. Esformes' constitutional rights to due process and a unanimous verdict.

In addition, the allegations in Counts Two and Three of the Indictment are impermissibly vague. When the legality of a person's conduct is challenged under the dictates of a criminal statute, the Supreme Court has declared that "[n]o one may be required at peril of life, liberty or property to speculate as to [the statute's] meaning…All are entitled to be informed as to what the State commands or forbids." *Lanzetta v. New Jersey*, 306 U.S. 451, 453 (1939). Because of the serious consequences of vagueness in criminal cases, courts must examine the

3

charging language and underlying statutes "rigorously in order to protect unsuspecting citizens from being ensnared by ambiguous statutory language." *United States v. Insco*, 496 F.2d 204, 206 (5th Cir. 1974). *See also Kropp Forge Co. v. Secretary of Labor*, 657 F.2d 199, 122 (7th Cir. 1981) (approving the "traditional rule that the applicability of penal sanctions in regulations is to be narrowly construed by the judiciary").

Due process requires that statutes and criminal charging instruments give fair warning to persons of ordinary intelligence of the proscribed conduct and the persons covered. *See Owens v. Wainwright*, 698 F.2d 1111, 1115 (11th Cir. 1983). Fed.R.Crim.P. 7(c) requires that an Indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." This rule is grounded in the Fifth Amendment guarantee of indictment by grand jury and the Sixth Amendment right to be informed of the nature of the charges. *See United States v. Dorfman*, 532 F. Supp. 1118, 1124 (N.D. Ill 1981). The Indictment must adequately inform the Defendant of the charge against him so that he can prepare his defense; and it must establish a record for the purpose of ruling on a defense of double jeopardy should defendant be prosecuted again. *See Russell v. United States*, 369 U.S. 749 (1962).

Here, Counts Two and Three generally describe a scheme to defraud with three different purposes. Mr. Esformes is not specifically mentioned. Then the

actual charges are set out in columns.  Count Two relates to an office visit at an ALF.  Count Three describes a drug prescription.  Mr. Esformes is not identified to have done anything in connection with either of the two charged events, which seem to relate to a physician's service.  How these charges relate to Mr. Esformes or even what nexus these events have to the alleged scheme is left unanswered.

Accordingly, Counts Two and Three should be dismissed for vagueness.

## Conclusion

For the foregoing reasons, Philip Esformes requests the Court enter an order dismissing Counts Two and Three of the Indictment.

## Rule 88.9 Certificate

Undersigned counsel has contacted Government counsel, regarding the Government's position on this motion and understands that the Government opposes the relief requested.

Dated:  September 2, 2016.

                                          Respectfully submitted,

                                          s/ Michael Pasano
                                          Michael Pasano
                                          Florida Bar No. 0475947
                                          Email: mpasano@carltonfields.com
                                          Marissel Descalzo
                                          Florida Bar No. 0669318
                                          E-mail:  mdescalzo@carltonfields.com
                                          Attorney for Philip Esformes
                                              CARLTON FIELDS
                                          100 S.E. 2nd Street

4200 Miami Tower
Miami, Florida 33131-2114
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following on this 2nd day of September, 2016.

Elizabeth Young
U.S. Department of Justice
Civil Division
601 D Street NW Room 9237
Washington, DC 20530
202-532-4311
Email: elizabeth.young@usdoj.gov

Alison Whitney Lehr
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9176
Fax: 536-7599
Email: Alison.Lehr@usdoj.gov

Allan J. Medina
U.S. Department of Justice
Criminal Division
Fraud Section
1400 New York Avenue NW
Washington, DC 20530
202-257-6537
Fax: 305-536-5321
Email: Allan.Medina@usdoj.gov

Daren Grove
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9294
Email: daren.grove@usdoj.gov

Samuel Joseph Rabin , Jr.
Samuel J. Rabin
*Attorney for Defendant Barcha*
800 Brickell Avenue
Suite 1400
Miami, FL 33131
305-358-1064
Fax: 372-1644
Email: sjr@miamilawyer.com

Orlando do Campo
do Campo & Thornton, P.A.
*Attorney for Defendant Carmouze*
Chase Bank Building
150 S.E. 2nd Avenue
Suite 602
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: od@dandtlaw.com

s/ Michael Pasano