UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA, CASE NO.: 16-20549-CR-LENARD

Plaintiff,

v.

PHILIP ESFORMES,
ODETTE BARCHA, and
ARNALDO CARMOUZE

Defendants.
_______________________________________/

**DEFENDANT PHILIP ESFORMES' MOTION TO DISMISS VARIOUS COUNTS OF THE INDICTMENT AND INCORPORATED MEMORANDUM OF LAW**

Defendant Philip Esformes, pursuant to Rule 12(b), Federal Rules of Criminal Procedure, moves to dismiss various counts of the Indictment as set forth herein.

## I. COUNT ONE

We move to dismiss Count 1 of the Indictment on two grounds. First, because Count 1 as drafted impermissibly charges several conspiracies and not one unitary conspiracy, it is duplicitous. Second, it is impermissibly vague.

### A. Legal Standard - Duplicity

The charging of more than one offense in one count of an indictment is contrary to Rule 8(a) of the Federal Rules of Criminal Procedure, which provides

that an indictment contain "a separate count for each offense." Duplicity is the "joining in a single count of two or more separate offenses." *United States v. Chrane*, 529 F.2d 1236, 1237 n.3 (5th Cir. 1976); *United States v. Starks*, 515 F.2d 112, 116 (3d Cir. 1975). In *United States v. UCO Oil Co.*, 546 F.2d 833 (9th Cir. 1976), cert. denied, 430 U.S. 966 (1977), the court addressed why duplicity in an indictment is disfavored:

> [O]ne vice of duplicity is that a jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense. This may conflict with a defendant's Sixth Amendment rights and may also prejudice a subsequent double jeopardy defense. Duplicity may also give rise to problems regarding the admissibility of evidence including its admissibility against one or more co-defendants.

*Id*. at 835. In reviewing an indictment for duplicity, the indictment must be carefully read to determine whether it charges more than one crime in each count. *See United States v. Morse*, 785 F.2d 771, 774 (9th Cir.), cert. denied, 476 U.S. 1186 (1986); *United States v. Mastelotto*, 717 F.2d 1238, 1244 (9th Cir. 1983). In *United States v. Shorter*, 608 F. Supp. 871 (D.D.C. 1985), aff'd, 809 F.2d 54 (D.C. Cir.), cert. denied, 108 S. Ct. 71 (1987), the court emphasized the importance of fairness to a particular defendant in determining whether an indictment should be dismissed as impermissibly duplicitous:

> An indictment should be dismissed as impermissibly duplicitous ... if trial on a single count would be unfair to the defendant . . . In order to determine whether fairness

> requires dismissal of an indictment which includes in one count what could be several independent charges, the Court must measure that indictment against the purposes of the prohibition against duplicity. These purposes are generally held to be: (1) the prevention of double jeopardy, (2) an assurance of adequate notice to the defendant, (3) the provision of a basis for appropriate sentencing, (4) the danger that a conviction was produced by a verdict that may not have been unanimous as to anyone of the crimes charged. (citations omitted).

*Id*. at 879. *See also United States v. Whitesel*, 543 F.2d 1176, 1180 (6th Cir. 1976); *United States v. Starks*, 515 F.2d at 116.

An indictment may not combine multiple conspiracies into a single conspiracy charge. *Kotteakos v. United States*, 328 U.S. 750, 773 (1946) (reversing conspiracy convictions where evidence demonstrated eight separate conspiracies with a single common actor). To determine whether an indictment impermissibly charges multiple conspiracies in a single count, the court must examine "the nature, design, implementation, and the logistics of the illegal activity; the participants' modus operandi; the relevant geography; and the scope of coconspirator involvement." *United States v. Boylan*, 898 F.2d 230, 241 (1st Cir. 1990).

**B. Argument - Duplicity**

In determining whether a scheme is a single or multiple conspiracy, there are three major factors to consider: the existence of a common goal; the nature of the agreement; and the overlap of participants. *United States v. Kemp*, 500 F.3d 257,

287 (3d Cir. 2007); *United States v. Guerra-Marey*, 928 F.2d 665 (5th Cir. 1991); *United States v. Jones*, 913 F.2d 1552 (11th Cir. 1990).

In this case, Count One purports to charge one unitary conspiracy that operated from around January 2002 through June 2016, and inter alia involved a conspiracy to commit health care fraud and violations of the anti- kickback statute. The alleged conspiracy names two defendants and a variety of identified and unindicted co-conspirators. Count 1 alleges numerous separate and different schemes, including but not limited to, a scheme to submit false and fraudulent claims to Medicare, a scheme to bill Medicare for medically unnecessary services, a scheme to bill Medicare for services that were not provided, a scheme to offer and pay kickbacks and bribes for referral of Medicare beneficiaries, a scheme to conceal the submission of false and fraudulent claims to Medicare, a scheme to divert the proceeds of fraud for personal use, and a scheme to create false and fraudulent invoices.

The Defendants named in Count 1 of the Indictment were all differently situated. Specifically, Philip Esformes owns and operates nursing homes. Arnaldo Carmouze is a physician's assistant working in connection with various doctors and healthcare facilities. He is not Mr. Esformes' employee. Other people identified in the Indictment, like Guillermo and Gabriel Delgado and Nelson Salazar owned their own businesses. A large number of unrelated healthcare

companies are also listed. Given their different positions, roles, and alleged involvement with Esformes' entities, it is impossible that these people and companies shared a common criminal objective in relation to all the schemes alleged in Count 1. More importantly, the Indictment fails to make the connection or even allege how each benefited.

To sustain a conspiracy, the government must allege that all members of the conspiracy shared a common criminal objective. *United States v. Drougas*, 748 F.2d 8, 17 (1st Cir. 1984); *see United States v. Chandler*, 388 F.3d 796 (11 Cir. 2004) (fatal variance existed between the charged single, unified conspiracy and the multiple conspiracies that government sought to prove at trial); *see also United States v. Dennis*, 917 F.2d 1031, 1032 (7th Cir. 1990) (reversing conviction where participants did not "knowingly embrace a shared, single criminal objective"); *Jackson*, 696 F.2d at 583. The identified behavior of the two defendants is too attenuated to support an allegation of a common goal.

Moreover, the plethora of schemes involved in Count 1 could not have been as the result of a one single agreement. The nature and scope of the agreement is the determinative factor in distinguishing between single and multiple conspiracies. *United States v. Varelli*, 407 F.2d 735, 741 (7th Cir. 1969) ("the agreement is the primary element of a conspiracy."). Multiple conspiracies exist where the allegations show separate networks operating independently of one

another. *United States v. Barlin*, 686 F.2d 81, 89 (2d Cir. 1982). In the instant case, the Indictment alleges several different networks. For instance, one network involved those people allegedly involved with the payment of bribes and kickbacks. Another network allegedly involved those people supposedly receiving bribes and kickbacks. Another network involved those people allegedly involved in billing for unnecessary medical services. Another network involved those people allegedly involved in obstruction of justice and so on. These individual networks did not depend on each other and did not operate as one. The schemes are so different and separate that they could not have been the result of one agreement. Moreover, the nature and scope of the agreement as alleged in the Indictment is just too expansive to operate cohesively as one unit.

Finally, the Indictment fails to allege that Mr. Esformes had knowledge of the overall purpose and scope of conspiracy as required to establish the existence of a unitary conspiracy. *See United States v. Shorter*, 54 F.3d at 1254. *See also United States v. Rosnow*, 977 F.2d 399 (8th Cir. 1992); *United States v. Castro*, 829 F.2d 1038 (11th Cir. 1988). Not much can be discerned about Mr. Esformes except his position as owner/operator of nursing homes. The Indictment simply fails to allege that the defendants' and alleged co-conspirators' conduct and interests overlapped with each other. More importantly, the Indictment fails to allege that the schemes depended on each other.

Where one broad conspiracy exists, charging multiple purposes is not improper. *See United States v. Lyons*, 703 F.2d 815 (5th Cir. 1983). Where separate conspiracies are apparent, however, charging same in one global count is improper. *See Chandler*, 388 F.3d 796; *see United States v. Elan*, 678 F.2d 1234 (5th Cir. 1982). *See generally Kotteakos v. United States*, 328 U.S. 750 (1946). *See also United States v. Castro*, 829 F.2d 1038 (11th Cir. 1987); *United States v. Ramos*, 666 F.2d 469 (11th Cir. 1982); *United States v. UCO Oil Co.*, 546 F.2d 833 (9th Cir. 1976); United States v. Chrane, 529 F.2d 1236 (5th Cir. 1976); *United States v. Croucher*, 532 F.2d 1042 (5th Cir. 1976); *United States v. Hardy*, 762 F. Supp. 1403 (D. Hawaii 1991); *United States v. Serafini*, 7 F. Supp. 2d 529 (M.D. Pa. 1998); *United States v. Correa-Ventura*, 6 F.3d 1070, 1081 (5th Cir. 1993). *See also United States v. Gordon*, 844 F.2d 1397 (9th Cir. 1988) (two separate conspiracies charged in one count raised "substantial danger" of non-unanimous verdict).

**C. Count One Should be Dismissed for Vagueness**

When the legality of a person's conduct is challenged under the dictates of a criminal statute, the Supreme Court has declared that "[n]o one may be required at peril of life, liberty or property to speculate as to [the statute's] meaning…All are entitled to be informed as to what the State commands or forbids." *Lanzetta v. New Jersey*, 306 U.S. 415, 453 (1939). Because of the serious consequences of

vagueness in criminal cases, courts must examine the charging language and underlying statutes "rigorously in order to protect unsuspecting citizens from being ensnared by ambiguous statutory language." *United States v. Insco*, 496 F.2d 204, 206 (5th Cir. 1974). *See also Kropp Forge Co. v. Secretary of Labor*, 657 F.2d 199, 122 (7th Cir. 1981)(approving the "traditional rule that the applicability of penal sanctions in regulations is to be narrowly construed by the judiciary").

Due process requires that statutes and criminal charging instruments give fair warning to persons of ordinary intelligence of the proscribed conduct and the person covered. *See Owens v. Wainwright*, 698 F.2d 1111, 1115 (11th Cir. 1983). Fed.R.Crim.P. 7(c) requires that an Indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." This rule is grounded in the Fifth Amendment guarantee of indictment by grand jury and the Sixth Amendment right to be informed of the nature of the charges. *See United States v. Dorfman*, 532 F. Supp. 1118, 1124 (N.D. Ill 1981). The Indictment must adequately inform the Defendant of the charge against him so that he can prepare his defense; and it must establish a record for the purpose of ruling on a defense of double jeopardy should defendant be prosecuted again. *See Russell v. United States*, 369 U.S. 749 (1962).

Count One of the instant Indictment is impermissibly vague and fails to fully apprise Philip Esformes of the charges against him with sufficient particularity.

Mr. Esformes cannot tell from the language in this Count what he did that allegedly resulted in his violation of the law, as opposed to what others may have done. Did Mr. Esformes allegedly pay money, or someone else? The only acts specifically described here are that twice Mr. Esformes signed certifications that he would comply with Medicare rules and regulations, acts which are the opposite of any violation of law. In sum, Mr. Esformes is left uncertain as to the nature of his involvement in the wrongs alleged and Count One is accordingly defective and should be dismissed.

## II. COUNTS TWO AND THREE

Defendant moves to dismiss Counts Two and Three of the Indictment on grounds of duplicity because Counts Two and Three as drafted impermissibly charge several schemes and not one unitary scheme. In addition, Counts Two and Three are impermissibly vague.

### A. Introduction

Counts Two and Three of the Indictment, which allege substantive health care fraud offenses suffer the same defects as Count One. In fact, these counts incorporate by reference the manner and means of the conspiracy allegations in Count One. As a result, Counts Two and Three must be dismissed because they charge the defendant with multiple crimes in a single count, rendering the counts

duplicitous. These counts also fail to properly apprise Mr. Esformes of the charges against him.

**B. Argument**

Philip Esformes is charged in Count One of the Indictment, along with one other defendant, with conspiracy to commit health care fraud and wire fraud in violation of Title 18, United States Code, Section 1349. Mr. Esformes is charged in Counts Two and Three of the Indictment with substantive health care fraud offenses. In Paragraph 4 of the health care fraud counts in the Indictment, the government incorporates by reference "the allegations set forth in paragraphs 4 through 16 of the Manner and Means section of Count 1." In so doing, the Indictment impermissibly incorporates by reference the conspiracy allegations contained in Count One of the Indictment into the substantive counts. By incorporating the Conspiracy allegations of Count One into the substantive counts, each of substantive counts charge a conspiracy and a substantive offense at the same time, rendering these counts duplicitous.

Duplicity occurs when two or more separate offenses are joined in the same count. *United States v. Schlei*, 122 F.3d 944 (11th Cir. 1997), *cert. denied* 523 U.S 1077 (1998). In considering a duplicity challenge, an indictment must be measured in terms of whether it exposes the defendant to any of the inherent dangers present in a duplicitous indictment. *United States v. Alsobrook*, 620 F.2d 139, 142 (6th Cir.

1980). These dangers are: 1) a jury may convict a defendant without unanimously agreeing on the same offense; 2) a defendant may be prejudiced in a subsequent double jeopardy defense; and 3) the court may have difficulty determining the admissibility of evidence. *Schlei*, 122 F.3d at 976. Here, all three of the enumerated dangers of a duplicitous indictment are present. The concern regarding admissibility of evidence is present in a particularly aggravated form when a conspiracy and a substantive offense are charged in the same count, as is the case in this Indictment. *United States v. Starks*, 515 F.2d 112 (3rd Cir. 1975).

Because the substantive health care fraud counts charge Mr. Esformes with two or more different crimes in Counts Two and Three, the charges are duplicitous. The duplicity in these charges violate Mr. Esformes' constitutional rights to due process and a unanimous verdict.

In addition, the allegations in Counts Two and Three of the Indictment are impermissibly vague. Here, Counts Two and Three generally describe a scheme to defraud with three different purposes. Mr. Esformes is not specifically mentioned. Then the actual charges are set out in columns. Count Two relates to an office visit at an ALF. Count Three describes a drug prescription. Mr. Esformes is not identified to have done anything in connection with either of the two charged events, which seem to relate to a physician's service. How these charges relate to

Mr. Esformes or even what nexus these events have to the alleged scheme is left unanswered.

## III. COUNT SIX

Defendant moves to dismiss Count 6 of the Indictment for multiplicity.

### A. Introduction

The Counts at issue for this motion are Counts 1 and 6, which essentially charge the same acts. Specifically, Count 1 charges a conspiracy to commit health care fraud and wire fraud and alleges a scheme to defraud involving submitting false claims to Medicare through the payment of bribes and kickbacks, submitting false and fraudulent claims to Medicare for medically unnecessary services, and offering to pay kickbacks and bribes to people who allegedly referred Medicare beneficiaries to Esformes' facilities. Similarly, Count 6 charges a conspiracy to defraud the United States and to pay and receive kickbacks in connection with a Federal Health Care Benefit Program.

### B. The Law

An indictment is multiplicitous if it charges the same offense in more than one count. *United States v. De La Mata*, 266 F.3d 1275, 1288 (11th Cir.2001); *United States v. Anderson*, 872 F.2d 1508, 1520 (11th Cir.1989). There are two primary risks of a multiplicitous indictment: "First, the defendant may receive multiple sentences for the same offense. Second, a multiplicitous indictment may

improperly prejudice a jury by suggesting that a defendant has committed several crimes-not one." *United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991) (citations omitted).

The test for determining whether an indictment is multiplicitous is set forth in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932): "Whether each provision requires proof of an additional fact which the other did not."

**C. Count 6 Charges the Exact Same Conduct Charged in Count 1**

On the face of the Indictment, it is clear that the allegations in Count 6 are contained within Count 1. Both counts charge a conspiracy involving defrauding Medicare by the payment of kickbacks and bribes among other things. The manner and means of both the conspiracy alleged in Counts 1 and 6 are almost identical when describing the alleged kickbacks and bribes. The only minor difference on the face of the Indictment between Count 1 and Count 6 is that Count 6 alleges specific overt acts, which are not referred to in Count 1. However, this is an insignificant difference. The fact remains that Count 6 and the allegations therein are contained in Count 1. The bad conduct is the same. There is simply no difference.

In seeking to twice punish the same incident of alleged wrongdoing, Counts 1 and 6 are multiplicitous, and one of the counts must be dismissed.

Moreover, Count 6 does not require any additional proofs, which are not required in Count 1. In essence, if the Government is able to prove Count 1, it can also prove Count 6. It is clear on face of the Indictment that the conduct charged in Counts 1 and 6 regarding the payment of bribes and kickbacks is the same. Accordingly, Count 6 should be dismissed.

## IV. COUNTS TEN THROUGH FIFTEEN

Defendant moves to dismiss Counts 10 - 15 of the Indictment for failure to state an offense.

### A. Introduction

Counts 10 – 15 of the Indictment purport to charge payment of kickbacks contrary to 42 U.S.C. Section 1320a – 7b(2)(A). The Counts allege that Mr. Esformes paid remuneration "to a person to induce such person to refer an individual" for whom Medicare could be billed. The Counts proceed in table format. Counts 10 – 13 identify Mr. Esformes and describe checks from Esformes' facilities paid to Diversified Medical Group "to be paid to physicians". Counts 14 and 15 identify Mr. Esformes and a co-defendant and describe checks sent by a third party into a bank account which the Government associates with the co-defendant.

### B. Argument

Counts 10 – 15 of the Indictment fail to state an offense because the Indictment insufficiently describes the relationship between the checks identified and payments to a person to induce referrals. It is well settled for example that in a wire fraud prosecution, a close nexus must exist between the wire transmission and the scheme to defraud. The wire transfer must be in furtherance of the scheme to defraud. "[A] wire transfer may be considered to be for the purpose of furthering a scheme to defraud so long as the transmission is incident to the accomplishment of an essential part of the scheme." *Unites States v. Mann*, 884 F.2d 532, 536 (10th Cir. 1989).

In *Mann*, there was insufficient evidence to sustain the wire fraud conviction of a 'tax protestor' who advertised and sold what were essentially tax protestor 'kits' that laid out the arguments. Though the defendant advocated tax protestor arguments in radio spot, the Court that "on the face of the radio spot" there was no evidence of a connection to a scheme to defraud and insufficient "connection" between the radio spot and the scheme. *Id* at 536.

Numerous other cases have emphasized the need for a close nexus in the wire fraud context. For instance, the Seventh Circuit recently stated:

> Cases in this circuit and others confirm the requirement that the defendant's actions and the communication at issue must be causally connected. In each of these cases, the mailing or wire transmission on which the conviction was based either would not have occurred, or would have

> occurred in a substantially different form, in the absence of a defendant's fraudulent conduct.

*United States v. Dooley*, 578 F.3d 582, 588-89 (7th Cir. 2009). (reversing conviction on wire fraud count). It is not enough, for these purposes, that a wire transmission follow a defendant's act. *Id*. at 588. Rather, it must come about as a result of a defendant's act. *Id*.

The face of the Indictment in this case does not disclose the requisite nexus between the checks and the alleged kickback. The Government has simply identified checks to third parties or by third parties. We submit that like a mail or wire fraud charge, a violation of the anti-kickback statutes requires a nexus between the payment and the defendant's act. Moreover, the Indictment fails to explain Mr. Esformes' alleged role with respect to the checks identified in these Counts. In the absence of further allegations about how a kickback occurred, Counts 10 – 15 of the Indictment fail to state an offense.

## V. COUNTS SIXTEEN THROUGH TWENTY-FIVE

Defendant moves this Court to dismiss Counts 16 - 25 of the Indictment, based on insufficiency of the underlying specified unlawful activity.

### A. Introduction

Count 16 of the Indictment charges Mr. Esformes and others with conspiracy to commit money-laundering contrary to 18 U.S.C. Section 1956(h). Counts 17 -25 of the Indictment allege substantive money-laundering violations

under 18 U.S.C. Section 1956(a)(1)(B)(i). These Counts allege that Mr. Esformes and others were involved in financial transactions concerning the proceeds of "specified unlawful activity". The alleged activity in issue is "the receipt of kickbacks" and conspiracy to commit healthcare fraud. These alleged activities are the subject of Counts One, Six and Seven through Fifteen of the Indictment.

**B. Argument**

We submit that the money-laundering charges depend on the validity of the charges in Counts One, Six and Seven through Fifteen of the Indictment. We have moved to dismiss those Counts. If those Counts are dismissed, these money-laundering charges cannot stand. *United States v. Medina*, 485 F.3d 1291 (11th Cir. 2007) is instructive. In that case the Government charged the defendant *inter alia* with healthcare fraud conspiracy and violations of the anti-kickback statutes, along with conspiracy to commit money laundering. The *Medina* indictment parallels the instant Indictment. The defendants were convicted but on appeal most of the convictions were reversed. As to the money laundering charges, the Court noted

> For these counts to succeed, the Government must prove that the proceeds were derived from a specified unlawful activity, and that the defendant had knowledge…(citation omitted).

*Id*. at 1300.

The Court concluded in *Medina* that there was insufficient evidence to show certain defendants participated in or were aware of healthcare fraud. In its discussion, the Court observed

> The Government conceded that cashing checks through their informant…and using the cash to pay patients illegal kickbacks was not money-laundering in and of itself, since the illegal acts occurred subsequent to the money exchange.

*Id*. at 1300-1301. Accordingly, the Court vacated various money laundering conspiracy and substantive money laundering charges.

Based on the *Medina* case, we urge this Court to dismiss Counts 16-25 of the Indictment now. There are two reasons. First, the underlying charges on which these Counts depend are defective. Second, the description of the alleged illegal activities charged in Counts 17 – 25 indicate these allegations run afoul of the *Medina* court's admonition that illegal acts occurring <u>after</u> the monetary exchange are insufficient to support money laundering charges. Count 17 – 25 relate to monies paid to a third party and actions subsequent to those payments. This is not enough to properly state the offense of money laundering as charged in the Indictment.

## Conclusion

For all the above-reasons, Philip Esformes respectfully moves this Court to dismiss Count 1, Counts 2-3, Count 6, Counts 10-15 and Counts 16-25 of the Indictment.

## Rule 88.9 Certificate

Undersigned counsel understands that the Government opposes the instant motion.

Dated: September 6, 2016.

Respectfully submitted,

s/ Michael Pasano

Michael Pasano
Florida Bar No. 0475947
Email: mpasano@carltonfields.com
Marissel Descalzo
Florida Bar No. 0669318
E-mail: mdescalzo@carltonfields.com
Attorney for Philip Esformes
CARLTON FIELDS
100 S.E. 2nd Street
4200 Miami Tower
Miami, Florida 33131-2114
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following on this 6th day of September, 2016.

Elizabeth Young
U.S. Department of Justice
Civil Division
601 D Street NW Room 9237
Washington, DC 20530
202-532-4311
Email: elizabeth.young@usdoj.gov

Alison Whitney Lehr
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9176
Fax: 536-7599
Email: Alison.Lehr@usdoj.gov

Allan J. Medina
U.S. Department of Justice
Criminal Division
Fraud Section
1400 New York Avenue NW
Washington, DC 20530
202-257-6537
Fax: 305-536-5321
Email: Allan.Medina@usdoj.gov

Daren Grove
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9294
Email: daren.grove@usdoj.gov

Samuel Joseph Rabin , Jr.
Samuel J. Rabin
*Attorney for Defendant Barcha*
800 Brickell Avenue
Suite 1400
Miami, FL 33131
305-358-1064
Fax: 372-1644
Email: sjr@miamilawyer.com

Orlando do Campo
do Campo & Thornton, P.A.
*Attorney for Defendant Carmouze*
Chase Bank Building
150 S.E. 2nd Avenue
Suite 602
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: od@dandtlaw.com

s/Michael Pasano