UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,          CASE NO.: 16-20549-CR-LENARD

    Plaintiff,

v.

PHILIP ESFORMES,
ODETTE BARCHA, and
ARNALDO CARMOUZE

    Defendants.
_____/

## DEFENDANT PHILIP ESFORMES' REPLY IN OPPOSITION TO GOVERNMENT MOTION REGARDING POTENTIAL CONFLICT

Defendant Philip Esformes, through undersigned counsel, responds as follows to the Government Motion regarding a potential conflict of interest (DE # 85).

## BACKGROUND

Undersigned counsel have been working with Philip Esformes and representing him for more than ten (10) years. The experience which undersigned have with Mr. Esformes and his facilities is critical to Mr. Esformes' defense against the serious charges brought against him.

## LEGAL PRINCIPLES

The Sixth Amendment's guarantee of assistance of counsel in criminal prosecutions embraces the right to be represented by counsel of one's choice. See, e.g., *Glasser v United States* 315 US 60, 72 (1942); *United States v Padilla -*

*Martinez* 762 F 2d 942, 946 (11th Cir. 1985). It also includes a right to effective representation free from conflicts of interest. *See, e.g., Cuyler v Sullivan* 446 US 335 (1980). *See generally In Re Paradyne Corporation* 803 F 2d 604 (11th Cir. 1986). In *United States v Garcia* 517 F 2d 272 (5th Cir. 1975) the Court established the procedure used in this District by which courts are to resolve any tension between these two Sixth Amendment rights:

> "The District Court should address each defendant personally and forthrightly advise him of the potential dangers of representation by counsel with a conflict of interest...the court should seek to elicit a narrative response...that he voluntarily waives his Sixth Amendment protections". Id.at 278.

## ARGUMENT

No actual conflict of interests is identified or alleged here.  Undersigned is not accused of any misconduct.  The cases cited by the Government in their motion do not command that counsel withdraw on these facts.  In *United States v. Hosford*, 782 F.2d 936 (11th Cir. 1988), the issue arose in the context of a prosecutor who prosecuted appellant being the same person who helped in the creation and execution of an immunity agreement which was important to the appellant's defense.  The Eleventh Circuit determined that despite the prosecutor being mentioned in passing by the various witnesses at trial, his involvement with the immunity agreement did not require disqualification, noting that "mere first-hand

knowledge of facts that will be proved at trial is not a per se bar representation." *Id* at 938. The same is the true here.

In *United States v. Crockett*, 506 F.2d 759 (5th Cir. 1975), the problem was that a defense lawyer who had helped form the fraternal organization where illegal gambling allegedly occurred was called as a Government witness and invoked his Fifth Amendment privilege in front of the jury. The Court affirmed the convictions, observing that as a general rule a party's attorney should not be called as a witness unless his testimony is both necessary and unobtainable from other sources, citing *inter alia*, *United States v. Fiorillo*, 376 F.2d 180, 185 (2d Cir. 1967). *Id* at 760. The Court, however, did criticize the lawyer's failure to withdraw when it was obvious he would be called to testify. Here it is not at all obvious whether or not undersigned will be called to testify, especially given that other sources exist for any relevant information undersigned may know.

In *Grady v. United States*, 715 F.2d 402 (8th Cir.. 1983), the Court faced a situation where trial counsel withdrew after getting a Government subpoena. In denying Grady's motion to vacate his counterfeiting conviction, the Court found that the Government correctly sought the lawyer's testimony because it was important in establishing Grady's intent to defraud. *Id* at 404. The *Grady* case is inapposite to the facts at hand.

Lastly, in *United States v. Urbana*, 770 F.Supp 1552 (S.D. Fla. 1991), the Hon. Edward Davis reluctantly disqualified a lawyer in a RICO prosecution who allegedly helped transfer stolen jewelry. Judge Davis initially declined to strike the lawyer from the case given the importance of the Sixth Amendment right to counsel of choice, and reconsidered only in light of additional evidence that the lawyer participated in other criminal acts. The *Urbana* case is likewise inapposite to this case.

The Government's concerns are overstated and can be addressed at an appropriate time before trial and after discovery is completed and more is known about the Government's case against Mr. Esformes. The Government's focus appears to be whether or not undersigned could become witnesses at trial. That focus is at best premature.[1] Undersigned is well aware of their ethical obligations to Mr. Esformes and under the Florida Bar rules, and will act here consistent with those obligations, all the while protecting Mr. Esformes' Sixth Amendment rights. Accordingly, undersigned asks that this Court schedule this matter for a status hearing in thirty (30) days and for a hearing at a later time practicable to the Court and counsel.

---

[1] It is not at all obvious undersigned would be witnesses at trial or that their involvement with drafting the affidavits in issue prevents them acting as advocates. Names could be redacted. Use of "lawyers" or something similar could be substituted. It is also possible that the obstruction counts could be severed from the main charges in the Indictment. Various remedies may exist short of withdrawal. In addition, there is ample time to sort all this out. Trial here has been rescheduled to February 6, 2017.

Dated:  September 6, 2016.

                                              Respectfully submitted,

                                              s/ Michael Pasano
                                              Michael Pasano
                                              Florida Bar No. 0475947
                                              Email: mpasano@carltonfields.com
                                              Marissel Descalzo
                                              Florida Bar No. 0669318
                                              E-mail:  mdescalzo@carltonfields.com
                                              Attorney for Philip Esformes
                                                      CARLTON FIELDS
                                              100 S.E. 2nd Street
                                              4200 Miami Tower
                                              Miami, Florida 33131-2114
                                              Telephone: (305) 530-0050
                                              Facsimile: (305) 530-0055

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing document has been filed via electronic mail with the Clerk of the Court by using CM/ECF System which will send a notice of electronic filing to the following on this 6th day of September, 2016.

Elizabeth Young
U.S. Department of Justice
Civil Division
601 D Street NW Room 9237
Washington, DC 20530
202-532-4311
Email: elizabeth.young@usdoj.gov

Alison Whitney Lehr
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9176
Fax: 536-7599
Email: Alison.Lehr@usdoj.gov

Allan J. Medina
U.S. Department of Justice
Criminal Division
Fraud Section
1400 New York Avenue NW
Washington, DC 20530
202-257-6537
Fax: 305-536-5321
Email: Allan.Medina@usdoj.gov

Daren Grove
United States Attorney's Office
99 NE 4 Street
Miami, FL 33132
305-961-9294
Email: daren.grove@usdoj.gov

Samuel Joseph Rabin , Jr.
Samuel J. Rabin
*Attorney for Defendant Barcha*
800 Brickell Avenue
Suite 1400
Miami, FL 33131
305-358-1064
Fax: 372-1644
Email: sjr@miamilawyer.com

Orlando do Campo
do Campo & Thornton, P.A.
*Attorney for Defendant Carmouze*
Chase Bank Building
150 S.E. 2nd Avenue
Suite 602
Miami, FL 33131
305-358-6600
Fax: 305-358-6601
Email: od@dandtlaw.com

                s/ Michael Pasano