UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20549-CR-LENARD/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

PHILIP ESFORMES,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon the Government's Motion for Hearing Regarding Potential Conflict of Interest (hereafter, "Conflict Motion") [D.E. 85]. This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 86, 151, 152]. Having held a hearing on this matter on November 16, 2016, the undersigned is satisfied that Defendant Philip Esformes ("Defendant" or "Esformes") has knowingly, voluntarily, and with the advice of separate counsel waived any potential conflict of interest that may exist **on the present state of the record** with regard to his current representation by trial counsel. This finding is made without prejudice to any future decision that Defendant may make with regard to his continued representation by said trial counsel.

## BACKGROUND

Esformes has been charged by way of indictment with various conspiracy and substantive counts relating to health care fraud, as well as three counts of obstruction of justice. See Indictment [D.E. 3]. In one of the conspiracy counts, the government names Guillermo and Gabriel Delgado as co-conspirators. Id. ¶ 10. In Count 27, the government charges Esformes

with obstruction of justice based on Esformes' alleged creation of false affidavits for Guillermo and Gabriel Delgado stating the Esformes was not involved in the commission of health care fraud. Id. at 26. The government has submitted emails from Esformes' trial counsel, Michael Pasano and Marissel Descalzo ("Mr. Pasano and Ms. Descalzo") to counsel for Guillermo and Gabriel Delgado transmitting drafts of the affidavits at issue. See Exhibit A to Conflict Motion [D.E. 85-1]; Hearing Composite Exhibit 1.

## DISCUSSION

At the hearing, the government argued that Mr. Pasano and Ms. Descalzo's involvement in preparing the affidavits and transmitting them to counsel for Guillermo and Gabriel Delgado presents a conflict of interest because: Mr. Pasano and Ms. Descalzo have actual knowledge of the facts underlying the charge in Count 27; they could be called as witnesses for the defense at trial; if Esformes relies on the advice of counsel defense, they could be called in the government's rebuttal case; and the government intends to put on evidence at trial regarding their role in preparing the affidavits, which could have an effect on the jury.

At this stage in the proceedings, it is not certain that Mr. Pasano and Ms. Descalzo will be called as witnesses at trial by either the defense or the government. Thus, consideration of whether Mr. Pasano and Ms. Descalzo may continue to represent Esformes under the applicable rules of professional responsibility and the Sixth Amendment's right to counsel of choice would be premature at this juncture. Nevertheless, in order to protect the record, the undersigned conducted an abbreviated *Garcia* hearing with Esformes, who was represented in a limited capacity by separate counsel retained to advise him as to the issues relating to the government Conflict Motion. Initially, the undersigned ascertained that Esformes is aware of the government's filing of the Conflict Motion and understands the government's conflict concerns

as reiterated at the hearing. The undersigned further ascertained that Esformes is fully satisfied with separate counsel retained to assist him with the Conflict Motion and that said counsel have communicated fully with him and answered all of his questions. The undersigned then inquired of Esformes whether, on the present state of the record, he wishes for Mr. Pasano and Ms. Descalzo to continue to represent him, to which he responded in the affirmative. Based on the colloquy conducted with Esformes, the undersigned is satisfied that Esformes has knowingly, voluntarily, and with the advice of separate counsel waived any potential conflict of interest that may exist **on the present state of the record** with regard to his representation by Mr. Pasano and Ms. Descalzo. This finding does not encompass any future developments regarding the potential of Mr. Pasano and Ms. Descalzo becoming trial witnesses and is made without prejudice to any future decision that Esformes may make with regard to his representation by said counsel.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that the Court accept Defendant's waiver of any potential conflict of interest that my exist **on the present state of the record** with regard to his representation by Mr. Pasano and Ms. Descalzo; and that such waiver be accepted without prejudice to any future decision that Esformes may make with regard to his representation by said counsel. Having conducted the hearing requested by the government, the undersigned further RECOMMENDS that the Conflict Motion be DENIED without prejudice as moot.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have <u>fourteen</u> days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge. See Local Magistrate Rule 4(b). Failure to timely

file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 18th day of November, 2016.

*[signature]*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Joan A. Lenard
Counsel of Record