1          IN THE UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF FLORIDA
2
                    MIAMI DIVISION
3
               CASE NO.:  16-cr-20549-JAL
4

5

6

7  UNITED STATES OF AMERICA,     )
                                  )
8          Plaintiff,            )
   v.                            )
9                                )       November 16, 2016
   PHILIP ESFORMES,              )
10                               )
           Defendant.            )       Pages 1 - 17
11 _____/

12

13

14
                      GARCIA HEARING
15
        BEFORE THE HONORABLE ALICIA M. OTAZO-REYES
16              UNITED STATES MAGISTRATE JUDGE

17

18

19
   APPEARANCES:
20

21 On behalf of the Plaintiff:

22                      U.S. DEPARTMENT OF JUSTICE
                        Criminal Division
23                      1400 New York Avenue NW,
                        8th Floor,
24                      Washington, DC 20005
                        BY:  DREW BRADYLYONS, ESQ.
25                      BY:  ELIZABETH YOUNG, ESQ.

2

APPEARANCES CONTINUED:


On behalf of the Defendant:

                              BLACK SREBNICK KORNSPAN & STUMPF
                              201 S Biscayne Boulevard
                              Suite 1300,
                              Miami, FL 33131
                              BY:  HOWARD M. SREBNICK, ESQ.
                              BY:  ROY E. BLACK, ESQ.
                              BY:  JACKIE PERCZEK, ESQ.




                              TACHE, BRONIS, CHRISTIANSON and
                              DESCALZO, P.A.
                              150 S.E. Second Ave.
                              Suite 600,
                              Miami, FL 33131
                              BY:  MARISSEL DESCALZO, ESQ.




                              CARLTON FIELDS JORDEN BURT, P.A.
                              100 SE 2nd Street
                              Suite 4000, PO Box 019101
                              Miami, FL 33131
                              BY:  MICHAEL S. PASANO, ESQ.



Transcribed By:

                              BONNIE JOY LEWIS, R.P.R.
                              7001 SW 13 Street
                              Pembroke Pines, FL  33023
                              954-985-8875
                              caselawrptg@gmail.com

```
 1              (Thereupon, the following proceeding was held:)

 2              THE COURTROOM DEPUTY:  All rise.

 3              The United States District Court for the Southern

 4   District of Florida is now in session.

 5              The Honorable Alicia M. Otazo-Reyes now presiding.

 6              The United States of America versus Philip Esformes;

 7   Case Number 16-20549-criminal-Lenard.

 8              Counsel, please state your appearances for the record.

 9              MR. BRADYLYONS:  Good afternoon, Your Honor.

10              Drew Bradylyons and Elizabeth Young on behalf of the

11   United States.

12              MR. SREBNICK:  Good afternoon, Your Honor.

13              Howard Srebnick and Roy Black.  We have a limited

14   appearance on behalf of Mr. Philip Esformes.

15              Trial counsel Mike Pasano and Marissel Descalzo are

16   also present.

17              MR. PASANO:  Good afternoon, Your Honor.

18              THE COURT:  All right.  Thank you very much.

19              And Orlando do Campo and Jackie Perczek.

20              MR. SREBNICK:  Oh, Miss Perczek, she is right behind

21   me.  Forgive me.

22              THE COURT:  As part of the audience?

23              MR. SREBNICK:  It is a little crowded up here.

24              THE COURT:  All right.

25              UNIDENTIFIED SPEAKER:  Your Honor, I represent
```

1  (inaudible) and I am here as a spectator.

2          THE COURT:  All right.  Thank you very much.

3          Okay.  I have this matter that was referred to me by

4  Judge Lenard on the Government's motion for hearing regarding

5  potential conflict of interest.

6          I have reviewed the Government's motion.  The

7  Defendant's reply in opposition.  I have seen the e-mail that

8  apparently is the basis for the Government's concern.

9          I note that there was no attachment to the e-mail

10 itself.  I do not know if that was an oversight, or if you all

11 thought it did not matter what the proposed affidavit said.

12         MR. BRADYLYONS:  It was an oversight, Your Honor.  And

13 we can produce those to the Court today.

14         THE COURT:  All right.  Hand it up to my clerk,

15 please.

16         All right.  We will mark these two as composite

17 Exhibit 1 to this hearing and make it part of the record.

18         Okay.  So what I read of the Government's motion is

19 you have a concern about a potential conflict of interest.

20         The Government is not sure if Mr. Pasano and Miss

21 Descalzo may be called as witnesses.  And you are asking to

22 determine if there is a conflict of interest at this time.

23         And then, if there is, I believe that you would want

24 the Court to go forward with a Garcia hearing and determine if

25 it is sufficient.  The reply, basically, says that this is

1 premature and asks for this to be put off for 30 days.

2          I think that, at a minimum, at this time we need to

3 establish a record on what is known at this time.  And then,

4 possibly determine if the Defendant wants to waive any

5 potential conflict with what is known at this time.

6          Generally, my experience has been that unless and

7 until Defense counsel are called to testify, it is premature to

8 have them before (inaudible) withdrawal if at all.

9          But, given the representations that have been made

10 that there is a potential that counsel may be called to

11 testify, it seems to me that it would be a precautionary

12 measure to explore what is known, put that on the record, what

13 the Government intends to do.  Hear from Defense counsel --

14 actually hear from Mr. Black and Mr. Srebnick who are

15 representing, I believe, co-counsel of the Defendant.  And

16 then, determine whether a Garcia hearing is appropriate at this

17 time.

18          So let's proceed in that fashion.  I will let the

19 Government just briefly state for the record, without

20 re-reciting everything that is in the motion because I have

21 read it already.

22          What your grounds are, whether you seek

23 disqualification at this time, or whether you are just being

24 cautious to bring this matter to the Court's attention and how

25 you request that the Court proceed.

1          And then, I will allow Mr. Srebnick and Mr. Black to

2   respond.

3          MR. BRADYLYONS:  Very good, Your Honor.

4          At this time, we do believe there is a conflict.  We

5   take no position as to whether or not it is a waivable conflict

6   at this time.

7          The key charge we would like to speak about is Count

8   27, which is an obstruction of justice count in violation of

9   18 U.S.C. 1503.

10          Count 27 charges the Defendant with obstructing the

11   administration of justice for his involvement in obtaining

12   affidavits from two Government cooperators who are Gabriel and

13   Guillermo Delgado.

14          Your Honor, the Government, at this time, it does not

15   allege any misconduct on the part of Defense counsel, but their

16   actions or they were involved in the events that gave rise to

17   this obstruction count because they prepared the affidavit and

18   they sent it to Defense counsel.

19          To provide a little more background about this

20   obstruction count, Guillermo and Gabriel Delgado were

21   co-conspirators of Mr. Esformes for an extended period, but in

22   June of 2015, they entered into plea agreements with the

23   Government and began making recordings for the Government.

24          On these recordings there is a discussion about

25   affidavits that were prepared by Mr. Esformes' attorneys,

1 namely Michael Pasano and Marissel Descalzo.  Mr. Pasano's firm

2 prepared these affidavits and e-mailed these affidavits to

3 counsel for the Delgado brothers.

4           It is the Government's position that this action gives

5 rise to a number of potential conflicts.  First, because Miss

6 Descalzo and Mr. Esformes have actual knowledge of the facts

7 underlying their client's charges there is an actual conflict.

8           Second, Miss Descalzo and Mr. Pasano very well could

9 be witnesses for the Defendant.  They could, for example,

10 provide testimony in support of an advice of counsel defense,

11 or they could be -- if the Defendant were to testify, he could

12 rely on their advice in asserting his own good faith.  They

13 could very well be witnesses in this case.

14           They are going to put, third, I should say, the

15 Government is going to put on evidence regarding Mr. Pasano and

16 Miss Descalzo's role in preparing these affidavits.  Based on

17 that evidence, a jury could draw inappropriate inferences about

18 the two attorneys.

19           For example, if they came to the view, the jury, that

20 this was inappropriate in some way on the part of the counsel

21 they could give less credit to their arguments.  The Government

22 is still in the process of identifying witnesses and putting

23 together its case, but at this time we believe there is a

24 conflict.

25           THE COURT:  All right.

```
 1            MR. SREBNICK:  May it please the Court.

 2            Mr. Black and I represent Mr. Esformes in a limited

 3   capacity.  So we are his lawyers for purposes of advising him

 4   as to the issues that are the subject of this matter.  That is

 5   to say the motion regarding the potential disqualification of

 6   his counsel.

 7            The prosecutor has made a proffer to the Court

 8   regarding what might be the evidence at trial.  And I would

 9   note three observations at this time.  Trial is scheduled in

10   September of 2017.  So we are some ten months away and is one

11   of the reasons why it is premature to resolve this issue at

12   this time.

13            Number two, pretrial motions are going to be filed by

14   January 23rd, one of which will be a challenge to the viability

15   of the obstruction of justice count that is the springboard for

16   the Government's motion for this Garcia hearing.

17            There will be multiple grounds challenging the

18   obstruction count, one of which is the then existence of a

19   joint defense agreement and whether the Government violated and

20   intruded upon that joint defense agreement by recording Mr.

21   Esformes through its informants who are part of a joint defense

22   agreement.

23            To the extent that Count 27, the obstruction count, is

24   either dismissed, or evidence is suppressed, or the count

25   itself is severed that might resolve altogether the issue of
```

1  whether Mr. Pasano and Miss Descalzo would possibly serve as

2  Defense witnesses.

3       My third point is that the Government does not intend

4  to call Mr. Pasano or Miss Descalzo as Government witnesses, or

5  at least that's the representation that was made in their

6  pleading.

7       I believe the correct procedure for resolving the

8  issue that has been raised by the Government in its pleading

9  is, first, hold a hearing rather than proceed by way of

10 proffer, at which the Government would be required to present

11 that evidence, which the Government intends to introduce at

12 trial.  Who are the witnesses that will be testifying and what

13 they will say that might make Miss Descalzo or Mr. Pasano

14 Defense witnesses.

15      For until Mr. Esformes knows what the Government's

16 evidence will be at the trial, he is not in a position to make

17 a decision about whether Mr. Pasano or Miss Descalzo would be

18 necessary Defense witnesses.

19      Second, the matter should be addressed only after the

20 District Court has determined the scope of the testimony that

21 will be admissible at trial, the charges that will presented to

22 the jury, so that the Court can determine based on those two

23 events, the hearing that establishes what the Government's

24 evidence will be based on whatever ruling the Court may make

25 about the admissibility of evidence.

1          And I think the case that would help the Court analyze

2   the correct procedure is a case cited by both parties, *United*

3   *States v. Urbana*, a case decided in this Court in which a

4   defense lawyer was potentially going to be a defense witness.

5          And the District Court, Judge Davis, held an

6   evidentiary hearing, at which time, the Government was required

7   to present the testimony that the Government anticipated

8   presenting to the jury so that the Court could evaluate whether

9   the defense lawyer would be a necessary witness at the trial.

10          Only after that evidentiary hearing took place could

11   the Court evaluate whether the Defendant could knowingly and

12   intelligently waive his right to call the defense lawyer as a

13   defense witness at trial.

14          So for those reasons, Your Honor, I would propose that

15   this matter be postponed until after pretrial motions have been

16   determined.  And only after, if it becomes a subject of the

17   case, that is to say the obstruction count remain a viable

18   charge in this case, only then do we proceed to the next phase,

19   which would be an evidentiary hearing for the Government

20   consistent with the *Urbana* case to preview for the Court what

21   evidence it will rely upon at trial so that Mr. Esformes can

22   make an intelligent decision about whether to proceed with Mr.

23   Pasano and Miss Descalzo as lawyers, or instead as witnesses.

24          If I could just have a moment to consult with my

25   colleagues?

1          THE COURT:  All right.  And while you do that, let me

2   ask the Government to clarify when you say that Mr. Pasano and

3   Miss Descalzo could be witnesses, are you only contemplating

4   that they would be witnesses for the Defense, as Mr. Srebnick

5   indicated, or is there the potential on the view of the

6   Government that they might be called as Government witnesses?

7          MR. BRADYLYONS:  At this time, we do not intend to

8   call them as part of the Government's case-in-chief.

9           However, were the Defendant to raise an advice of

10  counsel defense, the Government may be required to call them to

11  rebut that defense.

12          THE COURT:  So there is as possibility that you would

13  call them in your rebuttal case?

14          MR. BRADYLYONS:  That is correct, Your Honor.

15          THE COURT:  All right.  Mr. Srebnick anything else?

16          MR. SREBNICK:  No, Your Honor.  Thank you.

17          THE COURT:  Well, as I stated before, generally when

18  these matters arise regarding counsel representation, there is

19  no consideration of having counsel be disqualified until there

20  is more certain indication of whether counsel will be a

21  witness.

22          That is one of the things that the Florida Rules of

23  Responsibility provide for that counsel cannot be both counsel

24  and witness in a case.

25          Apart from that there is, of course, the consideration

12

1  s of counsel conflict in relation to the Sixth Amendment of

2  representation of counsel of choice and so on, which kind of

3  militate in favor of not really jumping the gun in terms of

4  requiring disqualification before a determination is made as to

5  whether there will be testimony by counsel at trial or not.

6           I appreciate what Mr. Srebnick has indicated in terms

7  of how he proposes how things be done but, obviously, we have a

8  different situation here than in Judge Davis' case because I am

9  not the presiding Judge.  It is Judge Lenard who is the

10 presiding Judge.  And it would be up to her, unless she were to

11 refer it to me to determine what the evidentiary rulings would

12 be for the trial.

13          I do feel that it would be a smart thing to do and a

14 cautionary thing to do at this time, and particularly given

15 that Mr. Esformes has separate counsel for purposes of this

16 matter, to address maybe an abbreviated Garcia hearing.

17          And assuming Mr. Black and Mr. Srebnick have advised

18 Mr. Esformes of what is involved here to obtain, if he is so

19 inclined, his waiver up to this stage of the proceedings so

20 that the record is clear and there is protection for the case

21 that he is aware of what has happened so far.  Is aware of what

22 the Government's position is and still, nevertheless,

23 presumptively wishes to retain the services of Mr. Pasano and

24 Miss Descalzo.

25          Let me hear from Mr. Srebnick, if you are prepared to

1  proceed in that fashion, if you have any objections to it and,

2  then, I will hear from the Government.

3          MR. SREBNICK:  One moment, Your Honor.

4          If I may, Your Honor, I have explained to Mr. Esformes

5  as we understand it, the purpose of the colloquy you are

6  proceeding to simply ensure that Mr. Esformes, up to this

7  point, is not going to complain about any perceived conflict

8  that the Government suggests might exist.

9          And that by the Court delaying, for example, a final

10 resolution of the witness issue, that is to say whether Mr.

11 Pasano and Miss Descalzo would be witnesses, that delay will

12 not itself be a cause for complaint down the road.

13          In that he is accepting having Mr. Pasano and Miss

14 Descalzo remain as his counsel, notwithstanding the points that

15 have been made by the Government up to this point, but he is

16 not waiving his right to later decide once he hears what the

17 case is going to look like at trial he will retain his right to

18 then decide whether he would rather have them as lawyers or as

19 witnesses.

20          THE COURT:  Right.  Exactly.

21          The only purpose is, basically, on the present state

22 of the record, does he wish to continue their representation?

23          Let me hear from the Government.

24          MR. BRADYLYONS:  Your Honor, we have no objection to

25 proceeding that way.

1          THE COURT:  All right.  So let's go ahead and have Mr.

2    Esformes sworn and I will conduct a --

3          MR. SREBNICK:  Where would you like him?  Right here?

4          THE COURT:  He can sit here.  That is fine.  Just make

5    sure the microphone is close to him.

6          THE COURTROOM DEPUTY:  Please raise your right hand.

7    (Witness sworn.)

8          THE DEFENDANT:  Yes, ma'am.

9           THE COURTROOM DEPUTY:  Please state your full name for

10   the record.

11          THE DEFENDANT:  Philip Esformes.

12          THE COURT:  All right.  Thank you very much, sir.

13           Have you heard and understood everything that has been

14   discussed in the hearing so far?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  All right.  And I understand that you have

17   retained Mr. Black and Mr. Srebnick to assist you with the

18   matter of the motion for hearing regarding the conflict that

19   the Government has made?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Are you satisfied with the representation

22   of Mr. Black and Mr. Srebnick in that regard?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Have you been able to communicate fully

25   with them and are you satisfied that their explanations have

1  been understood by you, or do you have any questions regarding

2  their explanations about this particular proceeding?

3              THE DEFENDANT:  No, Your Honor.

4              THE COURT:  All right.  Very good.

5              So with regard, then, to the matter of the

6  Government's motion for hearing regarding a potential

7  disqualification, the matters that have been presented so far

8  are basically that the Government cannot make a representation

9  one way or the other whether your current counsel, Mr. Pasano

10  and Miss Descalzo, will be called as witnesses in the trial.

11              That issue has not been resolved and we are not asking

12  you to make a decision one way or another at this time

13  regarding that matter.

14              All that we are asking you to do is to inform the

15  Court at this time whether, given what we know so far in the

16  state of the record, you wish to proceed with Mr. Pasano and

17  Miss Descalzo as your counsel in the prosecution against you by

18  the Government in this case?

19              THE DEFENDANT:  Yes, Your Honor.

20              THE COURT:  Have you had the opportunity to consult

21  regarding this decision with either Mr. Srebnick, or Mr. Black,

22  or both?

23              THE DEFENDANT:  Yes.  But I do have a question for

24  them.  Could I ask them one question real quick?

25              THE COURT:  You should ask them privately.  Make sure

1  you do not get close to the microphone.

2          MR. SREBNICK:  We are prepared to proceed.

3          THE COURT:  All right.  Sir, so the question was had

4  you discussed this matter fully with Mr. Black and Mr. Srebnick

5  and are you satisfied with their answers, or did you have any

6  further questions?

7          You said you did.  Has that question been answered and

8  resolved?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  All right.  So I will not go into details

11  of the problems that might arise should Mr. Pasano and/or Miss

12  Descalzo be called as witnesses because we do not know at this

13  time whether they will or not.

14          All that we know is that they may be called as

15  witnesses as the record stands right now.

16          Knowing that potential, do you still wish to have them

17  continue to represent you in the defense of the case that the

18  Government has brought against you?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  All right.  Does the Government have any

21  further questions for Mr. Esformes?

22          MR. BRADYLYONS:  No, Your Honor.

23          THE COURT:  Okay.  Does Mr. Srebnick or Mr. Black have

24  any further questions?

25          MR. SREBNICK:  No questions.

1           THE COURT:  All right.  So, at this time, I believe

2    that this is all that we need to do.

3           Of course, any further matters to be brought to Judge

4    Lenard's attention, if she should choose to refer it to me, I

5    will be happy to address it.

6           But, at this point in time, I will issue a report and

7    recommendation that notwithstanding the Government's indication

8    of potential conflict of interest, I am satisfied that Mr.

9    Esformes has waived any potential conflict on the record

10   knowingly and voluntarily and with the advice of separate

11   counsel.

12          Anything else at this time?

13          MR. SREBNICK:  I would request that the report and

14   recommendation reflect the point you had made earlier that it

15   would be premature to require anything more of Mr. Esformes

16   regarding his decision to call the lawyers as witnesses.

17          THE COURT:  I will make sure that the waiver does not

18   encompass any future events that have not taken place yet.  All

19   right.

20          MR. SREBNICK:  That's it.  Thank you, Judge.

21          THE COURT:  All right.

22          MR. BRADYLYONS:  Thank you, Judge.

23          (Thereupon, the proceedings concluded.)

24

25

1

2                                    CERTIFICATE

3

4          I hereby certify that the foregoing transcript is an

5   accurate transcript of the audio recorded proceedings in the

6   above-entitled matter.

7

8

9

10
    12/07/16                              Bonnie Joy Lewis,
11                              Registered Professional Reporter
                                   CASE LAW REPORTING, INC.
12                                 7001 Southwest 13 Street,
                                 Pembroke Pines, Florida 33023
13                                      954-985-8875

14

15

16

17

18

19

20

21

22

23

24

25