UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20549-CR-LENARD(s)

UNITED STATES OF AMERICA

v.

PHILIP ESFORMES,

        Defendant.

_____/

**GOVERNMENT'S MOTION FOR ENTRY OF POST-SUPERSEDING INDICTMENT**
**PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW**

The United States of America, by and through the undersigned United States Attorney, respectfully moves for the entry of a Protective Order, pursuant to the provisions of Title 21, United States Code, Section 853, made applicable through Title 28, United States Code, Section 2461(c) and through Title 18, United States Code, Section 982(b). The entry of the Protective Order is requested to preserve for forfeiture, the availability of property identified in the forfeiture allegations of the Second Superseding Indictment [DE 200], upon conviction of the defendant. In support of this motion, the United States submits the following:

**I.   INTRODUCTION**

On July 21, 2016, a Federal Grand Jury sitting in the Southern District of Florida returned an Indictment charging defendants, PHILIP ESFORMES, ODETTE BARCHA and ARNALDO CARMOUZE ("Esformes," "Barcha," 'Carmouze," collectively, "the defendants") with various violations and seeking, upon defendants' conviction, forfeiture of various real and personal properties identified in the Indictment. The United States sought and received a Protective Order

1

to restrain the transfer, alienation, or dissipation of certain bank accounts identified in the Indictment for forfeiture [DE 8] and certain modifications were made to the Protective Order to allow the operation of various of the health care facilities [DE 41, DE 49].   No Protective Order was sought regarding the real properties named in the Indictment.   The United States, instead, relied on *lis pendens* filed against the real properties.   In addition, the United States obtained a temporary restraining order pursuant to Title 18, United States Code, Section 1345, as to various real and personal properties. [Case No. 16-23148-CIV-KMW, Docket Entry 11]. That temporary restraining order was modified in similar fashion to the modifications entered in this criminal case [Case No. 16-23148-CIV-KMW, Docket Entries 20, 22 and 29].

On February 2, 2017, a Superseding Indictment was returned against the defendants, and forfeiture notice allegations were included [DE 198].   The United States sought the entry of a Post-Superseding Indictment Protective Order [DE 199], with respect to the directly forfeitable assets identified in the initial Superseding Indictment [DE 198, pp. 34-39] except as otherwise modified by the Court's Orders [DE 41, 49; Case No. 16-23148-CIV-KMW, Docket Entries 20, 22 and 29] and, as part of the Protective Order, sought the turnover of the property that is readily alienable.

On February 15, 2017, before the Court could enter the requested Protective and Turnover Order, a Second Superseding Indictment was returned [DE 200].   The United States has filed a Notice of Striking its motion filed at DE 199] and seeks the same relief herein, but as to the Second Superseding Indictment.

2

## II.   MEMORANDUM OF LAW

The District Court is empowered to restrain forfeitable assets, pre-trial.   *United States v. Bissell*, 866 F.2d 1343, 1349 (11th Cir.), *cert. denied*, 493 U.S. 849 (1989).[1]   The statutory provisions of 21 U.S.C. §§ 853(e)(1)(A) provide, in pertinent part:

> (1)     Upon application of the United States, *the court may enter a restraining order* or injunction, require the execution of a satisfactory performance bond, *or take any other action to preserve the availability of property* described in subsection (a) of this section for forfeiture under this section –
>
> (A) upon the filing of an indictment or information charging a violation of this subchapter or subchapter II of this chapter for which criminal forfeiture may be ordered under this section and alleging that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section ...

Emphasis supplied.

These statutory provisions empower the Court to issue post-indictment restraints in various forms including protective orders, restraining orders, performance bonds, and injunctions, for assets that are subject to forfeiture.   *Bissell*, 866 F.2d at 1349.

As stated in the Senate Report on the Comprehensive Crime Control Act of 1984, "the probable cause established in the indictment or information is, in itself, to be sufficient basis for the issuance of a restraining order."   Senate Report No. 225, 98th Cong., 2d. Sess. 203, *reprinted in* 1984 *U.S. Code Congressional and Administrative News*, 3182, 3385.   A post-indictment protective order can be based on the grand jury's finding of probable cause.   *See United States v. Kaley*, 579 F.3d 1246, 1259 (11th Cir. 2009)(*Kaley I*)(court relied on grand jury's finding of

---

[1]   The purpose of restricting a defendant's control over the assets is to preserve the government's claim of ownership to these assets and to protect its right to possession of the assets if the claim is vindicated at trial.   *Bissell*, 866 F.2d at 1349.   The statute vests the government with legal title to the illicit assets at the time of the offense.   21 U.S.C. § 853(c).

probable cause, supplemented by agent's affidavit); *United States v. Jamieson*, 427 F.3d 394, 405 (6th Cir. 2005)(restraining order may be based on grand jury's finding of probable cause).    Just as it is sufficient to support the issuance of a warrant for the defendant's arrest, the grand jury's finding of probable cause is sufficient to support the restraint of his property. *Kaley v. United States*, ___U.S. ___, 134 S.Ct. 1090, 1098 (2014).

Congress found that requiring the government to have a full blown hearing to meet the standards for obtaining a regular restraining order would be quite difficult:

> In addition, these requirements may make pursuing a restraining order inadvisable from the prosecutor's point of view because of the potential for damaging premature disclosure of the government's case and trial strategy and for jeopardizing the safety of witnesses and victims in racketeering and narcotics trafficking cases who would be required to testify at the restraining order hearing. [Footnote omitted]

S. Rep. No. 225 at 196, *reprinted in U.S. Code Cong. & Admin. News* at 3374. *See also, Bissell*, 866 F.2d at 1353; *In Re Protective Order*, 790 F. Supp. 1140 (S.D. Fla. 1992)(ten or eleven months not undue delay). Given the clear Congressional determination that assets acquired, used or involved in illegal activities should be forfeited to the United States, it is equally clear that the public interest lies in preserving these assets for forfeiture without a pre-trial evidentiary hearing. The court may order restraints *ex parte*.    *Bissell*, 866 F.2d at 1349.

In this case, the United States seeks to preserve the *status quo* of the property identified in the Second Superseding Indictment by preventing the alienation and dissipation of the property subject to forfeiture.    Specifically, it seeks to prevent defendant Esformes or any persons acting in concert with or on his behalf from alienating or otherwise dissipating said proceeds and assets. Irreparable harm will occur to the United States' interest should the defendant be permitted to dissipate    tainted assets before trial. Moreover, with respect to the easily alienable assets, a watch

with the purchase price of approximately $360,000 and a purse with a purchase price of approximately $52,000, the United States seeks that the Court order turn-over of those specific properties.

### III.   THE TERMS OF THE ORDER

The United States seeks to restrain the following assets listed in the forfeiture allegations of the Second Superseding Indictment:

> (a)   Money Judgments (MJ): not applicable.

> (b)   Real Property ("RP"): The real property, together with all appurtenances, improvements, fixtures, easements and attachments, therein and/or thereon, which are known and numbered as follows:

> > (RP1)  5077 N. Bay Road, Miami Beach, Florida 33140;
> >
> > (RP2)  5069 N. Bay Road, Miami Beach, Florida 33140;
> >
> > (RP3)  980 W. 48th Street, Miami Beach, Florida 33140;
> >
> > (RP4)  180 E. Pearson Unit 7201, Chicago, Illinois 60611;
> >
> > (RP5)  6894 S. Clyde Avenue 59, Chicago, Illinois 60649;
> >
> > (RP6)  9427 Sawyer Street, Los Angeles, California 90035;
> >
> > (RP7)  550 9th Street, Miami Beach, FL 33139;
> >
> > (RP8)  1225 NE 135 Street, North Miami, FL 33161;
> >
> > (RP9)  9820 N Kendall Drive, Miami, FL 33176;
> >
> > (RP10) 201 Curtiss Parkway, Miami, FL 33166;
> >
> > (RP11) 220 Sierra Drive, Miami, FL 33179;
> >
> > (RP12) 3671 S. Miami Avenue, Miami, FL 33133; and

(RP13) 17475 S Dixie Highway, Miami, FL 33157.

(c)      Personal Property:

Bank Accounts ("BA"): All principal, deposits, interest, dividends, and/or any other amounts credited to the following:

(BA1)  Account number 005487691516 held at Bank of America, N.A. in the name of Sherri Beth Esformes and Philip Esformes;

(BA2)  Account number 898049003513 held at Bank of America, N.A. in the name of Sherri Beth Esformes & Philip Esformes;

(BA3)  Account number 0036 7620 9546 held at Bank of America, N.A. in the name of Philip Esformes & Julie Betancourt;

(BA4)  Account number 003447083409 held at Bank of America, N.A. in the name of ADME DBA Oceanside Extended Care, except as otherwise indicated in DE 41;

(BA5) Account number 5801046102 held at Bank of America, N.A. in the name of Ayintove Associates DBA Harmony Health Center except as otherwise indicated in DE 41;

(BA6) Account number 8666087170 held at Bank of America, N.A. in the name of Fair Haven LLC except as otherwise indicated in DE 41;

(BA7) Account number 605575 held at 1st Equity Bank, N.A. in the name of Philip Esformes;

(BA8) Account number 102747 held at 1st Equity Bank, N.A. in the name of Sherri Esformes, Jason Tennenbaum, or Philip Esformes;

(BA9) Account number 311901 held at 1st Equity Bank, N.A. in the name

of Sherri Esformes and Philip Esformes;

(BA10) Account number 204735 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. (C/O Norman Knopf);

(BA11) Account number 503456 held at 1st Equity Bank, N.A. in the name of Sherri Esformes and Philip Esformes (Special Account Tax Escrow);

(BA12) Account number 209882 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc.;

(BA13) Account number 312320 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. (Pension Plan and Trust);

(BA14) Account number 606212 held at 1st Equity Bank, N.A. in the name of Philip Esformes, Sherri Esformes, Alvin Norman Knopf (FBO Sherri and Philip Esformes);

(BA15) Account number 454362 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. Pension Plan;

(BA16) Account number 507858 held at 1st Equity Bank, N.A. in the name of Philip Esformes, Julie Betancourt Charity Account;

(BA17) Account number 505872 held at 1st Equity Bank, N.A. in the name of Philip Esformes and Sherri Esformes;

(BA18) Account number x606296 held at 1st Equity Bank, N.A. in the name of Philip Esformes C/O Alvin Norman Knopf;

(BA19) Account number 5050265956 held at FirstMerit Bank, N.A. in the name of Philip Esformes, Inc.;

(BA20) Account number 901021308783 held at FirstMerit Bank, N.A. in

7

the name of Philip Esformes or Alvin Norman Knopf;

(BA21) Account number 1560024295 held at MB Financial Bank, N.A. in the name of Philip Esformes or Alvin N Knopf;

(BA22) Account number 1560001283 held at MB Financial Bank, N.A. in the name of Sefardik DBA Nursing Home at Mercy, except as otherwise accounted for at DE 41;

(BA23) Account number 1560025577 held at MB Financial Bank, N.A. in the name of Philip Esformes, Inc.;

(BA24) Account number 1560024473 held at MB Financial in the name of Alvin Norman Knopf or Philip Esformes C/O Alvin Norman Knopf;

(BA25) Account number 0002412024 held at The Private Bank, N.A. in the name of Almovea Associates (DBA North Dade Nursing and Rehab Center) - Deposit Account except as otherwise indicated in DE 49;

(BA26) Account number 0002413948 held at The Private Bank, N.A. in the name of Almovea Associates (DBA North Dade Nursing and Rehab Center) - Operating Account except as otherwise indicated in DE 41;

(BA27) Account number 0002369785 held at The Private Bank, N.A. in the name of Adirhu Associates LLC except as otherwise indicated in DE 41;

(BA28) Account number 0002369727 held at The Private Bank, N.A. in the name of Kabirhu Associates LLC - Daisa Account except as otherwise indicated in DE 49;

(BA29) Account number 0002369777 held at The Private Bank, N.A. in the name of Kabirhu Associates, LLC except as otherwise indicated in DE 41;

(BA30) Account number 0002369735 held at The Private Bank, N.A. in the

8

name of Takifhu Associates LLC, Gramercy Park Nursing Center - Daisa Account except as otherwise indicated in DE 41;

(BA31) Account number 0002369793 held at The Private Bank, N.A. in the name of Takifhu Associates LLC, Gramercy Park Nursing Center except as otherwise indicated in DE 41;

(BA32) Account number 110011129 held at Optimum Bank, N.A. in the name of Kabirhu Associates LLC DBA Golden Glades Nursing & Rehabilitation Center;

(BA33) Account number 110012135 held at Optimum Bank, N.A. in the name of Kabirhu Associates LLC DBA Golden Glades Nursing & Rehabilitation Center;

(BA34) Account number 110011137 held at Optimum Bank, N.A. in the name of Takifhu Associates LLC DBA South Dade Nursing & Rehabilitation Center;

(BA35) Account number 110012143 held at Optimum Bank, N.A. in the name of Takifhu Associates LLC DBA South Dade Nursing & Rehabilitation Center;

(BA36) Account number 110011145 held at Optimum Bank, N.A. in the name of Adirhu Associates LLC C/O Donna Prieto;

(BA37) Account number 16021230 held at National Securities Bank, N.A. in the name of Philip Esformes Inc. Pension X1230;

(BA38) Account number NAV-036112 held at in National Securities Bank, N.A. the name of Sherri Esformes X6112; and

(BA39) Account number NAV-008990 held at National Securities Bank, N.A. in the name of Philip Esformes X8990.

Business Interests "(BI)":   All equity interest held by or on behalf of or for

9

the benefit of Philip Esformes in the following corporations and entities.

(BI1) ADME Investment Partners LTD dba Oceanside Extended Care;

(BI2) Almovea Associates LLC dba North Dade Nursing and Rehabilitation

Center;

(BI3) Ayintove Associates LLC dba Harmony Health Center;

(BI4) Courtyard Manor Retirement Living, Inc.;

(BI5) Eden Gardens LLC;

(BI6) Fair Havens Holding LLC/Fair Havens Center LLC;

(BI7) Flamingo Park Manor LLC/The Pointe;

(BI8) Lake Erswin LLC dba South Hialeah Manor/Interamerican;

(BI9) Kabirhu Associates LLC dba Golden Glades Nursing and

Rehabilitation Center;

(BI10) Lauderhill Manor LLC;

(BI11) La Serena Retirement Living LLC/La Hacienda Gardens/Rainbow.

(BI12) Sefardik Associates LLC dba The Nursing Center at Mercy; and

(BI13) Takifhu Associates LLC dba South Dade Nursing and Rehabilitation

Center.

(d)      Miscellaneous Personal effects "(M)":

(M1)   One (1) Greubel Forsey Technique timepiece (ALDC No. 14); and

(M2)   One (1) red Hermes Birkin purse from Golden Age Jewelry.

Counsel for defendant Esformes will be directed to turn-over the personal property identified at M1 and M2.

10

The United States further requests as part of the Protective Order that, if any of the above-described property has been transferred or disposed of by any means, the defendant shall account to the court as to its disposition and location of the same.   Further, the Protective Order should apply with equal force and effect to restrain the further transfer and disposition of such properties.

### Rule 88.9 Certification

The requirement to confer does not apply to *ex parte* filings.   Undersigned counsel communicated with counsel for defendant Philip Esformes prior to the return of the initial Superseding Indictment, who indicated that defendant Esformes does not object to the interlocutory sale of certain of the real properties named.   Accordingly, the United States believes that defendant Esformes does not object to the Court entering the requested order and taking control of the properties, at least those that may become subject to sale.

**WHEREFORE**, based on the foregoing, the United States requests the Court enter the Protective Order, including the directive that the identified personal property, the watch and the purse, be turned over to agents of the United States expeditiously, and grant such other relief as is just and lawful.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:    *s/ Alison W. Lehr*
Alison W. Lehr (Fla. Bar # 444537)
Assistant United States Attorney
99 NE 4TH Street - 7th Floor
Miami, Florida 33132
Tel: (305) 961-9176
Fax: (305) 536-7599
Alison.Lehr@usdoj.gov

11

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on February 16, 2017, I electronically filed the foregoing *Motion for Entry of Post-Superseding Indictment Protective Order and Incorporated Memorandum of Law* with the Clerk of the Court using CM/ECF.

*s/Alison W. Lehr*
Alison W. Lehr
Assistant United States Attorney