UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20549-CR-LENARD/OTAZO-REYES(s)(s)

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.

PHILIP ESFORMES, *et al.*,

    *Defendant.*

_____/

## DEFENDANT PHILIP ESFORMES' RESPONSE IN OPPOSITION TO CURRENT PROSECUTION TEAM'S MOTION FOR PRETRIAL PRODUCTION OF DOCUMENTS

The return of an indictment triggers the application of the Federal Rules of Criminal Procedure and, in particular, Rule 16 governing the both parties' discovery rights. Rule 16 does not afford either party the right to use trial subpoenas as an *investigatory* tool. A party may not use a *trial* subpoena, combined with a request for "early return" of the records sought under Fed. R. Crim. P. 17(c), to circumvent the restrictions of Rule 16. Instead, the proponent of a Rule 17(c) subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity." *United States v. Nixon*, 418 U.S. 683, 700 (1974). Here the Prosecution Team seeks a massive amount of records from fourteen (14) Assisted Living and Skilled Nursing facilities for 184 patients.

When the Prosecution Team contacted undersigned counsel regarding its proposed subpoena, undersigned requested a proffer under the *Nixon* test as to why each particular patient file was relevant to the government's prosecution of Defendant Esformes. See United States' Motion at 4-5 n.5. Instead of responding to that request, the Prosecution Team filed its motion – a motion that

makes no attempt to explain with any level of particularity why these 184 patient files meet the *Nixon* test.

Courts interpreting *Nixon*'s admissibility requirement have construed it to require that the material requested have *present* evidentiary value, not merely *potential* evidentiary value. *See RW Prof'l Leasing Servs. Corp.*, 228 F.R.D. at 162 ("The fact that they are potentially relevant or may be admissible is not sufficient.") (citing *Marchisio*, 344 F.2d at 669); *United States v. Rich*, No. S 83 Cr. 579(SWK), 1984 U.S. Dist. LEXIS 23793, 1984 WL 845, *3 (S.D.N.Y. Sept. 7, 1984) ("Rule 17(c) requires a showing that the materials sought are currently admissible in evidence; it cannot be used as a device to gain understanding or explanation.").

Similarly, a Rule 17(c) subpoena cannot properly be issued upon a "mere hope" of discovering useful evidence. *See, e.g., United States v. Hang*, 75 F.3d 1275, 1283 (8th Cir.1996); *Cuthbertson*, 630 F.2d at 146 ("We do not think that [a] 'mere hope' justifies enforcement of a subpoena under [R]ule 17(c)."); *United States v. Lester*, No. 14-cr-00236 DAD BAM, 2016 U.S. Dist. LEXIS 23375, at *3 (E.D. Cal. Feb. 24, 2016) ("there must be a substantial foundation for the movant's belief that the requested material exists and will be relevant and admissible" and "[i]n meeting the specificity requirement, the movant must request specific documents and not entire categories of files...")

The Prosecution Team's motion for a Rule 17(c) subpoena should be denied because it has not satisfied these requirements. The Prosecution Team asserts ipse dixit that the documents would be "plainly relevant" just because this case involves some of the 14,000-plus patients Mr. Esformes' facilities have served for a decade or more. However, the Prosecution Team has not indicated why these 184 patient files in particular will contain relevant and admissible evidence. "If the moving

party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, this is a sure sign that the subpoena is being misused." *United States v. Noriega*, 764 F. Supp. 1480, 1493 (S.D. Fla. 1991). *Accord Gilmore v. United States*, 256 F.2d 565 (5th Cir. 1958); *United States v. Ruedlinger*, 172 F.R.D. 453, 456 (D. Kan. 1997).

There has been no showing as to which, if any, of the 14,000-plus patients served over the last decade were illegitimate. Mr. Esformes' facilities continue to serve needy patients in this community to this day. The Prosecution Team is not entitled to mine through the confidential medical files of 184 patients without first showing how the 184 patient files requested by the subpoena constitute relevant and admissible evidence of the charges specified in the indictment.

The Prosecution Team has superseded the indictment twice and announced "ready for trial" months ago. In fact, the Prosecution Team proposed a trial date that has since passed. Obviously, the grand jury did not rely on these 184 patient files in deciding to indict the defendant. The Second Superseding Indictment identifies two patients by initials (S.J. and B.K.) who arguably could be among the 184 patients on the list of patients attached to the proposed subpoena. Even if those patients are one and the same, how can the court be satisfied that any one, much less all, of the other 182 medical files constitutes relevant evidence that is admissible at trial – any more so than the medical files of the thousands of other patients previously and currently served by the facilities? The Second Superseding Indictment does not answer that question. Nor does the *Motion for Pretrial Production of Documents*.

WHEREFORE, for all of the foregoing reasons, the Court should deny the Prosecution Team's motion.

Respectfully submitted,

**BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.**
201 South Biscayne Boulevard
Suite 1300
Miami, FL 33131
Tel: (305) 371-6421   Fax: (305) 358-2006

By:  /s/ Roy Black
   **ROY BLACK, Esq.**
   Fla. Bar No. 126088
   **HOWARD M. SREBNICK, Esq.**
   Fla. Bar No. 919063
   **JACKIE PERCZEK, ESQ**.
   Fla. Bar No. 0042201
   **G. RICHARD STRAFER, ESQ.**
   Fla. Bar No. 389935

**CARLTON FIELDS**
100 S.E. 2nd Street
4200 Miami Tower
Miami, Florida 33131-2114
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

By:   s/Michael Pasano
   **MICHAEL PASANO**
   Florida Bar No. 0475947

**TACHE, BRONIS, CHRISTIONSON
 & DESCALZO, P.A.**
150 S.E. 2nd Avenue, Suite 600
Miami, Florida 33131
Tel: (305) 537-9565

By:   s/Marissel Descalzo
   **MARISSEL DESCALZO, ESQ.**
   Fla. Bar. No 669318

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2017, my office electronically filed the foregoing with the Clerk of Court using the CM/ECF. I also certify that this document is being served on all counsel of record either by transmission of Notices of Electronic Filing generated by CM/ECF or by U.S. Mail.

/s/ Howard Srebnick