UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20549-CR-LENARD/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

PHILIP ESFORMES,
ODETTE BARCHA, and
ARNALDO CARMOUZE,

    Defendants.
_____/

## SUPPLEMENTAL REPORT AND RECOMMENDATION RE: D.E. 202

THIS CAUSE came before the Court upon the government's Motion for Entry of Post-Superseding Indictment Protective Order (hereafter, "Motion for Protective Order") [D.E. 202] This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 215]. The undersigned held hearings on this matter on March 13, 2017, April 25, 2017, May 15, 2017 and May 22, 2017 [D.E. 229, 295, 353 and 362]. After the March 13th hearing, the undersigned issued an Amended Report and Recommendation on the agreed portion of the Motion for Protective Order, recommending that certain properties be restrained and subsequently sold, effective upon termination of a restraining order in THE parallel civil forfeiture case, United States v. Esformes, Case No. 16-CV-23148-KMW [D.E. 248]. On March 23, 2017, the Court adopted the Amended Report and Recommendation [D.E. 251]. At the April and May hearings, the undersigned addressed the parties' disputes with respect to the remaining assets sought to be restrained in the Motion for Protective Order (hereafter, "Remaining Assets").[1] As discussed

---

[1] On April 27, 2017, in compliance with the undersigned's directive, the government forwarded to the undersigned (with copy to all counsel) the list of Remaining Assets.

below, the undersigned respectfully recommends that the Motion for Protective Order be GRANTED as to the Remaining Assets.

## DISCUSSION

### 1. *Esformes is not entitled to a pre-restraint tracing hearing*

Defendant Philip Esformes ("Defendant" or "Esformes") argued that, prior to restraining the Remaining Assets, an adversarial hearing is required to trace those assets to the offenses charged in the Second Superseding Indictment. See Esformes Response in Opposition to Government's Motion for Entry of Post-Superseding Indictment Protective Order [D.E. 206]. The government opposed this contention, maintaining that such a hearing would only be warranted if Esformes were arguing that his ability to retain his counsel of choice had been eliminated as a result of the asset restraint. See The United States of America's Reply in Support of its Motion for a Post-Superseding Indictment Protective Order [D.E. 220 at 7] (citing United States v. Kaley, 579 F.3d 1246, 1254 (11th Cir. 2009). To date, Esformes has not presented such an argument. Therefore, Esformes is not entitled to a pre-restraint tracing hearing. Kaley 579 F.3d at 1254. Should Esformes raise a Sixth Amendment right to counsel of choice claim at a later stage in the proceedings, he may renew his request for a tracing hearing under Kaley.

### 2. *The government has established the requisite probable cause*

At the April 25, 2017 hearing, the government represented to the undersigned that the grand jury's finding of probable cause was sufficient to support the entry of the Protective Order as to the Remaining Assets because the grand jury was instructed that their probable cause finding should encompass the forfeiture allegations. See Transcript of April 25, 2014 Hearing [D.E. 296 at 31-32]. The government offered to provide the pertinent portion of the transcript of the grand jury proceedings for the undersigned's *in camera* review. Id. at 31. Based on this

representation, the undersigned directed the government to "[s]ubmit to the undersigned for *in camera* inspection that part of the grand jury proceedings showing that the grand jury was instructed to include in its probable cause finding the forfeiture allegations in the Second Superseding Indictment [D.E. 200]." See Order [D.E. 297 at 2]. After a close review of the transcript submitted by the government, however, the undersigned "found no such instruction to the grand jury." See Supplemental Order Re: April 25, 2017 Hearing [D.E. 315 at 1]. The undersigned gave the government the option of "supplement[ing] its *in camera* submission with that part of the grand jury proceedings showing that the grand jury was instructed to include in its probable cause finding the forfeiture allegations in the Second Superseding Indictment," or, in the alternative "submit an affidavit of probable cause as to the forfeiture allegations set forth in the Second Superseding Indictment." Id. at 1-2. The government chose the latter course of action and an extension of time to comply, which the undersigned granted. See Motion for Continuance of Cutoff to Submit Affidavit [D.E. 316]; Paperless Order [D.E. 320]. On May 5, 2017, the government submitted for the undersigned's *in camera* review a probable cause affidavit. See Notice of Compliance with Court Order [DE 315, 320] Regarding Submission of Documents for *In Camera* Inspection [D.E. 332]. Upon review of the affidavit submitted by the government, the undersigned finds probable cause that the Remaining Assets are subject to criminal forfeiture to the United States upon Defendant's conviction in the above-styled case pursuant to 18 U.S.C. §§ 981 and 982, as alleged in the Second Superseding Indictment, which probable cause supports the entry of the requested Protective Order as to said assets.[2]

---

[2] The undersigned addresses in a separate order the government's *in camera* submission of the probable cause affidavit and Defendant's contention that he is entitled to its disclosure, discussed at the May 15 and 22 hearings.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that the Court:

I.   GRANT the Motion for Protective Order as to the Remaining Assets that are alleged to be subject to forfeiture in the Second Superseding Indictment [D.E. 200], to wit:

1. <u>Real Property ("RP")</u>: The real property, together with all appurtenances, improvements, fixtures, easements and attachments, therein and/or thereon, which are known and numbered as follows:

> (RP1)  5077 N. Bay Road, Miami Beach, Florida 33140;
>
> (RP2)  5069 N. Bay Road, Miami Beach, Florida 33140;
>
> (RP3)  980 W. 48th Street, Miami Beach, Florida 33140;
>
> (RP4)  180 E. Pearson Unit 7201, Chicago, Illinois 60611;
>
> (RP5)  6894 S. Clyde Avenue 59, Chicago, Illinois 60649;
>
> (RP6)  9427 Sawyer Street, Los Angeles, California 90035;
>
> (RP8)  1225 NE 135 Street, North Miami, FL 33161;
>
> (RP11) 220 Sierra Drive, Miami, FL 33179;
>
> (RP13) 17475 S Dixie Highway, Miami, FL 33157.

2. <u>Bank Accounts ("BA")</u>: All principal, deposits, interest, dividends, and/or any other amounts credited to the following:

> (BA23) Account number 1560025577 held at MB Financial Bank, N.A. in the name of Philip Esformes, Inc.;
>
> (BA24) Account number 1560024473 held at MB Financial in the name of Alvin Norman Knopf or Philip Esformes C/O Alvin Norman Knopf.

3. <u>Business Interests ("BI")</u>: All equity interest held by or on behalf of or for

4

the benefit of Philip Esformes in the following corporations and entities:

> (BI2) Almovea Associates LLC dba North Dade Nursing and Rehabilitation Center;
>
> (BI9) Kabirhu Associates LLC dba Golden Glades Nursing and Rehabilitation Center;
>
> (BI13) Takifhu Associates LLC dba South Dade Nursing and Rehabilitation Center.

    4.    <u>Miscellaneous Personal effects ("M")</u>:

> (M1)   One (1) Greubel Forsey Technique timepiece (ALDC No. 14);
>
> (M2)   One (1) red Hermes Birkin purse from Golden Age Jewelry.

    II.    RESTRAIN, PROHIBIT AND ENJOIN:

Defendant Esformes, his agents, servants, employees, attorneys, family members, heirs, and those persons in concert or participation with him; and all those persons who may be entitled to possession of any portion of the above-listed Real Properties ("RP"), Bank Accounts ("BA"), Business Interests ("BI") and Miscellaneous Personal Effects ("M"), whether by virtue of claim of title, security interest, lien, judgment, contract, or any other legal or equitable basis; from directly or indirectly transferring, moving, concealing, selling, assigning, pledging, giving away, encumbering, destroying, dissipating, wasting, or otherwise destroying or alienating any of the identified properties or the defendant's interest in such properties without prior approval of this Court upon notice and an opportunity for the United States to be heard. The restraint and prohibitions contained herein shall remain in effect until further order of this Court.

    III.    RENDER the Protective Order effective upon the termination (on motion by the government) of the Restraining Order entered in <u>United States v. Esformes</u>, Case No. 16-cv-23148-KMW as to the above-listed Real Properties ("RP"), Bank Accounts ("BA"), Business Interests ("BI") and Miscellaneous Personal Effects ("M").

6

Pursuant to Local Magistrate Judge Rule 4(b), the parties have <u>fourteen</u> days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Joan A. Lenard.  Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein.  See <u>Resolution Tr. Corp. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993).  Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions."  See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 23rd day of May, 2017.

*Alicia O. Reyes*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Joan A. Lenard
    Counsel of Record