UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20549-CR-LENARD/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

PHILIP ESFORMES,
ODETTE BARCHA, and
ARNALDO CARMOUZE,

      Defendants.
_____/

## REPORT AND RECOMMENDATION RE: D.E. 263

THIS CAUSE came before the Court upon the United States' Motion for Timely Notification of an Advice of Counsel or Good Faith Defense (hereafter, "Motion for Notification") [D.E. 263]. This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 289]. Defendant Philip Esformes ("Esformes") filed a Response in Opposition to Government's Motion for Timely Disclosure of Defenses (hereafter, "Response") [D.E. 280]. Defendant Odette Barcha ("Barcha") moved to adopt Esformes' Response, which motion was granted [D.E. 282, 298]. The undersigned held a hearing on the Motion for Notification on May 22, 2017 [D.E. 362]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Notification be DENIED.

## DISCUSSION

The government requests that the Court order Esformes, Barcha and Defendant Arnaldo Carmouze ("Carmouze") (collectively, "Defendants") to "provide notice of whether they intend to raise an advice of counsel or good faith defense at trial, no later than June 1, 2017." See

Motion for Notification [D.E. 263 at 1].[1]  The government further asks that, if any of the Defendants provide such notice, "this Court compel relevant discovery into communications by and between the relevant Defendant and the attorneys who provided the advice at issue, and that Defendants be ordered to produce such materials no later than July 1, 2017." Id.  Finally, the government asks that if Defendants do not provide the requested notice, the Court issue "an order precluding such defenses from being raised at trial." Id.

At the May 22nd hearing, the government relied on a combination of Rules 16 and 57(b) of the Federal Rules of Criminal Procedure to support its request (hereafter, "Rule 16" and "Rule 57(b)"). Rule 16 governs discovery and inspection and imposes certain disclosure obligations on defendants. See Fed. R. Crim. P. 16(b).  However, as conceded by the government at the hearing, Rule 16 does not specifically require pre-trial disclosure of the advice of counsel or good faith defenses.  Thus, the government also invokes Rule 57(b), which states:

> **(b) Procedure When There Is No Controlling Law.** A judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district. No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, or the local district rules unless the alleged violator was furnished with actual notice of the requirement before the noncompliance.

Fed. R. Crim. P. 57(b).  The government uses Rule 57(b) to argue that, when there is a matter that is not specifically mentioned in the rules, the Court has the inherent authority to issue appropriate orders.

While the government's broad reading of Rules 16 and 57(b) may be appropriate in certain scenarios, it would circumvent the express limitation on required defense notices set forth in the Federal Rules of Criminal Procedure to alibi, insanity, and public authority. See Fed. R. Crim. P. 12.1, 12.2 and 12.3.

---

[1] Trial is set for September 18, 2017 [D.E. 166].

At the May 22nd hearing, the government made the novel argument that the advice of counsel and good faith defenses should be deemed to be encompassed by the insanity defense, as to which pretrial notice is required by Federal Rule of Criminal Procedure 12.2. The undersigned declines the government's invitation to commit such error.

The government also relies on United States v. Bachynsky, No. 04-20250-CR, 2007 WL 1521499 (S.D. Fla. May 22, 2007), where the court granted the government's motion for production of documents by a law firm ("the Firm") pursuant to Federal Rule of Criminal Procedure 17(c), based on the defendant's statement in a court filing that he intended to assert an advice of counsel defense at trial. Id. at *1. The court noted that, at a hearing on the motion, defendant "acknowledged that the government was correct that he intended to raise an advice of counsel defense at trial, and further that he no longer actively opposed the production of the documents. Mr. Bachynsky left to the Court's determination whether the government was entitled to the Firm's documents prior to trial." Id. Nothing in Bachynsky supports the government's request that the Court compel Defendants to file a pre-trial notice of advice of counsel and good faith defenses.

The government also relies on United States v. Kallen-Zury, Case No. 12-cr-20757-JEM (S.D. Fla.) for its demand that if Defendants do not provide notice of the advice of counsel and good faith defenses by the June 1, 2017 proposed deadline, the Court should preclude such defenses from being raised at trial. In Kallen-Zury, the government filed a Motion to Preclude Advice of Counsel and Good Faith Defenses or, in the Alternative, for an Order Compelling Discovery. Id. [D.E. 156]. The defendant responded that she had notified the government that she would not present an advice of counsel defense. Id. [D.E. 178 at 3].[2] The Court "grant[ed]

---

[2] The defendant also stated that she would be disclosing to the government proposed exhibits relating to the good faith defense. Id. at 5.

3

the motion to the extent that the defendant is not going to be able to rely on counsel. Not going to be able to say that she's relied on counsel because you've represented that she's not going to rely on it." Id. [D.E. 634 at 29]. Here, Defendants have not made the same representation that the defendant in Kallen-Zury made. Therefore, Kallen-Zury does not support the government's demand for a similar preclusive order.[3]

In summary, the government has provided neither binding nor persuasive authority for its demand that Defendants be compelled to disclose whether they intend to rely on advice of counsel or good faith defenses at trial or that, absent such disclosure, they be precluded from raising the defenses.

## **RECOMMENDATION**

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that the government's Motion for Notification be DENIED.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Joan A. Lenard. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

---

[3] The government also cited a number of civil cases, which are not relevant to the issues in this criminal case.

4

5

RESPECTFULLY SUBMITTED in Miami, Florida this 24th day of May, 2017.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Joan A. Lenard
      Counsel of Record