United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America,<br>Plaintiff<br><br>v.<br><br>Philip Esformes,<br>Odette Barcha,<br>Arnaldo Carmouze,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>) Criminal Case No. 16-20549-CR-Scola<br>)<br>)<br>)<br>)<br>) |

**<u>Order Adopting Magistrate Judge's Supplemental
Report and Recommendation</u>**

  This matter was referred to United States Magistrate Judge Alicia Otazo-Reyes for determination of the Government's Motion for Entry of Post-Superseding Indictment Protective Order (ECF No. 202). On March 21, 2017, Judge Otazo-Reyes issued an Amended Report and Recommendation on the portion of the motion about which the parties agreed, recommending that certain of Defendant Esformes's properties be restrained and subsequently sold (ECF No. 248). The predecessor Judge adopted the Amended Report and Recommendation (ECF No. 251). Judge Otazo-Reyes conducted additional hearings concerning the parties' disputes about the remaining assets that the Government's motion sought to restrain. (Suppl. Report and Recommendation at 1-2, ECF No. 364.) On May 24, 2017, Judge Otazo-Reyes issued a Supplemental Report and Recommendation, recommending that the Government's motion be granted as to the remaining assets. (*Id.* at 1-2.)

  In recommending that the Government's motion be granted, Judge Otazo-Reyes relied on an *in camera* review of an affidavit from FBI Special Agent Mark Myers that the Government submitted *ex parte* to establish that the forfeiture allegations in the Second Superseding Indictment were supported by probable cause. (*Id.* at 3.) Upon review of the affidavit, Judge Otazo-Reyes found probable cause that the remaining assets were subject to forfeiture. (*Id.*) On the same date that the Supplemental Report and Recommendation was issued, Judge Otazo-Reyes issued an order denying Defendant Esformes's request for disclosure of the affidavit (ECF No. 365).

  On June 6, 2017, Defendant Esformes filed objections to the Supplemental Report and Recommendation and appealed Judge Otazo Reyes's order denying his request for disclosure of the affidavit (ECF No. 383). With respect to Defendant Esformes's objections to the Supplemental Report and

Recommendation, the Court has conducted a *de novo* review of the record. The Court has considered the Supplemental Report and Recommendation, the Defendant's objections, the Government's response (ECF No. 398), and the relevant legal authorities. The Court finds the Supplemental Report and Recommendation cogent and compelling.

With respect to Defendant Esformes's appeal of Judge Otazo-Reyes's order denying his request for disclosure of the affidavit, Federal Rule of Civil Procedure 72(a) and Local Magistrate Judge Rule 4(a) require that a district judge apply a "clearly erroneous or contrary to law" standard of review when considering objections to non-dispositive rulings. The Court finds that the Order is not clearly erroneous or contrary to law. In reaching this conclusion, the Court conducted its own *in camera* review of the affidavit of FBI Special Agent Mark Myers.

Accordingly, the Court **affirms** Judge Otazo-Reyes's Order Re: Government's Probable Cause Affidavit (**ECF No. 365**). In addition, the Court **affirms and adopts** the Supplemental Report and Recommendation (**ECF No. 364**) and **grants** the Government's Motion for Entry of Post-Superseding Indictment Protective Order (**ECF No. 202**) as to the remaining assets that were not addressed in Judge Otazo-Reyes's Amended Report and Recommendation. Therefore, it is **ordered and adjudged** that:

1. The following property is hereby restrained:

    a. <u>Real Property ("RP")</u>: The real property, together with all appurtenances, improvements, fixtures, easements and attachments, therein and/or thereon, which are known and numbered as follows:
        (RP1)  5077 N. Bay Road, Miami Beach, Florida 33140;
        (RP2)  5069 N. Bay Road, Miami Beach, Florida 33140;
        (RP3)  980 W. 48th Street, Miami Beach, Florida 33140;
        (RP4)  180 E. Pearson Unit 7201, Chicago, Illinois 60611;
        (RP5)  6894 S. Clyde Avenue 59, Chicago, Illinois 60649;
        (RP6)  9427 Sawyer Street, Los Angeles, California 90035;
        (RP8)  1225 NE 135 Street, North Miami, FL 33161;
        (RP11) 220 Sierra Drive, Miami, FL 33179;
        (RP13) 17475 S Dixie Highway, Miami, FL 33157.

    b. <u>Bank Accounts ("BA")</u>: All principal, deposits, interest, dividends, and/or any other amounts credited to the following:
        (BA23) Account number 1560025577 held at MB Financial Bank, N.A. in the name of Philip Esformes, Inc.;

       (BA24) Account number 1560024473 held at MB Financial in the name of Alvin Norman Knopf or Philip Esformes C/O Alvin Norman Knopf.

   c. <u>Business Interests ("BI")</u>: All equity interest held by or on behalf of or for the benefit of Philip Esformes in the following corporations and entities:

       (BI2) Almovea Associates LLC dba North Dade Nursing and Rehabilitation Center;

       (BI9) Kabirhu Associates LLC dba Golden Glades Nursing and Rehabilitation Center;

       (BI13) Takifhu Associates LLC dba South Dade Nursing and Rehabilitation Center.

   d. <u>Miscellaneous Personal effects ("M")</u>:

       (M1) One (1) Greubel Forsey Technique timepiece (ALDC No. 14);

       (M2) One (1) red Hermes Birkin purse from Golden Age Jewelry.

2. The Court hereby restrains, prohibits and enjoins:

   a. Defendant Esformes, his agents, servants, employees, attorneys, family members, heirs, and those persons in concert or participation with him; and

   b. all those persons who may be entitled to possession of any portion of the above-listed Real Properties ("RP"), Bank Accounts ("BA"), Business Interests ("BI") and Miscellaneous Personal Effects ("M"), whether by virtue of claim of title, security interest, lien, judgment, contract, or any other legal or equitable basis;

from directly or indirectly transferring, moving, concealing, selling, assigning, pledging, giving away, encumbering, destroying, dissipating, wasting, or otherwise destroying or alienating any of the identified properties or the Defendant Esformes's interest in such properties without prior approval of this Court upon notice and an opportunity for the United States to be heard. The restraint and prohibitions contained herein shall remain in effect until further order of this Court.

3. This protective order is effective upon the termination (on motion by the United States) of the Restraining Order entered in *United States v.*

*Esformes*, No. 16-cv-23148-KMW, as to the above-listed Real Properties ("RP"), Bank Accounts ("BA"), Business Interests ("BI") and Miscellaneous Personal Effects ("M").

**Done and ordered**, at Miami, Florida, on July 19, 2017.

*[signature]*
Robert N. Scola, Jr.
United States District Judge