UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20549-CR-SCOLA/OTAZO-REYES

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

PHILIP ESFORMES,
ODETTE BARCHA, and
ARNALDO CARMOUZE,

        Defendants.
_____/

## MOTION FOR LEAVE TO PARTICIPATE AS *AMICUS CURIAE*

The Federal Public Defender for the Southern District of Florida ("FPD") respectfully moves, pursuant to the Court's inherent authority, for permission to file a brief as *amicus curiae* regarding whether monitored telephone and email communications between Bureau of Prison inmates and their attorneys are privileged and protected from disclosure. *See* [DE 470:3 & n.2].

As the Court is aware, the FPD represents approximately 65% of the defendants charged in this district. In Fiscal Year 2016, the FPD opened over 2,100 cases. The majority of the FPD's clients are not released to bond and are held in the custody pursuant to a court order. In Fiscal Year 2016, for example, 61.9% of all defendants charged in this district were detained and never released. The attempt by Defendant Esformes to obtain through subpoena the telephone and email communications between a co-defendant and his attorney, if permitted, would

violate the Constitution and laws of the United States and have a significant impact on the FPD's ability to provide constitutionally effective representation for our clients. For this reason, the FPD seeks leave of the Court to participate as *amicus curiae* to address this issue.

Federal district courts possess the inherent authority to accept amicus briefs. *In re Bayshore Ford Truck Sales, Inc.*, 471 F.3d 1233, 1249 n.34 (11th Cir. 2006)("[D]istrict courts possess the inherent authority to appoint 'friends of the court' to assist in their proceedings."). Factors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is timely and useful or otherwise necessary to the administration of justice. Amici's role is to assist the court "in cases of general public interest by making suggestions to the court, by providing supplementary assistance to existing counsel, and by insuring a complete and plenary presentation of difficult issues so that the court may reach a proper decision." *N.A.A.C.P. v. Town of Harrison*, 940 F.2d 792, 808 (3d Cir. 1991). Based on this authority, the undersigned respectfully requests that this Court accept an amicus brief from the FPD regarding the above-identified issue.

Pursuant to local rule, the undersigned contacted two of the named prosecutors, several of Esformes's lawyers, and the lawyer for the person whose communications are sought, to obtain their respective positions on this motion. The lawyer for the targeted person has no objection. As of the time of the filing of this motion, the undersigned has not been able to ascertain the position of Defendant

Esformes or the government.

                                             **Respectfully submitted,**

                                             **MICHAEL CARUSO**
                                             **FEDERAL PUBLIC DEFENDER**

By:   *Michael Caruso*
        Florida Bar No. 051993
        150 West Flagler, Suite 1500
        Miami, Florida 33130-1555
        Tel: (305) 536-6900
        Fax: (305) 536-4559
        E-mail: michael_caruso@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on August 11, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                             *s/Michael Caruso*
                                             Michael Caruso