UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 16-20549-SCOLA/OTAZO-REYES

UNITED STATES OF AMERICA,

vs.

PHILIP ESFORMES,

        Defendant.

_____/

## DELGADO BROTHERS' MOTION FOR A PROTECTIVE ORDER TO PREVENT THE DISCLOSURE OF PRIVILEGED ATTORNEY-CLIENT COMMUNICATIONS AND SUPPORTING MEMORANDUM OF LAW.

Guillermo and Gabriel Delgado (the "Delgado brothers"), through undersigned counsel, request that the Court enter an Order protecting from disclosure certain telephone calls and email correspondence that constitute privileged attorney-client communications. The twenty-nine specific telephone calls and email exchanges that fall within the privilege are listed in the Privilege Log that has been filed with the Court. *See* DE:532. They represent a small fraction of the several thousand telephone calls and emails the Delgado brothers made or received over the relevant time period.

The Delgado brothers further request that the Court *defer ruling* on this motion until it has had the opportunity to consider an additional submission in general support of this request that the Federal Public Defender intends to file by August 28, 2017. *See* DE:509 (granting the Federal Public Defender's request for leave to file an Amicus Brief).

The Delgado brothers' motion is based on the following grounds:

    1.    As the Court knows, in response to a subpoena from defense counsel, the

1

Bureau of Prisons ("BOP") gathered and was prepared to disclose a large number of recorded telephone calls and emails from the Delgado brothers to numerous individuals, including undersigned counsel. At the hearing on July 18, 2017, the Court directed the BOP to produce the materials to undersigned counsel, and instructed undersigned counsel to file a Privilege Log identifying those exchanges which counsel deemed attorney-client privileged communications, which counsel has done. *See* DE:532. Additionally, the Court invited counsel to file this memorandum of law concerning the applicability of the attorney-client privilege to those communications. If the privilege does not, as a matter of law, apply to these communications, there may be no need to review the actual content of these exchanges to determine whether they are otherwise protected.

2. In general, the attorney client privilege protects communications a) between a client and his or her attorney b) that are intended to be kept confidential c) for the purpose of obtaining or providing legal advice. *See, e.g., In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007); *United States v. Schaltenbrand*, 930 F.2d 1554 (11th Cir. 1991). The party asserting the attorney-client privilege has the burden of proving that the privilege applies. *Schaltenbrand*, 930 F.2d 1554. The district court has wide discretion concerning rulings on claims of attorney-client privilege. *See United States v. Adlman*, 68 F.3d 1495, 1499 (2d Cir. 1995).

3. The main issue here is whether the Delgado brothers' telephone calls and emails to undersigned counsel, which would otherwise fall within the privilege, lose that protection because they were made while the Delgado brothers were in federal custody, subject to a certain amount of "monitoring" that may have caused the communications to shed

their confidentiality. It is worth noting that the communications here were made while the Delgado brothers were in custody at *FCI-Estill, South Carolina*, not at some institution down the street, where face-to-face private meetings to discuss time-sensitive legal matters might be deemed a feasible alternative to telephone calls and email.

4.      Defense counsel, who wish to breach the privilege on grounds that the Delgado brothers waived it by using the BOP telephone and email systems, have failed to present *any* evidence concerning those methods of communications to support a finding that the Delgado brothers waived the privilege by calling or emailing counsel from prison. Nevertheless, the Court has *some* evidence concerning how the BOP telephones and emails at Estill worked based on the materials that the BOP produced. For example, before one accepts a telephone call from the Delgado brothers, one is advised that the telephone call is being "recorded and is subject to monitoring." The emails are marked "sensitive but unclassified."

5.      These warnings fail to inform the Delgado brothers that their telephone calls and emails to counsel will be deemed non-privileged and un-protected by the courts, especially when the Delgado brothers (and counsel) took affirmative steps to attempt to preserve the confidentiality of the communications by expressly announcing that the communications were deemed privileged by the participants. *Cf. United States v. Prevo*, 435 F.3d 1343, 1346 (11th Cir. 2006) ("Of course, walls and posted signs cannot banish the Fourth Amendment from prisons"); *United States v. DeFonte,* 441 F.3d 92, 94 (2d Cir. 2006) (Individuals retain their attorney-client privileges when incarcerated or detained). On this record, therefore, the Court should decline to find that the Delgado brothers validly waived their otherwise protected attorney-client privilege by using the BOP telephone and email

systems.

6. Although federal courts have addressed variations of this issue in a few unpublished opinions, *see, e.g., United States v. Walia,* 2014 WL 3734522 at 16 (E.D.N.Y. 2014) (parties agreed that defendant's BOP emails to counsel were not privileged), this issue does not appear to have been addressed by our Court of Appeals, and appears only to have been recently addressed by the Honorable Cecilia M. Altonaga in *United States v. Salcedo,* Case No. 14-20286 (S.D.Fla.). In *Salcedo,* defense counsel also sought to obtain the cooperating witnesses' BOP telephone calls, emails, and visitor logs, including calls and emails to the witnesses' attorneys. The government and the witnesses' attorneys objected (the government later withdrew its objection).

7. Exactly what happened in *Salcedo* over the course of several weeks and hearings before Judge Altonaga is not entirely clear from the public record, and lawyers involved in the proceedings have somewhat different recollections of the events. However, Judge Altonaga's ultimate resolution of the matter, reflected in the Court's Order Regarding Disclosure of Inmate Records (DE:652, copy attached), was to *sustain the witnesses' assertion of the privilege,* holding that the defense was entitled to receive copies of the cooperating witnesses' telephone calls and emails "*with the exception of any records protected or prohibited from being disclosed by any privilege* or by statute or regulation other than the Privacy Act," which has already been entered here.

8. Especially with respect to time-sensitive matters involving clients who are in custody far away, as was the case here, there is *simply no way* for counsel (except perhaps counsel for the very wealthiest, for whom no cost or expense is too great) to render effective

4

assistance of counsel under the Sixth Amendment or perform his or her duties under the Rules of Professional Conduct *other than* to rely on the BOP telephone and email systems of communications. To the large extent that the courts have discretion and a say in this matter, federal courts should not countenance a two-tiered system of justice where only a few fortunate defendants have complete and unfettered access to confidential legal advice while the vastly overwhelming majority of defendants live life in a fishbowl.

WHEREFORE the Delgado brothers request that the Court enter an Order protecting from disclosure certain telephone calls and email correspondence that constitute privileged attorney-client communications.

Respectfully submitted,

JOAQUIN MENDEZ, P.A.
201 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone (305) 375-0886
Fax: (305) 375-0884
By:
s/ Joaquin Mendez
Joaquin Mendez, Esq.
Florida Bar No. 0814652
jm@jmendezlaw.com
jmendezlaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of August, 2017, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.

s/ Joaquin Mendez
Joaquin Mendez, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 14-20286-CR-ALTONAGA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SANTIAGO SALCEDO, *et al.*,

    Defendants.
_____/

**ORDER REGARDING
DISCLOSURE OF INMATE RECORDS**

This matter came before the Court for a hearing on this date on Defendant Salcedo's *Ex-Parte* Application for Issuance of Subpoenas Pursuant to Rule 17(b)(c) (hereinafter "Defendants' Motion") [ECF No. 602], filed March 8, 2016; and the Government's Sealed Motion to Quash Subpoena Issued *Under Seal* to Bureau of Prisons . . . ("Government's Motion") [ECF No. 626, filed March 23, 2016. At the conclusion of the hearing, the Government withdrew its Motion. In accordance with the agreement reached in open court, it is hereby

**ORDERED AND ADJUDGED** that Defendants' Motion is **GRANTED** in part, and the Government's Motion is **DENIED** as moot as follows:

This Order is entered for the purpose of protecting the right of privacy of those individuals whose names appear in the records sought by the Defendants, pursuant to their subpoenas and served on the Bureau of Prisons, ("BOP") in this case. The Court finds the records sought are relevant and material to the issues in this case and comply with the requirements of *United States v. Nixon*, 418 U.S. 683 (1974). The need for the disclosure of these records by the party seeking the disclosure outweighs the potential harm to the subjects of

Case 1:16-cr-20549-RNS Document 536 Entered on FLSD Docket 08/23/2017 Page 7 of 8
Case 1:14-cr-20286-CMA Document 652 Entered on FLSD Docket 04/18/2016 Page 2 of 3

CASE NO. 14-20286-CR-ALTONAGA

the disclosure. *See Perry v. State Farm fire & Casualty Company*, 734 F.2d 1441, 1447 (11th Cir. 1984).

Therefore it is **ORDERED** that

1) All records sought by the Defendants' subpoena shall be disclosed by the Bureau of Prisons to the Defense, with the exception of any records protected or prohibited from being disclosed by any privilege or by statute or regulation other than the Privacy Act, 5 U.S.C. § 552a.

2) For all undisclosed Government witnesses in BOP custody, the Government shall obtain the emails, phone calls and visitor logs of those witnesses from the BOP. The Government shall review those records for any and all information relating to the Third Superseding Indictment and all incidents alleged therein, with the exception of any records protected or prohibited from being disclosed by any privilege or by statute or regulation other than the Privacy Act, 5 U.S.C. § 552a. The Government shall preserve these records in order to provide them to defense counsel by **August 1, 2016**.

3) The BOP shall preserve all inmate records pertaining to those individuals or witnesses referenced in the subpoena until the conclusion of the trial.

4) The Government shall provide to BOP the names of the undisclosed witnesses who are in the custody of the BOP for purposes of complying with the above paragraph.

As it relates to the records subject to this Order, the sole purpose for which these records or information may be used, disclosed, or disseminated by the parties, their counsel, or any other person to whom the parties or their counsel disclose the records or information is for their

CASE NO. 14-20286-CR-ALTONAGA

defense in the above-captioned case, including preparation of the case, discovery, court filings in the case, pre-trial matters, hearings, trial, and any appeals. These records and the information contained within them shall not be disseminated or used by the parties, their counsel, or any other person to whom the parties or their counsel make disclosure for any other purpose.

**DONE AND ORDERED** in Chambers at Miami, Florida this 18th day of April, 2016.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record
U.S. Marshal
Bureau of Prison – FDC Miami