United States District Court
for the
Southern District of Florida

| United States of America, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Case No. 16-20549-CR-Scola |
| Philip Esformes, | ) | |
| Odette Barcha, | ) | |
| Arnaldo Carmouze, | ) | |
| Defendants. | ) | |

**<u>Order on Magistrate Judge's Report and Recommendation and Order</u>**

  This matter was referred to United States Magistrate Judge Alicia Otazo-Reyes for a report and recommendation on Defendant Esformes's Motion to Suppress Evidence of Warrantless Seizures ("Motion to Suppress") (ECF No. 261). On May 15, 2017, Judge Otazo-Reyes held an evidentiary hearing on the Motion to Suppress. (Report at 1, ECF No. 560). On July 21, 2017, Defendant Esformes filed a Motion to Stay Ruling and Re-Open Evidentiary Hearing on the Motion to Suppress ("Motion to Stay"), asserting that the Defendant's computer expert advised that one of the cell phones seized at the time of Esformes's arrest, the (224) iPhone, was turned on while in the FBI's custody, prior to the issuance of the search warrant for the phone. (Mot. to Stay, ECF No. 475.) The Defendant argued that this evidence directly contradicted Special Agent Myers's testimony at the evidentiary hearing that the phone was turned off and stored in an evidence locker pending the issuance of the search warrant. (*Id.* at 3.) The Court referred the Motion to Stay to Judge Otazo-Reyes to be heard and determined (ECF No. 476).

  On September 25, 2017, Judge Otazo-Reyes issued a Report and Recommendation and Order, recommending that the Court deny the Motion to Suppress, and denying as moot the Motion to Stay in light of her conclusion that the seizure of the cell phone was justified on the basis of the plain view doctrine. (Report at 9-10, ECF No. 560.) Esformes objects to Judge Otazo-Reyes's recommendation that the Motion to Suppress be denied as well as her denial of the Motion to Stay. (Obj.'s, ECF No. 587.) Esformes also requests that the Government be compelled to produce the chain of custody and evidence room logs from the date of the seizure of the (224) iPhone until the date the search warrant for the phone was issued. (*Id.* at 13-14.) In response, the Government argues that the evidence concerning the alleged warrantless search of the phone while it was in the FBI's custody is irrelevant

to the motion to suppress, which challenged the initial seizure of the phone. (Gov't's Resp. at 12, ECF No. 600.)

With respect to Judge Otazo-Reyes's recommendation that the Defendant's Motion to Suppress be denied, a district-court judge must conduct a *de novo* review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. With respect to Judge Otazo-Reyes's order denying as moot the Motion to Stay, Federal Rule of Civil Procedure 72(a) and Local Magistrate Judge Rule 4(a) require that a district judge apply a "clearly erroneous or contrary to law" standard of review when considering objections to non-dispositive rulings.

In order to have a complete evidentiary record to consider before the Court reviews the denial of the Motion to Suppress, the Court **overrules** Judge Otazo Reyes's order denying the Motion to Stay as moot and **orders** the Government to produce to Defendant Esformes the chain of custody and evidence room logs from July 22, 2016, the date of the seizure of the (224) iPhone, through August 12, 2016, the date the search warrant for the phone was issued. Accordingly, at this time the Court **declines to adopt** Judge Otazo-Reyes's recommendation that the motion to suppress be denied and **remands** this matter to Judge Otazo-Reyes to conduct an evidentiary hearing on the limited issue of whether the (224) iPhone was turned on and searched prior to the issuance of the search warrant for that phone.

The Court notes that this ruling does not address the merits of the Government's arguments concerning the relevance of this evidence to the Motion to Suppress. The Government may raise such arguments before Judge Otazo-Reyes and/or this Court after the evidentiary hearing has been conducted.

**Done and ordered**, at Miami, Florida, on October 31, 2017.

_____
Robert N. Scola, Jr.
United States District Judge