UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1 6-20549-CR-SCOLA/OTAZO-REYES

UNITED STATES OF AMERICA

    Plaintiff,

vs.

PHILIP ESFORMES, *et al.*

    Defendants.

_____/

**ORDER APPROVING UNOPPOSED AMENDED MOTION OF BUSINESS ENTITY 2801
HOLDINGS, LLC FOR APPROVAL OF PURCHASE AND SALE AGREEMENT
TO SELL REAL PROPERTY AND ASSETS KNOWN AS BI 10
LAUDERHILL MANOR ASSISTED LIVING FACILITY**

  **THIS MATTER** is before the Court on the Unopposed Amended Motion of Business Entity 2801 Holdings, LLC for Approval of Purchase and Sale Agreement to Sell Real Assets and Property Known as BI 10, operating as Lauderhill Manor Assisted Living Facility ("Motion, **D.E. 618**"), filed November 7, 2017, on which 2801 Holdings, LLC ("**2801**") seeks to sell certain real property and improvements located at 2801 NW 55th Avenue, Lauderhill, Florida 33313 (the "**Property**") on which Tenant/Operator, LAUDERHILL MANOR, LLC, a Florida limited liability company ("**Tenant/Operator**") operates a 105 bed assisted living nursing care facility commonly known as "Lauderhill Manor Assisted Living Facility" ("**Lauderhill Manor**"). 2801 seeks approval of a Purchase and Sale Agreement (as amended and reinstated, collectively, the "**Sale Agreement**") to sell the Property, including all buildings and improvements thereon to GOLD STANDARD OF CARE FT. LAUDERDALE, LLC, a Florida limited liability company ("**Gold Standard**") in the gross amount of Three Million Six Hundred Seventy-Five Thousand Dollars ($3,675,000.00), subject to further prorations and adjustments as maybe required under the Sale Agreement. The Court, having reviewed the Unopposed Motion and being otherwise fully advised in the premises,

it is:

**ORDERED AND ADJUDGED** that:

1. The Unopposed Motion for Approval of the Sale Agreement (**D.E 618**) is **granted.**

2. The Sale Agreement is approved by this Court and 2801 is expressly authorized to sell the Property to Gold Standard.

3. Tenant/Operator is expressly authorized to execute the Post-Closing Lease annexed to the Sale Agreement as well as any closing documents required by 2801 to effectuate the terms of the Sale agreement to Gold Standard, <u>provided</u> such documents conform the to the terms and conditions of the Sale Agreement approved by this Court. In accordance with this directive, Tenant/Operator may execute any post-closing documents required to shut down and close operations of Lauderhill Manor during the term of the Post-Closing Lease.

4. At Closing, Closing Agent for Gold Standard is directed to deliver to the Government via email to Alison.Lehr@usdoj.gov, a copy of the final Closing Statement evidencing gross and net proceeds to be received by 2801 at Closing as well as the amount of the 24.99 percent payable to minority member TIC Real Estate, LLC.

5. At Closing, all net Seller funds payable to TIC Real Estate LLC, as minority 24.99 percent member of Seller 2801, shall be delivered by Closing Agent via bank check made payable to the United States Marshals office and hand delivered together with a fully executed Closing Statement to the United States Attorney's office 99 N.E 4th Street, Suite 700, Miami, FL 33132 Attn: Alison Lehr, Esq., which shall remain in escrow until further Order from this Court authorizing disbursement.

**DONE AND ORDERED** in chambers at Miami Florida, on November 8, 2017.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

cc: counsel of record