UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20549-CR-SCOLA/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

PHILIP ESFORMES,
ODETTE BARCHA, and
ARNALDO CARMOUZE,

      Defendants.
_____/

## ORDER RE: DELGADO BROTHERS' PRIVILEGE CLAIMS

THIS CAUSE came before the Court upon the following submissions:

1. Guillermo and Gabriel Delgado's ("Delgado Brothers") Motion for a Protective Order to Prevent the Disclosure of Privileged Attorney-Client Communications and Supporting Memorandum of Law (hereafter, "Motion for Protective Order") [D.E. 536].

2. Delgado Brothers' Notice of Filing Privilege Log [D.E. 532].

3. Delgado Brothers' Notice of Filing *Amended* Privilege Log [D.E. 594].

4. Delgado Brothers' Notice of Filing Copies of Recorded Telephone Conversations and E-Mail Exchanges [D.E. 593].[1]

5. Delgado Brothers' Notice of Filing Second Privilege Log (FCI-JESUP) [D.E. 634].

6. Delgado Brothers' Second Notice of Filing Copies of Recorded Telephone Conversations and E-Mail Exchanges (FCI-JESUP) [D.E. 646].[2]

7. Defendant Philip Esformes' ("Defendant" or "Esformes") Response to Movants Delgados' Privilege Log [D.E. 542].

8. Defendant's Opposition to Non-Party Delgados' Motion for a Protective Order (hereafter, "Opposition to Motion for Protective Order") [D.E. 550].

---

[1] These materials were submitted to the undersigned for *in-camera* review on October 12, 2017.
[2] These materials were submitted to the undersigned for *in-camera* review on December 6, 2017.

9. Notice of Filing Exhibits in Support of Esformes [DE 542] Opposition to Delgados' Privileged Log and [DE 550] Opposition to Delgados' Motion for Protective Order (hereafter, "Notice of Filing Exhibits") [D.E. 577].

10. Defendant Esformes' Motion to Compel and Objections to Second Privilege Log (hereafter, "Motion to Compel") [D.E. 640].

11. Brief of Amicus Curiae Federal Public Defender (hereafter, "Amicus Brief") [D.E. 541].

12. Reply Brief of Amicus Curiae Federal Public Defender (hereafter, "Amicus Reply" [D.E. 554].

On October 3, 2017, the undersigned held a hearing on the Delgado Brothers' Privilege Claims. See Transcript of Hearing [D.E. 590].

Having carefully considered the matters presented in the foregoing submissions and the arguments of counsel at the October 3rd hearing, and having conducted an *in camera* review of the materials at issue, the undersigned DENIES the Delgado Brothers' Motion for Protective Order and GRANTS Defendant's Motion to Compel on the narrow basis set forth below.

## BACKGROUND

The Delgado Brothers are government cooperating witnesses in this case, who have entered cooperating guilty pleas in their own case. See Case No. 14-20359-CR-MARTINEZ (hereafter, "Case 14-20359") [D.E. 208, 212]. They have been sentenced, and are serving terms of imprisonment [Case 14-20359, D.E. 234, 235]. Gabriel Delgado ("Gabriel") was sentenced to 55 months and Guillermo Delgado ("Willy") was sentenced to 110 months. Id. On May 22, 2017, the government filed a Motion for a Rule 35 Reduction as to Gabriel's sentence [Case 14-20359, D.E. 248]. As a result, Gabriel's sentence was reduced to 36 months [Case 14-20359, D.E. 250, 251]. Willy's plea agreement also contemplates a possible sentence reduction motion pursuant to Fed. R. Crim. P. 35, [Case 14-20359, D.E. 208], but no such motion has yet been filed.

The government has produced to Defendant recorded communications between the Delgado Brothers and their prior counsel, Norman and Jane Moskowitz (the "Moskowitzes"), from 2014. See Opposition to Motion for Protective Order [D.E. 550 at 2]. Defendant served subpoenas on the Bureau of Prisons ("BOP") for recorded communications between the Delgado Brothers and their current counsel, Joaquin Mendez ("Mendez"), which have occurred while they are serving their sentences at FCI-Estill and FCI-Jessup. As a result of prior proceedings, those communications have been produced by the BOP and have been provided to Defendant, except for the communications involving Mendez that are the subject of the Delgado Brothers' claims of attorney client privilege, as listed in their *Amended* Privilege Log [D.E. 594] and Second Privilege Log [D.E. 634]. There are no attorney-client privilege claims for the BOP produced communications between the Delgado Brothers and the Moskowitzes.

## DISCUSSION

"The party invoking the attorney-client privilege has the burden of proving that an attorney-client relationship existed and that the particular communications were confidential." United States v. Schaltenbrand, 930 F.2d 1554, 1562 (11th Cir. 1991). "In order to show that communications made to an attorney are within the privilege, it must be shown that the communication was made to him confidentially, in his professional capacity, for the purpose of securing legal advice or assistance." Id. "The key question in determining the existence of a privileged communication is whether the client reasonably understood the conference to be confidential." Id. In this case, all of the communications at issue (recorded telephone calls and e-mails) were made utilizing prison facilities. As a result, the confidentiality element of the privilege is at issue.

The Delgado Brothers acknowledge that the use of prison facilities is expressly subject to monitoring and recording by way of notification at the outset of the communications. They argue, however, that they and Mendez took affirmative steps to protect the privilege by expressly announcing that the communications were deemed privileged by them. They also argue that in cases such as this one, where the client is incarcerated in a location that is far away from counsel, there is no effective way to communicate except through the use of prison facilities.

The Federal Public Defender (as Amicus) strongly argues that a blanket declaration that communications using prison facilities are not privileged would be detrimental to the work of his office and that of Criminal Justice Act ("CJA") counsel, given the time constraints under which they labor which necessitate the use of prison facilities for effective communication.

Defendant argues that the BOP requires inmates to expressly consent to monitoring and recording of communications using prison facilities and has provided proof of such consent for the Delgado Brothers. See Notice of Filing Exhibits [D.E. 577]. Defendant cites a number of non-binding cases for the proposition that knowing use of a monitored prison phone defeats a claim of privilege. See Opposition to Motion for Protective Order [D.E. 550 at 9-10]; see also Motion to Compel [D.E. 640 at 2-3] (summarizing the legal authorities upon which Defendant relies).

In United States v. Noriega, 917 F.2d 1543 (11th Cir. 1999), the Eleventh Circuit discussed a related question to the one presented here:

> In applying the law surrounding the attorney-client privilege to the facts of this case we will first assume, for the purpose of discussion, that Noriega did sign a valid release evidencing his understanding that *all* of his telephone conversations, including those with members of his defense team, would be recorded. Under such circumstances, it is conceivable that the District Court could find that Noriega's attorney-client privilege would not prohibit the government's recording of Noriega's telephone conversations with his defense attorneys because he had no reasonable expectation of privacy. However, this is a matter to be addressed by

>the District Court. If Noriega did intend his conversations with his defense attorneys to be confidential, after signing a release, the District Court would be required to ascertain whether this expectation was reasonable.

Id. at 1551.

In their privilege logs, the Delgado Brothers have marked with an asterisk the communications which they claim to have expressly identified as protected by the attorney-client privilege. See *Amended* Privilege Log [D.E. 594]; Second Privilege Log [D.E. 634]. With regard to the telephone calls, only two are so designated. See *Amended* Privilege Log [D.E. 594, April 5, 2006 and April 5, 2017 calls]. The undersigned listened to these calls and heard a passing mention of privilege in only one of the calls.[3] With regard to the e-mails, there is a claim of "attorney-client privilege" in the headers. However, several emails include the Delgado Brothers' wives, which vitiates the confidentiality required for assertion of the attorney-client privilege claim. Schaltenbrand, 930 F.2d at 1562.

As to the single telephone call and the e-mails solely between the Delgado Brothers and Mendez, the undersigned must determine whether the "attorney-client privilege" designation represents a reasonable expectation of privacy on their part after they signed the BOP releases. Noriega, 917 F.2d at 1551. As noted above, the government has produced to Defendant recorded communications between the Delgado Brothers and their prior counsel, the Moskowitzes, from 2014; and there are no attorney-client privilege claims for BOP produced communications between the Delgado Brothers and the Moskowitzes. Given these disclosures and their status as cooperating witnesses in this case, the Delgado Brothers cannot have a reasonable expectation of privacy in their recorded calls and emails with their current counsel, Mendez, using prison facilities.

---

[3] The telephone calls are in a mix of English and Spanish (commonly called "Spanglish"), which the undersigned is able to understand due to her fluency in the Spanish language.

In light of this determination, the undersigned finds no need to consider the broader policy issues argued by the Federal Public Defender in his Amicus Brief, or to make a blanket ruling regarding attorney-client privilege claims of inmates who use monitored prison facilities for communications with their counsel.

## **CONCLUSION**

Based on the foregoing considerations, it is

ORDERED AND ADJUDGED that the Delgado Brothers' Motion for Protective Order [D.E. 536] is DENIED and Defendant's Motion to Compel [D.E. 640] is GRANTED. Counsel for the Delgado Brothers SHALL SERVE on counsel for Defendant the recorded telephone conversations and e-mails withheld on the basis of the attorney-client privilege, *instanter*.

DONE AND ORDERED in Chambers, at Miami, Florida, this 11th day of December, 2017.

ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Robert N. Scola, Jr.
Counsel of Record