UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-20549-SCOLA/OTAZO-REYES (s)(s)(s)

UNITED STATES OF AMERICA

vs.

PHILIP ESFORMES,

      **Defendant.**

_____/

## GOVERNMENT'S OPPOSITION TO ESFORMES' MOTION TO EXCLUDE THE TESTIMONY OF DR. CIFU

The United States hereby opposes Defendant Philip Esformes' Motion to Exclude the Testimony of Expert Dr. Cifu. [D.E. 1159]. Defendant's Motion takes the additional disclosure provided by the Government—far in excess of its Rule 16 obligations—and turns it on its head, arguing that this additional disclosure that provides more detail to subjects <u>already</u> noticed somehow provides a basis to preclude Dr. Cifu's testimony. This drastic remedy is unwarranted.

Defendant erroneously claims that the Government's Supplemental Notice of Expert Testimony [D.E. 1156] amounts to a constructive amendment of the Third Superseding Indictment, in that it "broadens the charges" to seek a conviction on the basis of violations of Medicare guidance documents (chiefly sections of the Medicare Manual already admitted into evidence at GX 108). [D.E. 1159 at 2]. Defendant misreads the Government's supplemental disclosure, which simply provides more granular detail about the subjects previously noticed in the Government's previous expert disclosure for Dr. Cifu; and this prior disclosure was sufficient under Rule 16. For example, the Government's April 11, 2017 disclosure stated that Dr. Cifu would testify about the type of patients appropriate for SNF care and the appropriateness of treating psychiatric patients in a SNF. The supplemental disclosure goes one level deeper, advising that Dr. Cifu will testify

about, e.g., "the fact that treating patients with a primary diagnosis of psychiatric issues, and no coexisting medical problem warranting SNF admission, while sometimes justified, can violate the standards of care," "how a patient with a psychiatric condition should generally have a qualifying reason for SNF admission other than their psychiatric condition," and "[t]he dangers of intermingling elderly patients at a SNF with younger ambulatory patients whose primary diagnosis is a psychiatric condition." In respect to these and other matters identified in the supplemental disclosure, the Government has not identified any new opinions, but has merely given the Defendant a more detailed roadmap to Dr. Cifu's testimony on the broad points previously noticed.

The supplemental disclosure indicates that Dr. Cifu's testimony will be based on his professional experience as a Medical Director at a facility with a SNF component, and the Medicare Manual, Rules and Regulations. The Defendant bootstraps Dr. Cifu's reliance on various Medicare guidance documents into an argument that the government is somehow attempting to base criminal fraud charges on the violation of documents that lack the force of law. [D.E. 1159, at 7.]. Defendant repeatedly states in his Motion that Dr. Cifu will opine on the law. But nowhere does the supplemental disclosure state that Dr. Cifu will opine that a violation of a standard of care warrants a conviction; rather, the Medicare Manual, Rules and Regulations are a source that Dr. Cifu will rely on, together with his own substantial experience in the field, to inform his opinion about the appropriate standards for admission and treatment of patients in a SNF.

To be sure, the Government will argue that a central aspect of the charged fraud scheme was billing Medicare for patients who—according to Dr. Cifu's testimony and abundant other evidence introduced at trial—did not belong in a SNF, but that is quite different than "broadening" the charged conspiracy by having expert opine on entirely new subjects. The Defendant repeatedly argues, in his Motion and throughout this trial, that the Government is prosecuting him based on

the uncharged theory that he provided "substandard" or "worthless services," but as this Court has noted, this is incorrect. Instead, for example, the Government has argued that the Defendant bribed AHCA to get advance notice of inspections, and one motive for this was to hide the state of some of the facilities in the Esformes Network.

The Defendant cannot plausibly claim any surprise in Dr. Cifu looking to Medicare Rules and Regulations to inform his opinion on the standard of care: Government expert Stephen Quindoza already identified these standards applicable to SNFs set forth in those Rules and Regulations, and the defense did the same in Quindoza's cross-examination. The supplemental disclosure simply explains how Dr. Cifu will incorporate those standards in his opinions about how SNFs should operate in the real world. In an e-mail separate from its supplemental notice, in response to a request from defense counsel, the Government disclosed which specific Medicare guidelines Dr. Cifu would rely on, GX 108 and 116, which are hardly voluminous. In addition, in an attempt at more complete disclosure, the Government has provided a short expert report done by Dr. Cifu in a civil case involving SNFs in 2015, which shows his reliance on the Medicare Manuals to formulate his opinions on proper SNF treatment.

Finally, any danger of Defendant's violation of Medicare Rules and Regulations being taken as a crime in and of itself can be cured by an instruction. In order for the jury to properly evaluate Esformes' intent to defraud, it is highly relevant for the government: (a) to be able to present the Medicare guidelines that Esformes and the facilities he ran in an extremely hands-on manner agreed to follow, and (b) to show that he violated them. The admission of similar evidence (such as Local Coverage Determinations) to show what Medicare would and would not pay has been upheld in Medicare fraud trials in this district. The Defendant's argument is thus precluded by United States v. Gold, 743 F.2d 800, 815-6 (11th Cir. 1984).

The Defendant complained that he lacked sufficient information about Dr. Cifu's testimony to prepare for trial. [D.E. 1062, at 9-10.] The Court instructed the Government to give more information when possible on January 28, 2019, at a hearing. The Government has provided more information. Esformes now hyperbolically complains about getting _more_ detail about Dr. Cifu's expected testimony, and argues for exclusion, where the information provided in the supplemental disclosure can only _reduce_ any uncertainty or surprise about what Dr. Cifu will say.

For these reasons, the Defendant's motion should be denied.

Dated: March 6, 2019                          Respectfully submitted,

                                                ROBERT ZINK, ACTING CHIEF
                                                CRIMINAL DIVISION, FRAUD SECTION
                                                U.S. DEPARTMENT OF JUSTICE

                                                ARIANA FAJARDO ORSHAN
                                                UNITED STATES ATTORNEY
                                                SOUTHERN DISTRICT OF FLORIDA

                                  By: _/s/ James V. Hayes_
                                      James V. Hayes (FL Bar # A5501717)
                                      James.Hayes@usdoj.gov
                                      Trial Attorney
                                      United States Department of Justice
                                      Criminal Division, Fraud Section
                                      1400 New York Ave., NW
                                      Washington, DC 20005
                                      Tel: (786) 447-9563

**CERTIFICATE OF SERVICE**

I, hereby certify that, on March 6, 2019, a true and correct copy of the foregoing was filed and served on all counsel via the CM/ECF system.

                                                                _/s/ James V. Hayes_
                                                                James V. Hayes