UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-20549 SCOLA

UNITED STATES OF AMERICA

v.

PHILIP ESFORMES,

        **Defendant.**

_____/

### GOVERNMENT'S RENEWED MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT ABOUT PRIOR INDICTMENTS IN THIS CASE

On February 10, 2019, the Government, as part of its Omnibus Motion In Limine [D.E. 1105], asked the Court to exclude evidence, argument, or lines of questioning in cross-examination, concerning the prior indictments and charges in this case, [id., at pp. 7-8], including, but not limited to, the prior alleged loss amounts. The Court has not yet ruled on this Motion, and the Defendant has not yet attempted to elicit such testimony in cross-examination. However, the Defendant may intend to attempt to introduce such evidence when Mike Petron, the summary witness for the Government, testifies sometime early next week. Thus, the Government renews this Motion In Limine.

The Grand Jury returned the original indictment in this case on July 21, 2016. [D.E. 3]. Superseding indictments were returned on February 3, 2017, February 15, 2017, and July 19, 2018. [D.E. 198, 200, 869]. The Defendant is proceeding to trial on the Third Superseding Indictment. [D.E. 869]. As the case has progressed, and the Government has continued to investigate, the Government has added some charges, dropped others, and changed some of the factual allegations as new information was discovered. The Government anticipates that the Defendant will seek to introduce evidence or make arguments about prior indictments when cross-examining Mr. Petron

1

in an effort to demonstrate that the Government no longer believes certain previously alleged conduct took place, or because the Government made factual corrections or additions to its charges.

The Government has broad discretion regarding charging decisions, including whether to dismiss a charge. See Fed. R. Crim. P. 7 & 48(a); Rinaldi v. United States, 434 U.S. 22, 29 (1977). Whether the Government has properly charged a defendant is an issue of law for the trial court, not the jury. See generally United States v. Zayas-Morales, 685 F.2d 1272, 1278 (11th Cir. 1982); United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004). If an indictment is proper, the Government is entitled to present evidence relevant that indictment. See Salman, 378 F.3d at 1268.

Therefore, the Government's prior dismissal of other related charges is not relevant to the trial of the current indictment, and questioning regarding prior charges is properly excluded. See United States v. Patterson, 406 Fed. Appx. 773, 779 (4th Cir. 2011). In Patterson, the Fourth Circuit considered whether the defendant was entitled to cross-examine law enforcement witnesses regarding state crack cocaine possession charges that had been dismissed before the federal trial regarding an alleged cocaine distribution conspiracy. Id. at 779. The court held that the dismissal of the related prior charges was irrelevant to determination of the federal conspiracy indictment, noting that "the reason why the state charges were dismissed could be entirely unrelated to whether the Defendants committed the acts described." Id. Moreover, the court noted, "such evidence would have been only marginally relevant and confused the issues before the jury." Id.

Here, evidence or argument regarding the Government's decision to dismiss or amend charges—a decision that may well be strategic rather than a reflection of the Defendant's conduct—is wholly irrelevant. The Government's prior charging decisions bear no relevance to the issue before the jury: whether the Defendant committed the currently charged crimes. Once a charge is dismissed or amended, the jury makes no determination of whether the Government has met its evidentiary burden as to that charge, and thus evidence related to that charge, or the fact

that it was dismissed is not relevant. Evidence or argument regarding the meaning of those prior charging decisions should also be excluded under Rule 403, as it will confuse and mislead the jury into believing that such dismissal has significance to the case before it. Consequently, the Court should exclude any questioning and argument regarding the prior indictments. This should include, but not be limited to, and questions, argument, or evidence regarding the loss amount alleged in prior indictments, which would unnecessarily confuse the jury in the same manner.

## CONCLUSION

The United States of America respectfully requests that the Court exclude evidence or argument concerning the prior indictments and charges in this case, including, but not limited to, the previously alleged loss amounts.

Dated:  March 9, 2019

Respectfully submitted,

ROBERT ZINK, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

*/s/ James V. Hayes*
James V. Hayes (A5501717)
Trial Attorney
James.Hayes@usdoj.gov
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (786)-447-9536

## CERTIFICATE OF SERVICE

I hereby certify that, on March 9, 2019, a true and correct copy of the foregoing was filed and served on all counsel of record via the CM/ECF system.

*/s/ James V. Hayes*
Trial Attorney