**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 16-CR-20549-CR-SCOLA(s)(s)(s)**

**UNITED STATES OF AMERICA,**

**v.**

**PHILIP ESFORMES,**

          **Defendant.**
_____/

**UNITED STATES' BENCH MEMORANDUM REGARDING**
**CRIMINAL FORFEITURE AND BIFURCATED PROCEEDING**

Pursuant to Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure,[1] the United States of America (hereinafter, the "United States" or the "Government"), by and through its undersigned counsel, hereby respectfully requests that the Court, before the jury begins its deliberations, inquire whether Defendant Philip Esformes requests that the jury be retained after a guilty verdict to determine the forfeitability of the specific property sought for criminal forfeiture. To aid the Court, the United States also submits this memorandum on the applicable rules and procedure governing criminal forfeiture in this case and the accompanying proposed jury instructions and a special verdict form.  The United States is not requesting to retain the jury for forfeiture.

_____

[1] Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure, which establishes a statutory right to a jury trial on the forfeiture allegations, states, in relevant part:

> (5) *Jury Determination.*
>     (A) *Retaining the Jury.* In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, ***the court must determine before the jury begins deliberating*** whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict.

Fed. R. Crim. P. 32.2(b)(5)(A) (emphasis added).

## I.   BRIEF PROCEDURAL HISTORY

1.      On July 19, 3018, a federal grand jury sitting in the United States District Court for the Southern District of Florida returned a Third Superseding Indictment, charging Defendant Philip Esformes (the "Defendant"), with, *inter alia*,  federal health care offenses as defined by 18 U.S.C. § 24, money laundering offenses, and obstruction of justice.  3d Superseding Indictment, ECF No. 869.

2.      Based on a federal grand jury's probable cause finding, the Third Superseding Indictment alleged that upon conviction of the Defendant's charged offenses, the following specific property, which includes specific bank accounts, health care facilities, real properties, and personal items, is subject to forfeiture, pursuant to pursuant to 18 U.S.C. § 982(a)(7), 18 U.S.C. § 982(a)(1), and 18 U.S.C. § 981(a)(1)(C) (collectively, the "Subject Assets"):[2]

(a)      Bank Accounts ("BA"): All principal, deposits, interest, dividends, and/or any other funds credited to the following bank accounts:

(BA1) Account number 898049003513 held at Bank of America, N.A. in the name of Sherri Beth Esformes and Philip Esformes;

(BA2) Account number 003676209546 held at Bank of America, N.A. in the name of Philip Esformes and Julie Betancourt;

(BA3) Account number 102747 held at 1st Equity Bank, N.A. in the name of Sherri Esformes, Jason Tennenbaum, and Philip Esformes;

(BA4) Account number 311901 held at 1st Equity Bank, N.A. in the name

---

[2] The forfeiture allegations of the Third Superseding Indictment also provide notice that the United States seeks the entry of a forfeiture money judgment against the Defendant.  However, as discussed herein, the Court determines the amount to impose as a forfeiture money judgment against the Defendant.  Accordingly, the Government has intentionally omitted any reference here in listing the Subject Assets.

of Sherri Esformes and Philip Esformes;

(BA5) Account number 204735 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. (c/o Norman Knopf);

(BA6) Account number 503456 held at 1st Equity Bank, N.A. in the name of Sherri Esformes and Philip Esformes (Special Account Tax Escrow);

(BA7) Account number 209882 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. (c/o Norman Knopf);

(BA8) Account number 312320 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. Pension Plan & Trust;

(BA9) Account number 606212 held at 1st Equity Bank, N.A. in the name of Philip Esformes, Sherri Esformes, and Alvin Norman Knopf (f/b/o Sherri Esformes and Philip Esformes);

(BA10) Account number 454362 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. Pension Plan & Trust;

(BA11) Account number 507858 held at 1st Equity Bank, N.A. in the name of Philip Esformes and Julie Betancourt - Charity Account;

(BA12) Account number 505872 held at 1st Equity Bank, N.A. in the name of Philip Esformes and Sherri Esformes;

(BA13) Account number 606296 held at 1st Equity Bank, N.A. in the name of Philip Esformes (c/o Alvin Norman Knopf);

(BA14) Account number 1560024295 held at MB Financial Bank, N.A. in the name of Philip Esformes or Alvin Norman Knopf;

(BA15) Account number 800642176 held at MB Financial Bank, N.A. in

the name of Philip Esformes or Alvin Norman Knopf;

(BA16) Account number 1560025577 held at MB Financial Bank, N.A. in the name of Philip Esformes, Inc.;

(BA17) Account number 1560024473 held at MB Financial Bank in the name of Alvin Norman Knopf or Philip Esformes;

(BA18) Account number 16021230 held at National Securities Bank, N.A. in the name of Philip Esformes Inc. Pension;

(BA19) Account number 0002369785 held at The Private Bank, N.A. in the name of Adirhu Associates LLC;

(b)     Business Interests ("BI"):   All interest held by, on behalf of, or for the benefit of defendant Philip Esformes in the following business entities and their assets, including, but not limited to, real property and financial accounts, or the remaining share of the net seller proceeds from any interlocutory sale of such assets ordered by the Court:

### *Oceanside Extended Care Center*

(BI1A) A.D.M.E. Investment Partners LTD (operating company);

(BI1B) A.D.M.E. Real Estate LLC (property company), which is the titled owner of real property located at 550 9th Street, Miami Beach, Florida 33139;

### *North Dade Nursing and Rehabilitation Center*

(BI2A) Almovea Associates LLC (operating company);

(BI2B) 1255 LLC (property company), which is the titled owner of real property located at 1235 N.E. 135th Street, North Miami, Florida 33161;

### *Harmony Health Center*

(BI3A) Ayintove Associates, LLC (operating company);

4

(BI3B) GBRE Associates LLC (property company), which is the titled owner of real property located at 9820 N. Kendall Drive, Miami, Florida 33176;

**Courtyard Manor**

(BI4A) Courtyard Manor Retirement Living, Inc. (operating company);

(BI4B) Courtyard Manor Retirement Investors Ltd. (property company), which is the titled owner of real properties located at 130, 140, 150 and 160 W. 28th Street and 141 W. 27th Street, Hialeah, Florida 33010;

**Eden Gardens**

(BI5A) Eden Gardens, LLC (operating company);

(BI5B) Adar Associates LLC (property company), which is the titled owner of real property located at 12221 W. Dixie Highway, Miami, Florida 33161;

**Fair Havens Center**

(BI6A) Fair Havens Center, LLC (operating company);

(BI6B) Fair Havens Real Estate, LLC (property company), which is the titled owner of real property located at 201 Curtiss Parkway, Miami, Florida 33166;

**Flamingo Park Manor**

(BI7A) Flamingo Park Manor LLC (operating company);

(BI7B) The Pointe Retirement Investors Ltd. (property company), which is the titled owner of real property located at 3051 E. 4th Avenue, Hialeah, Florida 33010;

**South Hialeah Manor**

(BI8A) Lake Erswin LLC (operating company);

(BI8B) Morsey LC (property company), which is the titled owner of real

5

properties located at 240, 250 and 260 E. 5th Street, Hialeah, Florida 33010;

***Golden Glades Nursing and Rehabilitation Center***

(BI9A) Kabirhu Associates LLC (operating company);

(BI9B) 220 Sierra LLC (property company), which is the titled owner of real property located at 220 Sierra Drive, Miami, Florida 33179;

***Lauderhill Manor***

(BI10A) Lauderhill Manor, LLC (operating company);

(BI10B) 2801 Holdings LLC (property company), which was the titled owner of real property located at 2801 N.W. 55th Avenue, Lauderhill, Florida 33313;

***La Serena Retirement Living, formerly known as La Hacienda Gardens***

(BI11A) La Hacienda Gardens LLC (operating company);

(BI11B) Rainbow Retirement Investors Ltd. (property company), which is the titled owner of real properties located at 59, 67, and 75 E. 7th Street, Hialeah, Florida 33010;

***The Nursing Center at Mercy***

(BI12A) Sefardik Associates, LLC (operating company);

***South Dade Nursing and Rehabilitation Center***

(BI13A) Takifhu Associates LLC (operating company);

(BI13B) 17475 LLC (property company), which is the titled owner of real property located at 17475 S. Dixie Highway, Miami, Florida 33157;

***North Miami Retirement Living***

(BI14A) Jene's Retirement Living, Inc. (operating company);

(BI14B) Jene's Retirement Investors Ltd. (property company), which is the titled owner of real property located at 1595 N.E. 145th Street, Miami, Florida 33161;

**Southern Winds Health**

(BI15A) Southern Winds Health, LLC (operating company);

(BI15B) 4225 LLC (property company), which is the titled owner of real property located at 4225 W. 20th Avenue, Hialeah, Florida 33012;

(c)     Other Real Property ("RP"): Real property, together with all appurtenances, improvements, fixtures, easements and attachments, therein and/or thereon, which are known and numbered as follows, or the remaining share of the net seller proceeds from any interlocutory sale of such assets ordered by the Court:

(RP1)  5077 N. Bay Road, Miami Beach, Florida 33140;

(RP2)  5069 N. Bay Road, Miami Beach, Florida 33140;

(RP3)  980 W. 48th Street, Miami Beach, Florida 33140;

(RP4)  180 E. Pearson, Unit 7201, Chicago, Illinois 60611;

(RP5)  6849-50 S. Clyde Avenue, Chicago, Illinois 60649; and

(RP6)  9427 Sawyer Street, Los Angeles, California 90035;

(d)     Miscellaneous Personal Effects ("M"):

(M1)   One (1) Greubel Forsey Technique timepiece (ALDC No. 14); and

(M2)   One (1) red Hermes Birkin purse from Golden Age Jewelry.

3d Superseding Indictment 41-48.

3.      A jury trial commenced on February 11, 2019.  *See* Minute Entry, ECF No. 1110.

4.      On March 14, 2019, the United States rested, and the Court denied, in part, and

granted, in part, Defendant's motion for judgment of acquittal pursuant to Rule 29 of the Federal

Rules of Criminal Procedure.  *See* Minute Entry, ECF No. 1185; Order, ECF No. 1184.

      5.     The trial against the Defendant is now proceeding on the following counts of the

Third Superseding Indictment:

| | |
|---|---|
| <u>Count 1</u>: | Conspiracy To Commit Health Care and Wire Fraud (18 U.S.C. § 1349) |
| <u>Count 6</u>: | Conspiracy To Defraud the United States and Pay and Receive Health Care Kickbacks (18 U.S.C. § 1347) |
| <u>Counts 8-9</u>: | Receipt of Kickbacks in Connection with a Federal Health Care Program (42 U.S.C. § 1320a-7b(b)(1)(A)) |
| <u>Counts 10-15</u>: | Payment of Kickbacks in Connection with a Federal Health Care Program (42 U.S.C. § 1320a-7b(b)(2)(A)) |
| <u>Count 16</u>: | Conspiracy To Commit Money Laundering (18 U.S.C. § 1956(h)) |
| <u>Counts 18-23, 25-30</u>: | Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i)) |
| <u>Count 31</u>: | Conspiracy To Commit Federal Program Bribery (18 U.S.C. § 371) |
| <u>Count 32</u>: | Conspiracy To Commit Federal Program Bribery and Honest Services Fraud (18 U.S.C. § 371) |
| <u>Count 33</u>: | Federal Program Bribery (18 U.S.C. § 666) |
| <u>Count 34</u>: | Obstruction of Justice (18 U.S.C. § 1503). |

*See id.*

## II.    RULES AND PROCEDURE FOR BIFURCATED FORFEITURE PROCEDURE

### A.  <u>Jury's Role and Requirements</u>

Should the jury return a verdict finding the Defendant guilty of one or more of the offenses charged in the Third Superseding Indictment, the Government will seek the criminal forfeiture of the Subject Assets.

As part of a defendant's sentence, forfeiture is determined by the Court. *See Libretti v. United States*, 516 U.S. 29 (1995); Fed. R. Crim. P. 32.2(b)(1)(A).  However, in cases tried before a jury involving the forfeiture of specific property, either party has a statutory right to retain the jury to determine whether the requisite forfeiture nexus exists. *See id.*; Fed. R. Crim. P. 32.2(b)(5). In such cases, "the court must determine *before the jury begins deliberating* whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." Fed. R. Crim. P. 32.2(b)(5)(A) (emphasis added).  If a timely request is made to retain the jury, the Government will submit a special verdict form asking the jury "to determine whether the government has established the requisite nexus between the property [sought for forfeiture] and the offense committed by the defendant." Fed. R. Crim. P. 32.2(b)(5)(B).  *Accord United States v. Curbelo*, 726 F.3d 1260, 1278 (11th Cir. 2013) (If a "party requests that a jury determine the forfeitability of specific property, the district court must submit that question to the jury by way of a special verdict form.").

In accordance with Rule 32.2(b)(5)(A) of the Federal Rules of Criminal Procedure, the Government again respectfully requests that the Court, before the jury begins its deliberations, inquire whether the Defendant requests that the jury be retained after guilty verdict to determine the forfeitability of the Subject Assets.

### B.  **Burden of Proof**

Because forfeiture is part of a defendant's sentence, the United States must establish by a preponderance of the evidence the requisite forfeiture nexus between the Subject Assets and the offense(s) of Defendant's conviction.  *See United States v. Cabeza*, 258 F.3d 1256, 1257-58 (11th Cir. 2001) (citing *United States v. Dicter*, 198 F.3d 1284, 1290 (11th Cir. 1999)) (the burden of proof on forfeiture is a preponderance of the evidence notwithstanding the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)).  *See also Libretti*, 516 U.S. at 38-41 (1995) (holding that criminal forfeiture is part of the sentencing process).

### C.  **Relevant Evidence**

The determination of forfeitability of specific property "may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B).  Neither the Federal Rules of Evidence, nor any other rule, prohibits the Court from admitting hearsay statements or any other information that the Court accepts as relevant and reliable.  *See* Fed. R. Evid. 1101(d)(3) (stating that the Federal Rules of Evidence are inapplicable in sentencing proceedings).

In addition to evidence already in the record in this case, the Government may present additional evidence during the forfeiture phase of trial.

### D.  **Forfeiture Money Judgment / Substitute Assets[3]**

A jury's role in determining forfeiture is limited to specific property sought for forfeiture. Therefore, the Court, not the jury, must determine the amount of money the Defendant will be ordered to pay as a forfeiture money judgment. *See* Fed. R. Crim. P. 32.2(b)(1)(A) ("The court

---

[3] The Third Superseding Indictment also alleges certain Substitute Personal Property is subject to criminal forfeiture as substitute property, pursuant to 21 U.S.C. § 853(p). *See* 3d Superseding Indictment 48.

must determine the amount of money that the defendant will be ordered to pay"); *see also Curbelo*, 726 F.3d at 1278 ("We remain persuaded that the court, not a jury, should determine the amount of a money judgment forfeiture.").

Once a forfeiture money judgment is entered by the Court, the Government is entitled to the forfeiture of the substitute property, a defendant's other property, up to the value of the judgment pursuant to 21 U.S.C. § 853(p). The forfeiture of substitute assets is mandatory, and there is no right to have a jury determine the forfeitability of substitute assets. *See United States v. Alamoudi*, 452 F.3d 310, 314 (4th Cir. 2006). Notably, because substitute assets may include *any* property of a defendant, neither the jury nor the Court need to determine a forfeiture nexus between such property and the crimes of conviction. *See United States v. Bryson*, 105 Fed. Appx. 470, 475 (4th Cir. 2004) (defendant cannot object to the forfeiture of a substitute asset on the grounds that it was not traceable to the offense); *United States v. McCorkle*, No, 6:98-CR-52-ORL-19JGG (M.D. Fla. Jan. 8, 2001) (there is no bar against forfeiture – as a substitute asset – of the property the jury declined to find subject to direct forfeiture).

### E.  Third-Party Interests

The factfinder, either the jury or the Court, is not required to determine the extent of the Defendant's interest in the Subject Assets as that issue is not a matter for consideration in the forfeiture proceedings but is instead reserved for the ancillary proceedings following trial. *See generally* Fed. R. Crim. P. 32.2. *See also* Fed. R. Crim. P. 32.2 advisory committee note (2000) (discussing reason for eliminating confusion over whether extent of defendant's ownership interest should be determined by the jury and for providing that under the new rule the court simply enters an order of forfeiture "of whatever interest a defendant may have in the property without having to determine exactly what that interest is").

### III.   APPLICABLE CRIMINAL FORFEITURE STATUTES

If retained, the jury's sole inquiry in the forfeiture phase of trial would be "whether the government has established the requisite nexus between the property and the offense."  Fed. R. Crim. P. 32.2(b)(1)(B).  Below are the applicable criminal forfeiture statutes in this case, which each set forth the requisite forfeiture nexus for the listed offenses.

#### A.   18 U.S.C. § 982(a)(7) – Federal Health Care Offenses

Federal law directs that the Court, "in imposing sentence on a person convicted of a Federal health care offense shall order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense." 18 U.S.C. § 982(a)(7); *see also* 18 U.S.C. § 24 (defining "Federal health care offense").

The term "proceeds" includes "all manner of property in the defendant's possession and fairly considered as derived from the crime of conviction." *United States v. Torres*, 703 F.3d 194,199 (2d Cir. 2012).  Indeed, "so long as there is a causal nexus between the wrongdoer's possession of the property and her crime, the property may be said to have been 'obtained' by her 'indirectly' as a result of her offense."  *Id.  See, e.g., United States v. Miller*, 2012 WL 2362366, at *2 (E.D. Pa. June 21, 2012) ("[I]f money derived from drug trafficking is used to purchase real property, and that real property is used as collateral for a loan, the loan represents the proceeds of drug trafficking activity[.]").

Additionally, if an asset has appreciated since the initial purchase, the United States is entitled to forfeit the entire amount, including the increased value.  *See, e.g., United States v. Betancourt*, 422 F.3d 240 (5th Cir. 2005) (if defendant buys a lottery ticket with drug proceeds, the lottery winnings are traceable to the offense even though the value of the ticket appreciated enormously when it turned out to contain the winning number); *United States v. Hill*, 46 F. App'x

838, 839 (6th Cir. 2002) (stock that appreciates in value is forfeitable as property traceable to the originally forfeitable shares).

### B.  18 U.S.C. § 982(a)(1) – Money Laundering

In imposing sentence on a defendant convicted of a money laundering offense, the Court must order that "the person forfeit to the United States any property, real or personal, *involved in* such offense, or any property *traceable to* such property." 18 U.S.C. § 982(a)(1) (emphasis added).

The Eleventh Circuit has broadly interpreted the phrase "involved in" to encompass "the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense." *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003) (quoting *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998)) (internal quotation marks omitted); *United States v. Seher*, 562 F,3d 1344, 1368 (11th Cir. 2009) (quoting *Puche*, 350 F.3d at 1153).  Property would facilitate an offense if it makes the prohibited conduct less difficult or more or less free from obstruction or hindrance.  *Seher*, 562 F.3d at 1368.  Additionally, as previously noted, if an asset has appreciated in its value since the initial purchase, the United States is entitled to forfeit the entire amount, including the increased value. *See United States v. Hawkey*, 148 F.3d 920, 928 (8th Cir. 1998) (motor home purchased in violation of section 1957 money laundering is forfeitable in its entirety as property traceable to the money laundering offense, irrespective of whether the appreciation is due to wise investment, effort expended by the defendant, or the infusion of untainted funds).

### C.  18 U.S.C. § 981(a)(1)(C) – Obstruction of Justice

In imposing sentence on a defendant convicted of a violation of 18 U.S.C. § 1503, the Court shall forfeit to the United States the following property: any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting "specified unlawful

activity," or a conspiracy to commit such offense.   18 U.S.C. § 981(a)(1)(C) (made criminally

applicable by 28 U.S.C. § 2461(c)).   Obstruction of justice in violation of 18 U.S.C. § 1503 is a

"specified unlawful activity."   *See* 18 U.S.C. § 1956(c)(7); *see also* 18 U.S.C. § 1961(1).


Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:    *s/ Nalina Sombuntham and Daren Grove*
_____
Nalina Sombuntham (Fla. Bar No. 96139)
Daren Grove (Court No. A5501243)
Assistant United States Attorneys
99 N.E. 4th Street, 7th Floor
Miami, Florida  33132-2111
Telephone:  (305) 961-9224, (954) 660-5774
Facsimile:    (305) 530-6166
nalina.sombuntham2@usdoj.gov
daren.grove@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served electronically using CM/ECF on March 16, 2019, on all parties of record on the Service List.

*s/ Nalina Sombuntham*
Nalina Sombuntham
Assistant United States Attorney