UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-20549-SCOLA/OTAZO-REYES (s)(s)(s)

UNITED STATES OF AMERICA

v.

PHILIP ESFORMES,

      **Defendant**

                                        /

## MOTION TO EXCLUDE TESTIMONY FROM JUDGE THOMAS J. REBULL, JONATHAN OSTROMAN, AND RICARDO CARCAS

On Wednesday, March 19, 2019, this Court ordered Defendant Philip Esformes to produce their witness for Friday and next Monday. Defendant supplied a witness order via e-mail on the night of March 20, 2019, at 9 p.m. At 2:09 pm on March 21, 2019, counsel for Defendant Philip Esformes changed the witness order and informed the government that they intend to call Judge Thomas J. Rebull as a witness tomorrow morning. At 4:30 pm on March 21, 2019, counsel for Esformes updated the witness list to include Special Agent Jonathan Ostroman from the FBI and Special Agent Ricardo Carcas from HHS-OIG, both case agents in this matter. At 6:00 pm on March 21, 2019, counsel for Esformes, after being pressed by the government, specified that the witness order tomorrow morning is: Special Agent Ostoman, Special Agent Carcas, and Judge Rebull. It appears that Esformes intends to call Judge Rebull, FBI Agent Jonathan Ostroman, and HHS-OIG Agent Ricardo Carcas in an attempt to impeach Guillermo Delgado. Because such evidence is late disclosed in contravention of the Court's Order, in not even impeachment in the

first place, and is not permitted under Eleventh Circuit law and Federal Rule of Evidence 608(b), the Court should exclude the testimony from these witnesses.

## BACKGROUND

### A. Trial Testimony

During cross-examination, counsel for Esformes attempted to question Gabriel Delgado about legal advice he received from Judge Rebull, who was then working as an attorney. Counsel for Gabriel Delgado objected based on privilege and the Court appropriately sustained the objection. February 22, 2019 Tr. at 80-81. Counsel for Esformes then tried to question Gabriel Delgado about discussions Judge Rebull had with his brother, Guillermo, but Gabriel Delgado had no knowledge about the conversations between his brother and Judge Rebull. *Id*.

During the cross examination of Guillermo Delgado, counsel for Esformes again tried to probe advice given by Judge Rebull. Guillermo Delgado testified about what he told the FBI about Judge Rebull. February 26, 2019 Tr. at 91. Counsel Esformes put a September 21, 2015 FBI interview report in front of Guillermo Delgado to try to impeach him with the report. *Id*. at 93. The Court sustained the government's objection to further questions about what was contained in the FBI report in light of Guillermo Delgado's testimony about what he told the FBI. *Id*.

Counsel for Esformes then asked Guillermo Delgado about a December 16, 2015 debriefing with the government, where Guillermo Delgado mentioned Judge Rebull's name. *Id.* at 104. Counsel for Esformes repeatedly asked Guillermo Delgado if he was making "accusations" against Judge Rebull to the FBI, or if he was seeking to "cooperate" against him; and Guillermo Delgado repeatedly made clear that he was <u>not</u> despite repeated (and deliberately confusing) questions in this regard. *Id*. at 93, 104-106. Guillermo Delgado emphasized that he was friends with Judge Rebull more than 8 years ago, and, importantly, that any such conversations he had

2

with Judge Rebull, the nature of which was unclear, absolutely took place <u>before he was a judge</u>. *Id*. at 105.  Guillermo Delgado denied fabricating anything about Judge Rebull in his debriefings with the FBI or HHS-OIG.[1]  *Id*. at 105.   There is thus no basis to drag Judge Rebull into this case.

### B. Interview Reports

Special Agent Ostroman authored a report from the September 21, 2015 interview where Guillermo Delgado first discussed Judge Rebull.  Special Agent Carcas authored the HHS-OIG report from a December 16, 2015 interview with Guillermo Delgado.  Each report devotes <u>one sentence</u> to Judge Rebull.  The government will provide both the Court tomorrow morning; neither provide a meaningful avenue for impeachment of the Delgado Brothers.

### ARGUMENT

First, Esformes did not follow through on his March 20, 2019 representation that he would notify the government later that same day of the witnesses for tomorrow and next Monday.  As described in more detail below, all three witnesses raise significant legal issues that require consideration by the Court and the parties.  Despite this, just over 12 hours before trial begins tomorrow morning, Esformes informed the government that he intends to call two government agents and a sitting judge.  This tactic, repeated virtually every day, provides an independent basis to exclude these proposed witnesses.  This is especially given the case that Defendant's proposed witnesses raise complicated legal issues, including the attorney client privilege, which need to be resolved before the Court can determine the appropriateness of this testimony.  This is precisely the situation this Court has sought to avoid by asking for prior disclosure of witnesses.

---

[1] To the extent the Judge Rebull learned this information while acting as Guillermo Delgado's lawyer, any advice Judge Rebull offered would obviously be privileged.

3

Thus, the only thing that should conceivably take place tomorrow regarding these three witnesses is Esformes' proffer to the Court as to why he needs testimony from these three witnesses, their relevance, and to what Judge Rebull will testify. This will flesh out the issues and allow the Court to evaluate whether such testimony is even necessary, and will give the government a reasonable time to respond. And rather than waste the jury's time, this proffer should take place <u>after</u> the day's proceedings. Defendant surely has other witnesses available.

Second, the impeachment value of the witnesses' testimony (assuming that is what Esformes intends to elicit) is minimal if it exists at all; Judge Rebull's representation of Gabriel Delgado and his knowledge of what occurred in the past has no bearing on the Delgado Brothers' testimony about the crimes they committed with Esformes. Indeed, neither Delgado Brother claimed to have relied on advice of counsel or to have communicated information from Judge Rebull to Esformes. In addition, the reports of Special Agents Ostroman and Carcas are not inconsistent with the testimony of Guillermo Delgado, and there is therefore no conceivable basis to call either of them first thing tomorrow, nor at any point at all in this case.[2] Under FRE 401, the proposed testimony is irrelevant.

Indeed, the evidence these witnesses are being offered to "prove" shows nothing at all. For example, Guillermo Delgado cannot speculate as to what was in another person's mind; that same person saying Guillermo Delgado's speculation was "wrong" is therefore of no moment. And Gabriel Delgado said little of anything related to Judge Rebull other than the fact that Judge Rebull represented him in some matters, and then any further testimony on this subject was ceased by his

---

[2] Counsel for Esformes has already cross-examined both agents during evidentiary hearings in front of Magistrate Judge Otazo-Reyes and will likely try to use this opportunity to question them about topics the Court has already ruled to be off limits in this criminal trial.

lawyer's privilege objection at trial. In this way, the evidence Esformes purportedly seeks is not impeachment evidence in the first place.

Third, the potential for this testimony to confuse and mislead the jury is substantial. Esformes seemingly wants to create a disparity between Guillermo Delgado and a judge; it is highly likely that the jury will give undue deference to Judge Rebull's testimony. *See* FRE 403. Allowing testimony about what this witness said or did not say to Guillermo Delgado before taking the bench is not entitled to greater weight.

Fourth, it cannot be meaningfully disputed that the testimony of these witnesses will inject complicated collateral issues into this trial. But "[t]here is no right to impeach a witness with respect to collateral or irrelevant matters." *United States v. Russo*, 796 F.2d 1443, 1454 (11th Cir. 1986) (citations omitted); *see also United States v. Ndiaye*, 434 F.3d 1270, 1282 (11th Cir.2006) (noting that "[a] matter is collateral if the matter itself is not relevant in the litigation to establish a fact of consequence, i.e., not relevant for a purpose other than mere contradiction of the in-court testimony of the witness") (citations omitted). Even if Judge Rebull testified about conversations with Guillermo Delgado when he was a practicing attorney, such testimony would be impeachment on a collateral issue which is not permissible under Eleventh Circuit law. *See Russo*, 796 at 1454. The fact that Guillermo Delgado learned that, in general, cash payments had to be backed up with invoices from Judge Rebull has no bearing on how Guillermo Delgado ultimately used that knowledge to carry out the fraud scheme.

Allowing Judge Rebull's testimony at trial as some kind of impeachment evidence would plainly violate Federal Rule of Evidence 608(b), which prohibits proving by extrinsic evidence "specific instances of the conduct of a witness" for the purpose of attacking a witness's character for truthfulness. *United States v. Carthen*, 906 F.3d 1315, 1321 (11th Cir. 2018) ("Though Mr.

5

Groce invokes impeachment by specific contradiction, he admits on appeal he wished to call his two witnesses in order to show Mr. Martin had a 'bias for lying against other defendants and in court proceedings for his own benefit,' and 'a propensity to lie in judicial proceedings.' Using past conduct to suggest a witness has a generally dishonest character is precisely what Rule 608(b) does not allow."); s*ee United States v. Edwards*, 549 F.2d 362, 367-68 (5th Cir. 1977) (holding that Rule 608(b) precludes introduction of evidence through the testimony of one witness to prove specific instances of conduct of another witness for purpose of attacking witness's credibility); *see also United States v. Batiste*, No. 06-20373-CR, 2007 WL 5303053, at *4 (S.D. Fla. Nov. 7, 2007). It is clear what Esformes is trying to do. He wants to call a sitting judge to testify about a collateral matter to imply to the jury that Guillermo Delgado is an untruthful person. This is exactly the situation that FRE 608(b) is designed to prevent.³ It is axiomatic that calling Special Agents Ostroman and Carcas to impeach Guillermo Delgado on a collateral issue is barred by both Eleventh Circuit case law and Rule 608(b). Further, the statements in their report are not

---

³ *Cf. United States v. Calle*, 822 F.2d 1016, 1021 (11th Cir. 1987) (district court erred in excluding extrinsic rebuttal evidence that government's key witness was a major drug trafficker, where such evidence "was crucially important to the defense because it supported the inference that [the witness] and not [the defendant] was the true source of the cocaine in this transaction"); *United States v. Cardenas*, 895 F.2d 1338, 1345-1346 (11th Cir. 1990) (extrinsic evidence of defendant's prior use and dealing of drugs admissible where defendant testified on direct examination that he had never sold cocaine and question was material to "whether defendant knowingly and willfully supplied cocaine for the . . . transaction [at issue]"); *United States v. Cousins*, 842 F.2d 1245, 1249 (11th Cir.), cert. denied 488 U.S. 853, 109 S.Ct. 139, 102 L.Ed.2d 111 (1988) (extrinsic evidence of defendant's drug use admissible where defendant testified that he was not a cocaine user, opposed the use of drugs, and had relocated to reduce his children's exposure to drugs)

inconsistent with Guillermo Delgado's testimony and therefore provide no impeachment value, even if legal permissible.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court enter an order precluding the Defendant from seeking testimony from Judge Rebull, Jonathan Ostroman, and Ricardo Carcas.  In the alternative, the government requests that Defendant proffer the relevance and likely testimony of all three witnesses, particularly Judge Rebull, in Court at the <u>conclusion</u> of tomorrow's proceedings, and not at their <u>outset</u>.

Dated:  March 21, 2019                                                            Respectfully submitted,

ROBERT ZINK, ACTING CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

*/s/ Elizabeth Young*
Elizabeth Young (FL Bar #A5501858)
Allan Medina
James V. Hayes
Trial Attorneys
Elizabeth.Young@usdoj.gov
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
Telephone: (202) 262-7650

7

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 21, 2019, a true and correct copy of the foregoing was filed and served on all counsel of record via the CM/ECF system.

/s/ *Elizabeth Young*
Trial Attorney