UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20549-CR-SCOLA/OTAZO-REYES(s)(s)(s)

UNITED STATES OF AMERICA

v.

PHILIP ESFORMES
_____/

### DEFENDANT'S MOTION TO CONTINUE SENTENCING

Mr. Esformes is scheduled to be sentenced on June 5-6, 2019. As of this filing, we have not received a Presentencing Report.

Federal Rule of Criminal Procedure 32(e)(2) provides: "Minimum Required Notice. The probation officer must give the presentence report to the defendant, the defendant's attorney, and an attorney for the government at least 35 days before sentencing unless the defendant waives this minimum period."

Undersigned reached out to the Probation Officer by email throughout early May (as recently as May 14), and again by telephone on May 17, to inquire about scheduling, but have not heard back.

Notwithstanding the absence of any conviction for healthcare fraud, the Government has advised undersigned that it will persist in its argument that the Sentencing Guidelines range and restitution should be computed as if Mr. Esformes

caused massive financial losses to Medicare. *But see U.S. v. Medina*, 485 F.3d 1291 (11th Cir. 2007) (payment of kickbacks alone generates no "loss" under the Sentencing Guidelines where medically necessary services were rendered); *U.S. v. Liss*, 265 F.3d 1220, 1231-32 (11th Cir. 2001) (where "the medical necessity of the referrals is unquestioned" and Medicare pays a "fixed amount" for the services, the amount of restitution due Medicare is zero). To the extent this Court will entertain the Government's suggestion that the verdicts reflect a finding of massive losses, Mr. Esformes's sentencing may require testimony from defense witnesses / experts to refute the Government's position.

Meanwhile, since January, none of Mr. Esformes's funds have been released from restraint in the companion civil case to pay legal fees or expenses during the trial. Defendant's *Motion to Modify Preliminary Injunction to Release Funds for Legal Fees and Expenses Through Trial,* 16-CV-23148-Williams (DE 224, filed January 31, 2019) remains pending. And the funds at issue are **untainted**. *See Luis v. United States*, 136 S. Ct. 1083 (2016) (Sixth Amendment bars the restraint of untainted assets needed to pay trial counsel of choice). Mr. Esformes will be at a major disadvantage unless the Court releases assets in time for him to fund the ongoing litigation, including retaining experts to prepare for sentencing.

Mr. Esformes requests that the Court hold a status conference in advance of the sentencing, and that the Court reschedule sentencing to at least 35 days after the

Presentence Report is disclosed, and after the Court resolves the pending motion in the companion civil case, to give counsel a meaningful opportunity to be fully prepared to present experts and other evidence.

On Friday, undersigned emailed the government for their position on this motion but have not heard back. In previous conversations, the prosecutors indicated that they would object to a new sentencing date, even though Mr. Esformes is already in custody and has been for three years.

I certify that this document was served on all counsel of record using CM/ECF on the date stamped above.

Respectfully submitted,

**BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.**
201 S. Biscayne Boulevard
Suite 1300
Miami, FL 33131
Tel: (305) 371-6421

By: */s/ Howard Srebnick*
   **ROY BLACK, ESQ**.
     Fla. Bar No. 126088
   **HOWARD SREBNICK, ESQ**.
     Fla. Bar No. 919063
   **JACKIE PERCZEK, ESQ**.
     Fla. Bar No. 042201