United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) Criminal Case No. 16-20549-CR |
| | ) |
| Philip Esformes, et al., Defendants | ) |

**Order Denying Defendant's Post-Trial Motions
for Judgment of Acquittal and New Trial**

This matter is before the Court upon Defendant Philip Esformes's Motions for Judgment of Acquittal (ECF No. 1324) and Judgment for a New Trial (ECF No. 1326). For the reasons set forth below, the motions are **denied**.

**I.     Legal Standards**

Federal Rule of Criminal Procedure 29(c), which governs motions for judgment of acquittal, "tests the sufficiency of the evidence against a defendant, and avoids the risk that a jury may capriciously find him guilty though there is no legally sufficient evidence of guilt." *United States v. Collantes*, 2011 WL 2784266, at *4 (S.D. Fla. July 13, 2011) (Altonaga, J.) (citation omitted). Under Rule 29(c), "a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction." *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999). "Any conflicts in the evidence are resolved in favor of the Government, and all inferences that tend to support the Government's case must be accepted." *Collantes*, Case No. 09-21028, 2011 WL 2784266, at *4. The evidence need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion but guilt. *United States v. Garcia*, 447 F.3d 1327, 1334 (11th Cir. 2006). In short, the Court must determine whether, based on the evidence, a reasonable jury could find the defendant guilty beyond a reasonable doubt. *Ward*, 197 F.3d at 1079. That is to say, consider whether when "viewing the evidence in the light most favorable to the prosecution, would any rational trier of fact [find] all the essential elements of the crime beyond a reasonable doubt." *See United States v. Lopez*, 403 F. App'x 362, 370–71 (11th Cir. 2010).

Under Federal Rule of Criminal Procedure 33, which governs motions for new trial, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision to grant or deny a criminal defendant's motion for new trial rests with the district court's

sound discretion. *See United States v. Rafferty*, 296 F. App'x 788, 796 (11th Cir. 2008). The trial court is not free, however, "to reweigh the evidence or set aside the verdict simply because it feels some other result would be more reasonable." *See Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004) (citation omitted). "The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *See id.* (citation omitted). This ensures that the district court's judgment is not substituted for that of the jury. *See id.*

## II. Discussion

### A. Motion for Judgment of Acquittal

At the close of the Government's case, Esformes sought judgment of acquittal pursuant to Rule 29. Following a hearing and argument by both parties, outside the presence of the jury, the Court granted in part and denied in part Esformes's motions. (ECF No. 11854.) At the close of the Defense's case, Esformes again renewed his motion for judgment of acquittal. Following a hearing and argument by the parties, the Court granted judgment of acquittal as to one count and denied relief on all other counts. (ECF No. 1209.) Esformes now seeks to renew the arguments made twice before this Court. Esformes makes no new arguments which would cause the Court to reconsider its prior rulings. Accordingly, Esformes's motion for judgment of acquittal is denied. *See United States v. Mulherin*, 529 F. Supp. 916, 923 (S.D. Ga. 1981), *aff'd*, 710 F.2d 731 (11th Cir. 1983) (holding that post-verdict renewed motion for judgment of acquittal raising the same arguments made during the *ore tenus* motion at trial would not "cause the Court to reconsider its prior rulings.").

### B. Motion for New Trial

Esformes raises four grounds in support of his request for a new trial. (ECF No. 1326.) The Court will address each in turn.

#### 1. Constructive Amendment of the Indictment

Esformes claims that he is entitled to a new trial because the Government constructively amended the Indictment by introducing evidence of Medicaid and Medicare Rules and Regulations and presenting evidence regarding the conditions of the Esformes SNFs and ALFs. (ECF No. 1326 at 3-4.) The Government responds by arguing that the evidence regarding Medicaid and Medicare Rules and the information regarding the conditions at the Esformes facilities was relevant to the issues raised during trial. (ECF No. 1340 at 32-33.) The Court agrees with the Government.

A constructive amendment "occurs when the essential elements of the

offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990). The Government did not constructively amend the indictment by relying on evidence of Medicare and Medicaid regulations or introducing evidence of the conditions at the Esformes facilities. The Indictment alleged that medical providers must abide by Medicare law and regulations in order to submit payments and receive reimbursements. As a provider, Esformes promised to abide by those rules and regulations. Therefore, reference to those rules and regulations was relevant to establish Esformes's intent. Moreover, the Court instructed the jury that "you cannot convict based on the violation of a guidance document." (ECF No. 1216 at 32.)

The Government's introduction of evidence related to the conditions at the Esformes facilities did not constitute a constructive amendment of the Indictment either. This evidence was relevant to establish Esformes's intent to bribe Bertha Blanco to tip him off about AHCA inspections. It was also relevant to establish the type of facilities and services that Medicare and Medicaid were paying for. The Court also instructed the jury that Esformes "is not charged with providing substandard care to patients at his facilities. Negligence by management or staff of any Esformes-owned facilities, if any, is not a basis, standing alone, for finding Mr. Esformes guilty of any of the crimes charged." (*Id.*)

### 2. Expert Evidence

Esformes also moves for a new trial arguing that the Government's experts were not properly disclosed before trial and that their qualifications were not properly scrutinized under the *Daubert* standard. (ECF No. 1326 at 8-16.) Esformes takes issue with Michael Petron's testimony. Esformes argues that Petron, a summary witness, was used to present new, and expert, evidence about his accounting opinions and conclusions. (*Id.* at 9.) First, Petron's testimony, including his summary charts, were provided to Esformes in November 2018. (ECF No. 1340 at 35.) There is nothing in the record to indicate that Esformes was not aware or prepared for Petron's testimony. Esformes cross-examined Mr. Petron over the course of two days and discussed in detail his accounting and tracing methodologies. And even if he had been presented as an expert witness, the Court finds that the pre-trial disclosures would have sufficed under *Daubert*.

Esformes also argues that the Government's two expert witnesses, Stephen Quindoza and Dr. David Cifu were not timely disclosed or properly certified under *Daubert.* (ECF No. 1326 at 15.) The record shows that the

Government disclosed their experts to Esformes on April 17, 2017 and supplemented its expert disclosure for Dr. Cifu on January 8, 2019. (ECF No. 1062.) The Government also provided Esformes with Quindoza's testimony and Dr. Cifu's deposition transcripts and his expert report in a civil case. The Court finds that the Government's disclosures were more than adequate.

As previously held by the Court, the Government's experts were properly qualified under the *Daubert* standard. (ECF Nos. 1112, 1162, 1186.) Esformes filed extensive pre-trial motions to exclude the Government's experts and the Court carefully weighed the parties' arguments pursuant to *Daubert v. Merrel Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1983). There is nothing in the record that persuades this Court to reverse its prior ruling.

### 3. Jury Instructions

Esformes moves for a new trial based on the Court's denial of his proposed jury instructions. (ECF No. 1326 at 17.) "The district court has broad discretion in formulating a jury charge so long as the charge as a whole accurately reflects the law and the facts." *United States v. Turner*, 871 F.2d 1574, 1578 (11th Cir. 1989). Esformes's motion focuses on a few specific jury instructions that were given to the jury. (ECF No. 1326 at 17-18.) In light of the 43 pages of jury instructions read by the Court (ECF No. 1216), Esformes's focus on a few particular instructions does not convince the Court that he is entitled to a new trial. For the reasons discussed on the record and during the charge conference, the Court denies Esformes's motion for a new trial on this ground.

### 4. Prosecutorial Misconduct

Esformes moves for a new trial based on improper questioning and argument by the prosecution team. (ECF No. 1326 at 19.) Esformes points to the prosecutor's statement during rebuttal that Esformes "preyed on people like a vampire." (*Id.*) The Court sustained Esformes's objection to the use of the word "vampire" and gave a strong curative instruction, calling the jury *back in* to the courtroom and instructing them to disregard the prosecutor's comment because there was no evidence that Esformes was a vampire. (Tr. 3/29/19 at 240:4-12.) Accordingly, any prejudice was cured. *See United States v. Thomas*, 62 F.3d 1332, 1343 (11th Cir. 1995) (finding that curative instructions rendered improper remark harmless error). The Court does not believe that the Government meant to illicit images of the "myth of the vampire Jew," as claimed by Esformes. There is no evidence that the prosecutor that made the comment knew of the article cited by Esformes nor that the jury would have made any connection between Esformes's religion and vampires. Given the

length of the trial and the amount of evidence presented by both sides, the Court does not find that this comment could have infected the jury so as to require a new trial.

Esformes also takes issue with the Government's reference to Esformes as a "criminal." (ECF No. 1326 at 19.) The Court finds that this comment was appropriate in the context in which it was made. During closing, Esformes's counsel referred to the Delgado brothers as criminals. In rebuttal, when the Government argued that Esformes tried to get Guillermo Delgado out of the country to avoid trial, the prosecutor referred to Esformes as a criminal. (Tr. 3/29/19 at 211.) Accordingly, the Government's reference to Esformes as a criminal was based on his conduct in the case and did not prejudice the jury. *See United States v. Tisdale,* 817 F.2d 1552, 1555 (11th Cir. 1987).

Lastly, Esformes argues that one of the questions posed by the Government to Esformes's attorney, Alvin Knopf, was improper. The Government asked Mr. Knopf if he was aware that Dr. Borassi was convicted of receiving kickbacks in Chicago, and he said no. (Tr. 3/26/19 at 131-32.) The Court gave a curative instruction and instructed the jury to disregard the question. The Court finds that this exchange did not prejudice the jury nor is it sufficient to warrant a new trial.

### III. Conclusion

Accordingly, the Court **denies** the Defendant's motion for a judgment of acquittal (**ECF No. 1324**) and motion for a new trial (**ECF No. 1326**).

**Done and ordered** in chambers, at Miami, Florida, on July 1, 2019.

_____
Robert N. Scola, Jr.
United States District Judge