United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America | ) |
| | ) |
| v. | ) Criminal Case No. 16-20549-CR |
| | ) |
| Philip Esformes, et al., Defendants | ) |

### Order Denying Defendant's Motion to Acquit on the Forfeiture Verdicts

This matter is before the Court upon Defendant Philip Esformes's Motion to Acquit on the Forfeiture Verdicts (**ECF No. 1325**). For the reasons set forth below, the motion is **denied**.

On April 9, 2019, the jury returned a forfeiture verdict finding the Defendant's interests in seven operating companies was forfeitable. (ECF No. 1263.) Esformes now asks this Court to acquit him on the jury's verdict forfeiting his interests in the operating companies. (ECF No. 1325.) Esformes presents two arguments in his motion. First, he argues that forfeiture of "interests in" the operating companies is unauthorized under the money laundering forfeiture provisions at issue in this case, 18 U.S.C. § 982(a) and 21 U.S.C. § 853. (*Id.* at 3.) Section 982(b)(1) incorporates the provisions of 21 U.S.C. § 853. *See* 18 U.S.C. § 982(b)(1) ("The forfeiture of property under this section, including any seizure and disposition of the property and any related judicial or administrative proceeding, shall be governed by . . . [21 U.S.C. § 853]."). According to Esformes, under Section 853, the Government can only seek forfeiture of "interest in" property pursuant to Section 853(a)(3), which only applies to violations of RICO and continuing criminal enterprise offenders. (ECF No. 1325 at 3.) Because the government is seeking forfeiture against Esformes based on money laundering offenses under 21 U.S.C. §§ 853(a)(1) and (2), "interests in" forfeiture is not permissible.

The Government responds by arguing that 21 U.S.C. § 853(a) does not apply. (ECF No. 1338 at 5.) By its express terms, Section 853(a) applies to "any person convicted of a violation of this subchapter[.]" 21 U.S.C. § 853(a). Because Esformes was not convicted of a drug crime under Title 21, this statute does not apply. (ECF No. 1338 at 5.)

The Court finds that neither party has properly characterized the relationship between 18 U.S.C. § 982(a) and 21 U.S.C. § 853. Section 982(a)(1) states that the Government may seek forfeiture of "any property, real or personal, involved in such offense, or any property traceable to such property."

Section 853(a) states that the Government may seek "(1) property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation; (2) any of the person's property used, or intended to be used, in any manner or party, to commit, or to facilitate the commission of such violation[.]" If both of these applied, as argued by Esformes, there would be an inconsistency in the standards used to evaluate what is subject to forfeiture. Under one statute, the standard is "involved in" or "traceable to," whereas under the other statute, it could be "derived from" or used to "facilitate" the crime. On the other hand, the Government's argument, that Section 853 does not apply at all, would render 18 U.S.C. § 982(b)(1) superfluous. *See Griffith v. United States,* 206 F.3d 1389, 1395 (11th Cir. 2000) ("we disfavor interpretations of statutes that render language superfluous"). The Court declines to adopt either interpretation.

In *U.S. v. Kirshenbaum,* 156 F.3d 784, 791 (7th Cir. 1998), the court held that Section 982(b)(1)'s "incorporation of various subsections of § 853 incorporates those provisions' procedures but applies them only to the designated forfeitures under § 982(a) rather than under § 853(a)." Although not an explicit holding, the Eleventh Circuit has also indicated that only the *procedural portions* of Section 853 are applicable to forfeiture under Section 982(a). In *U.S. v. McCorkle*, the Eleventh Circuit noted that the subject property was "forfeited under § 982(a)(1) and any **judicial proceeding** relating to the forfeiture are governed by 21 U.S.C. § 853[.]" 321 F.3d 1292, 1294 n.2 (11th Cir. 2003) (emphasis added). In *U.S. v. Guerra*, the Eleventh Circuit also noted that for forfeiture under a subsection of Section 982, "**forfeiture proceedings** under this provision are governed by 21 U.S.C. § 853." 216 Fed. App'x 906, 909 (11the Cir. 2007) (emphasis added). Based on this language, the Court finds that Section 982(b)(1) only incorporates the procedural elements of Section 853, and not the substantive description of what is subject to forfeiture found in Section 853(a). Accordingly, the Government may seek forfeiture of Esformes's interests in[1] the operating companies under 18 U.S.C. § 982(a)(1).

Esformes next argues that the minority operating company interests were not "involved in" money laundering and therefore not subject to forfeiture.

---

[1] To the extent that Esformes is arguing that the word "property" does not include the Defendant's interest in a company, the Court rejects that argument. The Defendant cites no case law for the proposition that property means only property that is owned 100% by the Defendant or does not include business or shareholder interests. In fact, Section 853, the statute that Esformes argues should apply, defines property as "(2) tangible and intangible personal property, including rights, privileges, **interests**, claims, and securities." 21 U.S.C. § 853(b)(2) (emphasis added).

(ECF No. 1325 at 4.) "Property eligible for forfeiture under 18 U.S.C. § 982(a)(1) includes that money or property which was actually laundered ("the corpus"), along with any commissions or fees paid to the launderer[ ] and any property used to facilitate the laundering offense." *U.S. v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009) (quotation marks and citations omitted). The parties agree that the Government's theory of forfeiture is based on the "facilitation" prong. (*See* ECF No. 1325 at 5 *and* ECF No. 1338 at 8.) "Property would facilitate an offense if it makes the prohibited conduct less difficult or more or less free from obstruction or hindrance." *Seher*, 562 F.3d at 1268 (quotation marks and citations omitted). In *Seher,* the Eleventh Circuit held that the defendant's interest in the inventory of the jewelry stores was subject to forfeiture because "Seher used telephone, business cards, and other company property to create a façade of legitimacy[.]" *Id* at 1369. Here, like in *Seher,* Esformes's operating companies gave his business a façade of legitimacy as he used them to hold bank accounts and operate the various SNFs and ALFs engaged in the elaborate money laundering and kickback scheme. Accordingly, the Court finds that there is sufficient evidence to "permit a reasonable jury to conclude that the Government has proven, by a preponderance of the evidence, that the property is subject to forfeiture." *United States v. Armstrong,* 2007 WL 809508, at *2 (E.D. La. Mar. 14, 2007).

Accordingly, the Court **denies** the Defendant's motion to acquit on the forfeiture verdicts (**ECF No. 1325)**.

**Done and ordered** in chambers, at Miami, Florida, on July 1, 2019.

_____
Robert N. Scola, Jr.
United States District Judge