UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Cr-20549-Scola(s)(s)(s)

UNITED STATES OF AMERICA

vs.

PHILIP ESFORMES,

                 Defendant.
_____ /

### UNITED STATES' MOTION FOR FORFEITURE MONEY JUDGMENT AND INCORPORATED BENCH MEMORANDUM

      The United States of America (hereinafter, the "United States" or the "Government"), by and through its undersigned Assistant United States Attorney, hereby respectfully requests entry of a forfeiture money for $38,700,795 (US) against the Defendant, **PHILIP ESFORMES**, as part of his sentence in this case. The amount of the forfeiture money judgment sought is a very conservative sum that is equal in value to property traceable, from 2010 through 2016 only, to the property involved in the Defendant's money laundering offenses.[1]

      Because "successfully navigating the criminal forfeiture statutes can be a challenging endeavor," *United States v. Poulin*, 690 F.Supp.2d 415, 420 (E.D.Va. 2010), the Government respectfully incorporates a Bench Memorandum for the Court's use in determining the amount of money that the Defendant should be ordered to pay as a forfeiture money judgment in this case.

---

[1] In fact, the Defendant's money laundering conspiracy continued from January 2002 to in or around June 2016. *See* Third Superseding Indictment, Count 16, ECF No. 869.

**BENCH MEMORANDUM**

A.  RELEVANT PROCEDURAL HISTORY

1. On July 19, 2018, a federal grand jury sitting in the Southern District of Florida returned a thirty-six (36) count third superseding true bill of indictment [ECF No. 869](hereinafter, the "Third Superseding Indictment") charging the Defendant, and others, with the following violations: 18 U.S.C. § 1349 (Conspiracy to Commit Healthcare Fraud/Wire Fraud)(Count 1); 18 U.S.C. § 1347 (Healthcare Fraud)(Counts 2-3); 18 U.S.C. § 1035(a)(2) (False Statements Relating to Healthcare Matters)(Counts 4-5); 18 U.S.C. § 371 (Conspiracy to Pay/Receive of Healthcare Kickbacks)(Count 6); 42 U.S.C. § 1320a-7b(b)(1)(A) (Receipt of Healthcare Kickbacks)(Counts 7-9); 42 U.S.C. § 1320a-7b(b)(2)(A) (Payment of Healthcare Kickbacks)(Counts 10-15); 18 U.S.C. § 1956(h) (Money Laundering Conspiracy)(Count 16); 18 U.S.C. § 1956(a)(1)(B)(i) (Money Laundering) (Counts 17-30); 18 U.S.C. § 371 (Conspiracy to Commit Federal Program Bribery)(Count 31); 18 U.S.C. § 371 (Conspiracy to Commit Federal Program Bribery and Honest Services Wire Fraud)(Count 32); 18 U.S.C. § 666 (Federal Program Bribery)(Count 33); 18 U.S.C. § 1503 (Obstruction of Justice)(Count 34); 18 U.S.C. § 371(Conspiracy to Make False Statement Relating to Healthcare Matters)(Count 35); and 18 U.S.C. § 1503 (Obstruction of Justice)(Count 36).

2. The Third Superseding Indictment also contains a Forfeiture section that provides the Defendant with notice of the Government's intent to forfeit specific assets upon his conviction. Although the United States is not required to specify in an indictment or information the amount of any forfeiture money judgment that it seeks, *see* Fed. R. Crim. P. 32.2(a), the Forfeiture section nonetheless provides that the United States will seek entry of a forfeiture money judgment against the Defendant as part of his sentence for a sum of that is equal in value to all property, real or

personal, involved in a violation of 18 U.S.C. § 1956, as alleged in the Third Superseding Indictment, or any property traceable to such property. *See* Indictment, ECF No. 869:42.

3. On April 5, 2019, the petit jury empaneled in this case returned its Verdict [ECF No. 1245] in which it found the Defendant guilty of the violations charged in **Count 6** (18 U.S.C. § 371 - Conspiracy to Pay/Receive of Healthcare Kickbacks), **Counts 8-9** (42 U.S.C. § 1320a-7b(b)(1)(A) - Receipt of Healthcare Kickbacks), **Counts 10-13** (42 U.S.C. § 1320a-7b(b)(2)(A) - Payment of Healthcare Kickbacks), **Count 16** (18 U.S.C. § 1956(h) - Money Laundering Conspiracy), **Counts 18-21**, **Counts 25-28**, and **Count 30** (18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering), **Count 31** (18 U.S.C. § 371 - Conspiracy to Commit Federal Program Bribery), **Count 32** (18 U.S.C. § 371 - Conspiracy to Commit Federal Program Bribery and Honest Services Wire Fraud), and **Count 34** (18 U.S.C. § 1503 - Obstruction of Justice). *See* Verdict, ECF No. 1245.

4. On April 9, 2019, the Court conducted a bifurcated forfeiture proceeding pursuant to Fed. R. Crim. P. 32.2(b)(1)(A) immediately following its announcement of the Verdict. Upon conclusion of that proceeding and subsequent deliberation, the same petit jury returned a Forfeiture Verdict [ECF No. 1263] finding that all interest held by, on behalf of, or for the benefit of the Defendant in the following business entities and their assets were involved in a money laundering offense of which it found the Defendant guilty:

(a) ADME Investment Partners LTD (Operating Company)(D/B/A **Oceanside Extended Care Center**)("Oceanside") was involved in the money laundering offenses charged in Counts 16, 19 or 30, or traceable to such property;

(b) Almovea Associates, LLC (Operating Company) (D/B/A **North Dade Nursing and Rehabilitation Center**) ("North Dade") was involved in the money

laundering offenses charged in Counts 16 or 27, or traceable to such property;

(c) Ayintove Associates, LLC (Operating Company) (D/B/A **Harmony Health Center**) ("Harmony") was involved in the money laundering offenses charged in Counts 16 or 20, or traceable to such property;

(d) Eden Gardens, LLC (Operating Company) **(**D/B/A **Eden Gardens**) ("Eden Gardens") was involved in the money laundering offenses charged in Counts 16 or 28, or traceable to such property;

(e) Fair Havens Center, LLC (Operating Company) (D/B/A **Fair Haven Center**) ("Fair havens") was involved in the money laundering offenses charged in Counts 16, 18 or 30, or traceable to such property;

(f) Flamingo Park Manor, LLC (Operating Company) (D/B/A **Flamingo Park Manor**) was involved in the money laundering offenses charged in Counts 16 or 28, or traceable to such property; and

(g) Sefardik Associates, LLC (Operating Company) (D/B/A **The Nursing Center at Mercy**)("Nursing Center at Mercy") was involved in the money laundering offenses charged in Counts 16 or 30, or traceable to such property.

(collectively hereinafter, the "Forfeited Operating Companies"). *See* Forfeiture Verdict, ECF No. 1263.

5. On May 16, 2019, the Defendant, through counsel, moved for acquittal on the forfeiture verdicts. *See* Def. Mot. for Acquittal on Forf. Verdict, ECF No. 1325. Subsequently, on June 7, 2019, the Government filed its Response in Opposition to the Defendant's Motion for Acquittal on the Forfeiture Verdict. *See* ECF No. 1338.

4

6. On July 1, 2019, the Court entered its Order [ECF No. 1353] denying the Defendant's Motion for Acquittal on the Forfeiture Verdict. *See* Order, ECF No. 1353.

7. On July 17, 2019, after as a status conference, the Court entered its Paperless Order [ECF No. 1361] setting the sentencing hearing in this case for September 11 and 12, 2019. *See* Paperless Order, ECF No. 1361.

8. The United States intends to move at the sentencing hearing for entry of a preliminary order of forfeiture for the specific property that the petit jury found to be subject to forfeiture (i.e., the Forfeited Operating Companies). Additionally, the United States, through the instant motion, now moves in advance of the scheduled sentencing hearing for entry of a forfeiture money judgment for $38,700,795 (US) against the Defendant.[2] As discussed below, criminal forfeiture of specific property and entry of a forfeiture money judgment are separate and very distinct endeavors.

B.  FORFEITURE MONEY JUDGMENTS

Federal law mandates that a court in imposing sentence on a person convicted of a violation of 18 U.S.C. § 1956, "shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1).

In addition to forfeiting specific property, the Eleventh Circuit has held that entry of a forfeiture money judgment against a defendant is an authorized punishment under 18 U.S.C. § 982(a)(1) and (7). *See United States v. Hoffman-Vaille*, 568 F.3d 1335 (11th Cir. 2005)(holding

---

[2] To ensure clarity, criminal forfeiture and restitution are separate criminal sanctions that serve different goals. *See Hoffman-Vaille*, 568 F.3d at 1344. The focus of forfeiture is on the defendant, where the focus of restitution is on the victim. *Id*. at 1344-1345. More specifically, the purpose of criminal forfeiture is to disgorge ill-gotten gains, while restitution seeks to compensate the victim by making the victim "whole." Therefore, the amount of the forfeiture money judgment sought is substantially less than the amount that the Government will seek for restitution.

5

that the district court did not err in entering a forfeiture money judgment against the defendant under 18 U.S.C. § 982(a)(7), but vacating judgment of forfeiture and remanding to allow the district court to make necessary corrections to its money judgment calculation); *see also United States v. Seher*, 574 F.Supp.2d 1368 (N.D.Ga. 2007)(entering a forfeiture money judgment in the amount of $1,610,400 against a defendant convicted of violating 18 U.S.C. §§ 1956(h) and (a)(3)(B) pursuant to 18 U.S.C. § 982(a)(1)); *see also United States v. Seher*, 652 F.3d 1344, 1372 n.30 (11th Cir. 2009)(stating that the Eleventh Circuit has expressly rejected the argument that district courts lack the authority to enter forfeiture money judgments generally and specifically affirming forfeiture money judgments imposed for violations of the federal money laundering statutes).

Furthermore, Fed. R. Crim. P. 32.2(b)(1) and (c)(1) specifically authorize entry of forfeiture money judgments. Indeed, such orders are well-established. *See United States v. Padron*, 527 F.3d 1156, 1162 (11th Cir.2008)("[I]t is equally clear that the federal rules explicitly contemplate the entry of money judgments in criminal forfeiture cases"); *United States v. Navarro-Ordas*, 770 F.2d 969 (11th Cir. 1985)(court may enter "personal money judgment" against the defendant for the amount of illegally obtained proceeds).

C. DISTINCTION BETWEEN FORFEITURE OF SPECIFIC PROPERTY AND ENTRY OF A FORFEITURE MONEY JUDGMENT

Applicable law and rules clarify the distinction between finding specific property subject to forfeiture and ordering a defendant to pay money as a forfeiture money judgment.

If the government seeks forfeiture of *specific property,* the court must determine "what property is subject to forfeiture under the applicable statute," and "whether the government has established the requisite *nexus* between the property and the offense." Fed. R.Crim. P 2.2(b)(1)(A)

(emphasis added). However, a party may, as the Defendant did in this case, request that a jury "determine the forfeitability of *specific property,*" Fed.R.Crim.P. 32.2(b)(5) (emphasis added). Furthermore, if "a party requests that a jury determine the forfeitability of *specific property,* the district court must submit that question to the jury by way of a special verdict form." *United States v. Curbelo*, 726 F.3d 1260, 1277 (11th Cir. 2013)(emphasis added).

However, if the government seeks a forfeiture money judgment, then the "court [not the jury] must determine the amount of money the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). *See United States v. Curbelo,* 726 F.3d at 1278 ("We remain persuaded that the court, not a jury, should determine the amount of a money judgment forfeiture."); *United States v. Gray*, 443 F. App'x 515, 523 (11th Cir. 2011) (rejecting the argument "that Federal Rule of Criminal Procedure 32.[2](b)(5) should be read to apply to personal money judgments").

The crucial difference is that the government is required to establish a nexus between a defendant's criminal offenses and specific property sought for forfeiture, but is not required to establish such connection when seeking a forfeiture money judgment. *United States v. Delgado*, 2006 WL 2460656, at *1 (M.D. Fla. 2006) (Rule 32.2(b)(4) gives the defendant the right to have a jury determine if there is a nexus between specific property and the offense; if the Government is seeking a money judgment, there is no nexus determination to be made so defendant's request to have the jury determine the amount of the money judgment is denied).

Simply, a jury, if retained for the purposes of forfeiture, is responsible for making a factual determination or finding regarding whether the requisite nexus exists between the defendant's crimes and the specific property sought for forfeiture. A court on the other hand, is responsible for determining how much the defendant should pay as a forfeiture money judgment without regard for the jury's findings regarding specific property. *See generally* Fed. R. Crim. P. 32.2.

As more fully set forth below, the United States is seeking a forfeiture money judgment for $38,700,795 (US) against the Defendant, as this is a sum of money equal in value to the property traceable to the property involved in the Defendant's violations of 18 U.S.C. § 1956.

C. RELEVANT FORFEITURE PROCEDURE

1. Hearing and Evidence

"As soon as practical after a verdict or finding of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought . . . the [C]ourt must determine the amount of money that the defendant will be ordered to pay." Fed. R. Crim. P. 32.2(b)(1)(A). Moreover, "[i]f the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty." The Court's determination "may be based on evidence already in the record . . . and on any additional evidence or information submitted by the parties and accepted by the [C]ourt as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B); *see also United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (a district court may rely on evidence from the guilt phase of the trial, even if the forfeiture is contested; it is not necessary for the government to reintroduce that evidence in the forfeiture hearing).

2. Burden of Proof

Because forfeiture is part of a defendant's sentence, the United States is only required to establish the amount of money the Defendant will be ordered to pay as a forfeiture money judgment by a preponderance of the evidence. *See United States v. Cabeza*, 258 F.3d 1256 (11th Cir. 2001)(*citing United States v. Dicter*, 198 F.3d 1284, 1290 (11th Cir. 1999)(the burden of proof on a forfeiture count is a preponderance of the evidence notwithstanding the Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000)); *see also United States v. Elgersma*, 971 F.2d 690, 694-696 (11th Cir. 1992) (holding that forfeiture is part of the sentencing process

and not an element of the crime itself; accordingly, because due process does not require the beyond a reasonable doubt standard to apply to the sentencing process, Congress has the authority to apply (and did apply) a less strenuous standard of proof than the beyond a reasonable doubt standard to criminal forfeiture).

D.     ARGUMENT

The Defendant was found guilty of, among other things, a conspiracy to violate 18 U.S.C. § 1956 as charged in Count 16 of the Third Superseding Indictment, and substantive money laundering offenses in violation of 18 U.S.C. § 1956 as charged in Counts 18, 19, 20, 21, 25, 26, 27, 28 and 30. *See* Verdict, ECF No. 1245. Additionally, the petit jury found a requisite nexus between the Forfeited Operating Companies and the crimes for which it found the Defendant guilty. *See* Forfeiture Verdict, ECF No. 1263.

In denying Defendant's Motion to Acquit on the Forfeiture Verdicts [ECF No. 1325], the Court has already found that the Defendant's "operating companies gave his business a façade of legitimacy as he used them to hold bank accounts and operate the various SNFs and ALFs engaged in the elaborate money laundering and kickback scheme." Order Denying Def.'s Mot. to Acquit Forf. Verdicts, ECF No. 1353:3. Indeed, the trial record is replete with evidence that the so-called "Esformes Network,"[3] which was comprised of SNFs and ALFs and their respective operating or management companies, facilitated the Defendant's money laundering activity in that it (the Esformes Network) made the prohibited conduct (the Defendant's money laundering) less difficult

---

[3] Specifically, the Esformes Network includes the following SNFs and ALFs, along with their respective operating or management companies: (a) Oceanside Extended Care, (b) North Dade Nursing and Rehabilitation Center, (c) Harmony Health Center, (d) Courtyard Manor, (e) Eden Gardens, (f) Fair Havens Center, (g) Flamingo Park Manor, (h) South Hialeah Manor, (i) Golden Glades Nursing and Rehabilitation Center, (j) Lauderhill Manor, (k) La Serena Retirement Living (formerly La Hacienda Gardens), (l) The Nursing Home at Mercy, (m) South Dade Nursing and Rehabilitation Center, (n) North Miami Retirement Living, (o) ALF Holdings (management company), and (p) Adhiru Associates (management company).

9

or more or less free from obstruction and hindrance. Therefore, pursuant to 18 U.S.C. § 982(a)(1) and in accordance with *Seher*, the SNFs and ALFs and their respective operating or management companies that formed the Esformes Network constitute property that was "involved in" the Defendant's money laundering offenses. *See United States vs. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009)(Property "involved in" money laundering pursuant to 18 U.S.C. § 982(a)(1) includes any property used to facilitate the laundering offense, which requires only that the facilitating property make the prohibited conduct less difficult or more or less free from obstruction and hindrance).

During the Bifurcated Forfeiture Proceeding, the Government presented one witness, Mr. Mike Petron, a certified public accountant, who testified and showed clearly with the use of summary exhibits that the Defendant obtained $38,700,795 (US) from the Esformes Network from 2010 through 2016. The following is a demonstrative summary of Mr. Petron's testimony regarding monies obtained by the Defendant from the Esformes Network:

| Company | Amount Paid to Defendant's Accounts | Source: Government Exhibit ("GX") |
|---|---|---|
| Oceanside Extended Care | $5,707,268 | **GX529Z** |
| North Dade Nursing and Rehabilitation Center | $1,817,598 | **GX529Z** |
| Harmony Health Center | $4,567,544 | **GX529Z** |
| Courtyard Manor | $55,333 | **GX529CC** |
| Eden Gardens | $101,761 | **GX529CC** |
| Fair Havens Center | $7,521,369 | **GX529Z** |

10

| | | |
|---|---|---|
| Flamingo Park Manor | $97,207 | **GX529CC** |
| South Hialeah Manor | $100,557 | **GX529CC** |
| Golden Glades Nursing and Rehabilitation Center | $1,177,543 | **GX529Z** |
| Lauderhill Manor | $143,100 | **GX529CC** |
| La Serena Retirement Living (formerly La Hacienda Gardens) | $14,150 | **GX529CC** |
| The Nursing Home at Mercy | $6,791,744 | **GX529Z** |
| South Dade Nursing and Rehabilitation Center | $1,238,075 | **GX529Z** |
| North Miami Retirement Living | $18,678 | **GX529CC** |
| ALF Holdings Inc. (management company) | $5,162,598 | **GX529BB** |
| Adhiru Associates LLC (management company) | $3,027,375 | **GX529AA** |
| Ayintova LLC (management company) | $385,983 | **GX529AA** |
| EMI (management company) | $772,912 | **GX529AA** |

It is beyond dispute that these monies or funds constitute personal property traceable to the Esformes Network, which in turn constitutes property "involved in" the Defendant's money laundering offenses. These monies or funds total $38,700,795 (US), which the Court should order the Defendant to pay as a forfeiture money judgment in this case as this is a conservative sum equal in value to the property traceable to the property involved in the Defendant's money laundering offenses.

11

Thus, the total value of the property involved in the Defendant's money laundering offense is $38,700,795 (US), which the Court should enter as a forfeiture money judgment against the Defendant. Again, the amount sought as a money judgment is very conservative in two crucial respects: first, it only includes the value of the property traceable to the property involved in the Defendant's money laundering offenses, and not the value of the property involved in the offenses *per se*; and second, the amount sought is equal in value to the funds traced only from 2010 through 2016, which is substantially shorter in duration than the Defendant's money laundering conspiracy which began in January 2002. *See* Third Superseding Indictment, Count 16, ECF No. 869.

## **CONCLUSION**

WHEREFORE, based on the foregoing, the United States respectfully requests entry of a forfeiture money judgment against the Defendant for $38,700,795 (US) as part of sentence in this case pursuant to 18 U.S.C. § 982(a)(1) and Fed. R. Crim. P. 32.2(b)(1)(B).

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   *s/Daren Grove*

Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
500 E. Broward Boulevard, Suite 812
Fort Lauderdale, Florida 33394
Telephone: 954.660.5774
Facsimile:   954.356.7180