UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-20549-CR-SCOLA

UNITED STATES OF AMERICA

v.

PHILIP ESFORMES

_____/

CASE NO. 16-23148-CV-WILLIAMS

UNITED STATES OF AMERICA

v.

PHILIP ESFORMES

_____/

**ESFORMES'S MOTION TO EXEMPT FROM RESTRAINT AND FORFEITURE UNTAINTED PROPERTY NEEDED TO PAY LEGAL INVOICES THROUGH APPEAL AND TO STAY IMPOSITION OF ANY RESTITUTION OR FORFEITURE JUDGMENT PENDING APPEAL**

At a status conference held on November 13, 2019 before Judge Scola regarding his unresolved *Motion to Modify Preliminary Injunction to Release Funds for Legal Fees and Expenses Through Trial* [Williams-DE#224], the Court inquired about the status of appellate fees. Tr. at 21. The Order [Williams-DE#218] entered contemporaneously with the Stipulated Injunction [Williams-DE#217]

contemplated that "the Court [could] approve[] final payment for legal services *through judgment* (which may be submitted for approval after the judgment)," and "any remaining Released Funds shall be deposited in the Court's registry, subject to the stipulated PI, and available to satisfy any judgment or order of forfeiture or restitution." Williams-DE#218 at 2. The restitution / forfeiture hearing is scheduled for November 21, 2019 before Judge Scola.

Mr. Esformes has filed a notice of appeal from the conviction and sentence. Scola-DE#1390. Upon entry of a restitution / forfeiture judgment, he will then file a second notice of appeal in accordance with *Manrique v. United States*, 137 S. Ct. 1266, 1274 (2017).

Imposition of a judgment of restitution may trigger a statutory lien against all of Esformes's property:

> [A]n order of restitution made pursuant to [relevant sections] of this title, is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986. The lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied, remitted, set aside, or is terminated....

18 U.S.C. § 3613. To insure that Mr. Esformes is able to exercise his rights under the Sixth Amendment to retain counsel of choice for his appeals, he now "challenge[s] the restraint of his untainted funds before the lien [has] attached."

*United States v. Scully*, 882 F.3d 549, 553 (5th Cir. 2018) (Elrod, J., concurring in the judgment); *id.* at 555 ("Had Scully challenged the restraining order prior to entry of judgment, he would be in a much stronger position to argue that his Sixth Amendment rights outweighed the government's interest in preserving funds to satisfy an expected order of restitution."); *id.* at 557 ("a restraint of untainted funds after conviction but before sentencing and entry of judgment implicates Sixth Amendment concerns."). *See also United States v. Marshall*, 872 F.3d 213, 218 & n.7 (4th Cir. 2017) (without deciding that the Sixth Amendment confers right to counsel of choice for appeal, the court posited that "[a]ny right to appellate counsel of choice, if it were deemed to exist, is coextensive with the right to trial counsel of choice, at best.").

Accordingly, Mr. Esformes asks the Court to enter an order exempting from restraint and forfeiture untainted assets with which to pay counsel of choice through appeal at commercially reasonable hourly rates. He has no objection to the same conditions imposed by the Order regarding trial fees. See Williams-DE#218 ("The Court will monitor the use of those funds by monthly submission, on an ex parte basis, of invoices for legal services.").

It is significant that the jury's forfeiture verdict identified as directly forfeitable only Mr. Esformes's minority interest in a limited number of operating

companies. Therefore, all other assets of Mr. Esformes should be treated as untainted and available to pay legal invoices through appeal.

Insofar as the Court is not ready to rule on this request at this time (or is inclined to deny the motion), Esformes moves the Court to defer ruling on, or stay imposition of, any restitution / forfeiture judgment that it would otherwise impose following the November 21, 2019 hearing until after this motion is decided by this Court and, if the motion is denied, by the Court of Appeals. *See Marshall*, 872 F.3d at 216-17 ("Marshall subsequently filed a motion to stay the court's second order of forfeiture pending appeal, and the district court granted the motion. After the district court entered the second forfeiture order, Marshall filed a separate motion in this Court to use his untainted funds—the $59,000 in the credit union account— to hire appellate counsel and a motion to suspend appellate proceedings until the Court ruled on his motion for funds. We granted the motion to stay, ordered briefing limited to the motion to use funds and heard oral argument. Marshall's motion to use funds is now ripe for decision.").

Because Mr. Esformes remains forum-neutral, he has no objection (consents) to having this motion heard by either district judge.

Respectfully submitted,

**BLACK, SREBNICK, KORNSPAN & STUMPF, P.A.**
201 South Biscayne Boulevard, Suite 1300
Miami, FL 33131 / Tel: (305) 371-6421

/s/ Howard Srebnick
**HOWARD SREBNICK**
　Fla. Bar No. 919063
　HSrebnick@RoyBlack.com