UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Cr-20549-Scola(s)(s)(s)

UNITED STATES OF AMERICA

vs.

PHILIP ESFORMES,

      Defendant.
_____ /

**UNITED STATES' MOTION FOR PRELIMINARY ORDER
OF FORFEITURE OF DIRECTLY FORFEITABLE ASSETS**

Pursuant to 18 U.S.C. § 982(a)(1), and the procedures set forth in 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2, the United States of America (the "United States" or the "Government"), by and through the undersigned Assistant United States Attorney, hereby moves for the entry of a Preliminary Order of Forfeiture of Directly Forfeitable Assets against Defendant PHILIP ESFORMES (the "Defendant") in the above-captioned matter. Specifically, the United States seeks to memorialize the Court's order of forfeiture entered upon the Government's *ore tenus* motion on September 12, 2019. *See* Paperless Entry, ECF No. 1385. In support of this motion, the United States provides the following factual and legal bases.

**I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On July 19, 2018, a federal grand jury sitting in the Southern District of Florida returned a thirty-six (36) count third superseding true bill of indictment [ECF No. 869](the "Third Superseding Indictment") charging the Defendant, and others, with the following violations: 18 U.S.C. § 1349 (Conspiracy to Commit Healthcare Fraud/Wire Fraud)(Count 1); 18 U.S.C. § 1347 (Healthcare Fraud)(Counts 2-3); 18 U.S.C. § 1035(a)(2) (False Statements Relating to Healthcare

Matters)(Counts 4-5); 18 U.S.C. § 371 (Conspiracy to Pay/Receive Healthcare Kickbacks)(Count 6); 42 U.S.C. § 1320a-7b(b)(1)(A) (Receipt of Healthcare Kickbacks)(Counts 7-9); 42 U.S.C. § 1320a-7b(b)(2)(A) (Payment of Healthcare Kickbacks)(Counts 10-15); 18 U.S.C. § 1956(h) (Money Laundering Conspiracy)(Count 16); 18 U.S.C. § 1956(a)(1)(B)(i) (Money Laundering) (Counts 17-30); 18 U.S.C. § 371 (Conspiracy to Commit Federal Program Bribery)(Count 31); 18 U.S.C. § 371 (Conspiracy to Commit Federal Program Bribery and Honest Services Wire Fraud)(Count 32); 18 U.S.C. § 666 (Federal Program Bribery)(Count 33); 18 U.S.C. § 1503 (Obstruction of Justice)(Count 34); 18 U.S.C. § 371(Conspiracy to Make False Statement Relating to Healthcare Matters)(Count 35); and 18 U.S.C. § 1503 (Obstruction of Justice)(Count 36).

The Third Superseding Indictment also contains a Forfeiture section that provides the Defendant with notice of the Government's intent to forfeit specific assets upon his conviction. *See* Indictment, ECF No. 869:42.

On April 5, 2019, the petit jury empaneled in this case returned its Verdict [ECF No. 1245] in which it found the Defendant guilty of the violations charged in **Count 6** (18 U.S.C. § 371 - Conspiracy to Pay/Receive of Healthcare Kickbacks), **Counts 8-9** (42 U.S.C. § 1320a-7b(b)(1)(A) - Receipt of Healthcare Kickbacks), **Counts 10-13** (42 U.S.C. § 1320a-7b(b)(2)(A) -Payment of Healthcare Kickbacks), **Count 16** (18 U.S.C. § 1956(h) - Money Laundering Conspiracy), **Counts 18-21**, **Counts 25-28**, and **Count 30** (18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering), **Count 31** (18 U.S.C. § 371 - Conspiracy to Commit Federal Program Bribery), **Count 32** (18 U.S.C. § 371 - Conspiracy to Commit Federal Program Bribery and Honest Services Wire Fraud), and **Count 34** (18 U.S.C. § 1503 - Obstruction of Justice). *See* Verdict, ECF No. 1245.

On April 9, 2019, the Court conducted a bifurcated forfeiture proceeding pursuant to Fed. R. Crim. P. 32.2(b)(1)(A) immediately following its announcement of the Verdict. Upon

conclusion of that proceeding and subsequent deliberation, the same petit jury returned a Forfeiture Verdict [ECF No. 1263] finding that all interest held by, on behalf of, or for the benefit of the Defendant in the following business entities and their assets were involved in a money laundering offense of which it found the Defendant guilty:

(a) ADME Investment Partners LTD (Operating Company)(D/B/A **Oceanside Extended Care Center**)("Oceanside") was involved in the money laundering offenses charged in Counts 16, 19 or 30, or traceable to such property;

(b) Almovea Associates, LLC (Operating Company) (D/B/A **North Dade Nursing and Rehabilitation Center**) ("North Dade") was involved in the money laundering offenses charged in Counts 16 or 27, or traceable to such property;

(c) Ayintove Associates, LLC (Operating Company) (D/B/A **Harmony Health Center**) ("Harmony") was involved in the money laundering offenses charged in Counts 16 or 20, or traceable to such property;

(d) Eden Gardens, LLC (Operating Company) **(D/B/A Eden Gardens**) ("Eden Gardens") was involved in the money laundering offenses charged in Counts 16 or 28, or traceable to such property;

(e) Fair Havens Center, LLC (Operating Company) (D/B/A **Fair Haven Center**) ("Fair Havens") was involved in the money laundering offenses charged in Counts 16, 18 or 30, or traceable to such property;

(f) Flamingo Park Manor, LLC (Operating Company) (D/B/A **Flamingo Park Manor**) was involved in the money laundering offenses charged in Counts 16 or 28, or traceable to such property; and

(g) Sefardik Associates, LLC (Operating Company) (D/B/A **The Nursing**

3

**Center at Mercy**)("Nursing Center at Mercy") was involved in the money laundering offenses charged in Counts 16 or 30, or traceable to such property (collectively, the "Directly Forfeitable Assets"). *See* Forfeiture Verdict, ECF No. 1263.

On May 16, 2019, the Defendant, through counsel, moved for acquittal on the Forfeiture Verdict. *See* Def. Mot. for Acquittal on Forf. Verdict, ECF No. 1325. Subsequently, on June 7, 2019, the Government filed its Response in Opposition to the Defendant's Motion for Acquittal on the Forfeiture Verdict. *See* ECF No. 1338.

On July 1, 2019, the Court entered its Order [ECF No. 1353] denying the Defendant's Motion for Acquittal on the Forfeiture Verdict. *See* Order, ECF No. 1353.

On September 12, 2019, the Court imposed sentence on the Defendant. *See* Judgment, ECF No. 1387. During the sentencing hearing the United States made an *ore tenus* motion requesting the Court order forfeited the Directly Forfeitable Assets consistent with the Forfeiture Verdict, which the Court granted and included as part of the Defendant's sentence in this case. *See* Paperless Entry, ECF No. 1385. The Government now seeks to memorialize that order.

## MEMORANDUM OF LAW

### A. Directly Forfeitable Property

All property, real or personal "involved in" a violation of 18 U.S.C. § 1956, or any property traceable to such property, is subject to forfeiture to the United States. 18 U.S.C. § 982(a)(1). Property "involved in" a money laundering offense "includes that money or property which was actually laundered ('the corpus'), along with 'any commissions or fees paid to the launderer[ ] and any property used to facilitate the laundering offense.'" *United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009) (quoting and citing *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003)).

4

If a defendant is convicted of such violation, the Court "shall order" the forfeiture of property as part of the sentence.  *See* 18 U.S.C. § 982(a)(1).  Criminal forfeiture is governed by the preponderance standard.  *See United States v. Hasson*, 333 F.3d 1264, 1277 (11th Cir. 2003).  Upon finding that property is subject to forfeiture by a preponderance, the Court:

> . . . must promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria.  The court must enter the order without regard to any third party's interest in the property.  Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Fed. R. Crim. P. 32.2(b)(2)(A).  To the extent there is a third-party interest to any forfeited asset, such claims are addressed after the property is preliminary forfeited, in third-party ancillary proceedings.  *See* 21 U.S.C. § 853(k), (n); Fed. R. Crim. P. 32.2.

### B.  Difference between Forfeiture and Restitution

Both forfeiture and restitution are mandatory in criminal cases.  *See United States v. Brummer*, 598 F.3d 1248, 1250-51 (11th Cir. 2010) (the word "shall" does not convey discretion and the district court was required to order forfeiture of the property in accordance with Fed. R. Crim. P. 32.2); 18 U.S.C. § 3664(f)(1)(A) (requiring district courts to order restitution in the full amount of each victim's losses).  Although sometimes conflated, forfeiture and restitution serve different purposes.  "While restitution seeks to make victims whole by reimbursing them for their losses, forfeiture is meant to punish the defendant by transferring his ill-gotten gains to the United States Department of Justice."  *United States v. Joseph*, 743 F.3d 1350, 1354 (11th Cir. 2014) (citing *United States v. Browne*, 505 F.3d 1229, 1281 (11th Cir. 2007), *United States v. Venturella*, 585 F.3d 1013, 1019-20 (7th Cir. 2009), and *Libretti v. United States*, 516 U.S. 29, 39 (1995)).  Because of this distinction, the Eleventh Circuit has repeatedly held that district courts cannot use

restitution to offset the forfeiture amount ordered, or vice versa. *See United States v. Hernandez*, 803 F.3d 1341, 1343-44 (11th Cir. 2015); *Joseph*, 743 F.3d at 1354 ("In light of the statutory framework governing restitution and forfeiture, we hold that a district court generally has no authority to offset a defendant's restitution obligation by the value of forfeited property held by the government, which is consistent with the approach taken by the Fourth, Seventh, Eighth, Ninth, and Tenth Circuits."); *United States v. Bane*, 720 F.3d 818, 827 n.8 (11th Cir. 2013); *United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344-45 (11th Cir. 2009).

Accordingly, the Court should issue the Government's proposed Preliminary Order of Forfeiture of Directly Forfeitable Assets attached, which memorializes the Court's forfeiture order regarding the Directly Forfeitable Assets; the inclusion of the forfeiture as part of the Defendant's sentence and judgment in this case; and permission to conduct discovery to locate assets ordered forfeited.

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(1), and the procedures set forth in 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2, the United States respectfully requests the entry of its proposed Preliminary Order of Forfeiture of Directly Forfeitable Assets attached.

## S.D. Fla. L. R. 88.9 CERTIFICATION

Undersigned counsel has not attempted to confer with opposing regarding the instant motion, which does not seek new or additional relief, but instead merely seeks to memorialize relief already granted.

Respectfully submitted,

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *s/Daren Grove*
_____
Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
500 E. Broward Boulevard, Suite 812
Fort Lauderdale, Florida 33394
Telephone: 954.660.5774
Facsimile: 954.356.7180