United States District Court
Southern District of Florida

Case No. 16-20549-Cr-Scola/Otazo-Reyes

United States of America

vs.

Philip Esformes,

        Defendant.
_____/

## Order Denying Ore Tenus Motion to Dismiss Counts of the Third Superceding Indictment for Which the Jury Did not Reach a Verdict

This matter was before the Court on November 21, 2019 for argument on the amounts of restitution and forfeiture to be imposed. At the conclusion of the hearing, a discussion was held concerning the status of the counts for which the jury did not reach a verdict (Counts 1, 14, 15, 22, 23, and 33). The Government suggested entering into an agreement to toll the Speedy Trial Period for those counts pending the appeals of the Defendant's conviction and prison sentence [ECF No. 1387], the forfeiture orders [ECF No. 1455 and 1456] and the restitution order [as reflected in the minute entry at ECF No. 1457]. The Defendant then moved, ore tenus, to dismiss those counts for violation of the Speedy Trial Act claiming that more than 70 days had passed since a mistrial was declared based upon the jury's inability to reach verdicts for those counts.

Although the Court ordered the Government to file a written response to the ore tenus motion within 10 days, the Court, upon reviewing the docket and conducting research, believes no response is necessary. Upon reviewing the transcripts of the hearings following receipt of the jury verdict, there apparently was no discussion by the Court or the parties relating to the hung counts. Instead everyone was focused on the jury instructions and other issues relating to the forfeiture proceedings before the jury. The Court thus, inadvertently neglected to announce a mistrial on those counts. By this order, the Court declares a mistrial on Counts 1, 14, 15, 22, 23, and 33.

Even had the Court announced a mistrial on April 5, 2019 when the jury verdict was returned, the Court finds that the Speedy Trial Act has not been violated. *See United States v. Gaffney,* 689 F. Supp. 1578 (Fla. M.D. 1988). It is not the act of announcing a mistrial which commences the 70-day period to retry a defendant, it is the setting of the new trial date by the Court which occasions

the commencement of the 70-day period.

And, even if the 70-day period began to run on April 5, 2019, the forfeiture proceedings, sentencing, post-trial motions and other motions and litigation pending through today's date have tolled the Speedy Trial Act time periods.

The Court hereby sets Counts 1, 14, 15, 22, 23, and 33 for trial during the two-week period commencing January 21, 2020 with a calendar call set for January 14, 2020 at 9:00 a.m. Unless the parties reach an agreement to toll the time periods pending the appeals or the Government dismisses those counts the trial will go forward in January.

**Done and ordered** in chambers at Miami, Florida, on November 21, 2019.

_____
Robert N. Scola Jr.
United States District Judge