Exhibit "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CR-20549-SCOLA(s)(s)(s)

UNITED STATES OF AMERICA

vs.

PHILIP ESFORMES,

           Defendant.

_____/

## ORDER OF FORFEITURE OF DIRECTLY FORFEITABLE ASSETS

THIS CAUSE is before the Court upon motion of the United States of America (the "United States" or the "Government") for entry of a Preliminary Order of Forfeiture of Directly Forfeitable Assets against Defendant PHILIP ESFORMES (the "Defendant"). Being fully advised in the premises and based on the United States' Preliminary Order of Forfeiture of Directly Forfeitable Assets, the record in this matter, and for good cause shown thereby, the Court finds as follows:

    1.    On July 19, 2018, a federal grand jury sitting in the Southern District of Florida returned a thirty-six (36) count third superseding true bill of indictment [ECF No. 869](the "Third Superseding Indictment") charging the Defendant, and others, with the following violations: 18 U.S.C. § 1349 (Conspiracy to Commit Healthcare Fraud/Wire Fraud)(Count 1); 18 U.S.C. § 1347 (Healthcare Fraud)(Counts 2-3); 18 U.S.C. § 1035(a)(2) (False Statements Relating to Healthcare Matters)(Counts 4-5); 18 U.S.C. § 371 (Conspiracy to Pay/Receive Healthcare Kickbacks)(Count 6); 42 U.S.C. § 1320a-7b(b)(1)(A) (Receipt of Healthcare Kickbacks)(Counts 7-9); 42 U.S.C. § 1320a-7b(b)(2)(A) (Payment of Healthcare Kickbacks)(Counts 10-15); 18 U.S.C. § 1956(h)

(Money Laundering Conspiracy)(Count 16); 18 U.S.C. § 1956(a)(1)(B)(i) (Money Laundering) (Counts 17-30); 18 U.S.C. § 371 (Conspiracy to Commit Federal Program Bribery)(Count 31); 18 U.S.C. § 371 (Conspiracy to Commit Federal Program Bribery and Honest Services Wire Fraud)(Count 32); 18 U.S.C. § 666 (Federal Program Bribery)(Count 33); 18 U.S.C. § 1503 (Obstruction of Justice)(Count 34); 18 U.S.C. § 371(Conspiracy to Make False Statement Relating to Healthcare Matters)(Count 35); and 18 U.S.C. § 1503 (Obstruction of Justice)(Count 36).

2. The Third Superseding Indictment also contains a Forfeiture section that provides the Defendant with notice of the Government's intent to forfeit specific assets upon his conviction. *See* Indictment, ECF No. 869:42.

3. On April 5, 2019, the petit jury empaneled in this case returned its Verdict [ECF No. 1245] in which it found the Defendant guilty of the violations charged in **Count 6** (18 U.S.C. § 371 - Conspiracy to Pay/Receive of Healthcare Kickbacks), **Counts 8-9** (42 U.S.C. § 1320a-7b(b)(1)(A) - Receipt of Healthcare Kickbacks), **Counts 10-13** (42 U.S.C. § 1320a-7b(b)(2)(A) - Payment of Healthcare Kickbacks), **Count 16** (18 U.S.C. § 1956(h) - Money Laundering Conspiracy), **Counts 18-21**, **Counts 25-28**, and **Count 30** (18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering), **Count 31** (18 U.S.C. § 371 - Conspiracy to Commit Federal Program Bribery), **Count 32** (18 U.S.C. § 371 - Conspiracy to Commit Federal Program Bribery and Honest Services Wire Fraud), and **Count 34** (18 U.S.C. § 1503 - Obstruction of Justice). *See* Verdict, ECF No. 1245.

4. On April 9, 2019, the Court conducted a bifurcated forfeiture proceeding pursuant to Fed. R. Crim. P. 32.2(b)(1)(A) immediately following its announcement of the Verdict. Upon conclusion of that proceeding and subsequent deliberation, the same petit jury returned a Forfeiture Verdict [ECF No. 1263] finding that all interest held by, on behalf of, or for the benefit of the

Defendant in the following business entities and their assets were involved in a money laundering offense of which it found the Defendant guilty:

(a) ADME Investment Partners LTD (Operating Company)(D/B/A **Oceanside Extended Care Center**)("Oceanside") was involved in the money laundering offenses charged in Counts 16, 19 or 30, or traceable to such property;

(b) Almovea Associates, LLC (Operating Company) (D/B/A **North Dade Nursing and Rehabilitation Center**) ("North Dade") was involved in the money laundering offenses charged in Counts 16 or 27, or traceable to such property;

(c) Ayintove Associates, LLC (Operating Company) (D/B/A **Harmony Health Center**) ("Harmony") was involved in the money laundering offenses charged in Counts 16 or 20, or traceable to such property;

(d) Eden Gardens, LLC (Operating Company) **(D/B/A Eden Gardens)** ("Eden Gardens") was involved in the money laundering offenses charged in Counts 16 or 28, or traceable to such property;

(e) Fair Havens Center, LLC (Operating Company) (D/B/A **Fair Haven Center**) ("Fair Havens") was involved in the money laundering offenses charged in Counts 16, 18 or 30, or traceable to such property;

(f) Flamingo Park Manor, LLC (Operating Company) (D/B/A **Flamingo Park Manor**) was involved in the money laundering offenses charged in Counts 16 or 28, or traceable to such property; and

(g) Sefardik Associates, LLC (Operating Company) (D/B/A **The Nursing Center at Mercy**)("Nursing Center at Mercy") was involved in the money laundering offenses charged in Counts 16 or 30, or traceable to such property

(collectively, the "Directly Forfeitable Assets"). *See* Forfeiture Verdict, ECF No. 1263.

5. On May 16, 2019, the Defendant, through counsel, moved for acquittal on the Forfeiture Verdict. *See* Def. Mot. for Acquittal on Forf. Verdict, ECF No. 1325. Subsequently, on June 7, 2019, the Government filed its Response in Opposition to the Defendant's Motion for Acquittal on the Forfeiture Verdict. *See* ECF No. 1338.

6. On July 1, 2019, the Court entered its Order [ECF No. 1353] denying the Defendant's Motion for Acquittal on the Forfeiture Verdict. *See* Order, ECF No. 1353.

7. On September 12, 2019, the Court imposed sentence on the Defendant. *See* Judgment, ECF No. 1387. During the sentencing hearing the United States made an *ore tenus* motion requesting the Court order forfeited the Directly Forfeitable Assets consistent with the Forfeiture Verdict, which the Court granted and included as part of the Defendant's sentence in this case. *See* Paperless Entry, ECF No. 1385. The Government now seeks to memorialize that order.

**THEREFORE**, the United States' Preliminary Order of Forfeiture of Directly Forfeitable Assets is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1), and the procedures set forth in 21 U.S.C. § 853 and Fed. R. Crim. P. 32.2, all interest held by, on behalf of, or for the benefit of the Defendant in the following business entities and their assets are hereby forfeited to the United States of America, subject to any third party interests:

    (a) ADME Investment Partners LTD (Operating Company)(D/B/A **Oceanside Extended Care Center**)("Oceanside");

    (b) Almovea Associates, LLC (Operating Company) (D/B/A **North Dade Nursing and Rehabilitation Center**) ("North Dade");

(c) Ayintove Associates, LLC (Operating Company) (D/B/A **Harmony Health Center**) ("Harmony");

(d) Eden Gardens, LLC (Operating Company) (D/B/A **Eden Gardens**) ("Eden Gardens");

(e) Fair Havens Center, LLC (Operating Company) (D/B/A **Fair Haven Center**) ("Fair Havens");

(f) Flamingo Park Manor, LLC (Operating Company) (D/B/A **Flamingo Park Manor**); and

(g) Sefardik Associates, LLC (Operating Company) (D/B/A **The Nursing Center at Mercy**)("Nursing Center at Mercy").

2. Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

3. The United States shall send and publish notice of the forfeiture in accordance with Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n).

4. The United States is authorized to conduct any discovery necessary in identifying, locating, or disposing of forfeited property, and to resolve any third-party petition, pursuant to Fed. R. Crim. P. 32.2(b)(3), (c)(1)(B), and 21 U.S.C. § 853(m).

5. Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Order is final as to the Defendant.

6. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the Directly Forfeitable Assets in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of actual notice, whichever is earlier, then, pursuant to Fed. R. Crim. P. 32.2(c)(2) and Title 21, United States Code, Section 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, on November 21, 2019.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE