```
 1                      UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA
 2                       CASE NO. 16-20549-CR-SCOLA

 3   UNITED STATES OF AMERICA,
                                             Miami, Florida
 4              Plaintiff(s),
                                             April 26, 2021
 5         vs.

 6   PHILIP ESFORMES,

 7              Defendant(s).
     ----------------------------------------------------------
 8
                 HEARING HELD VIA TELEPHONE CONFERENCE
 9              BEFORE THE HONORABLE ROBERT N. SCOLA
                     UNITED STATES DISTRICT JUDGE
10
     APPEARANCES:
11
     FOR THE PLAINTIFF(S):    Allan J. Medina, Esquire
12                            James V. Hayes, Esquire
                              U.S. Department of Justice
13                            1400 New York Avenue NW
                              Washington, DC 20530
14

15   FOR THE DEFENDANT        Howard M. Srebnick, Esquire
                              Jacqueline Perczek, Esquire
16                            Black, Srebnick, Kornspan & Stumpf
                              201 South Biscayne Boulevard
17                            Suite 1300
                              Miami, Florida 33131
18
                              William F. Gould, Esquire
19                            Holland & Knight, LLP
                              800 17th Street NW
20                            Suite 1100
                              Washington, DC 20006
21

22
     REPORTED BY:             Tammy Nestor, RMR, CRR
23                            Official Court Reporter
                              299 East Broward Boulevard
24                            Fort Lauderdale, Florida 33301
                              tammy_nestor@flsd.uscourts.gov
25
```

```
 1   Thereupon,
 2   the following proceedings began at 8:28 a.m.:
 3            THE COURT:  This is United States versus Esformes.
 4   Who is here on behalf of the government?
 5            MR. MEDINA:  Good morning, Your Honor.  Allan Medina
 6   on behalf of the United States.
 7            MR. HAYES:  Good morning, Your Honor.  Jim Hayes for
 8   the United States.
 9            THE COURT:  Good morning.
10            Who is here on behalf of Mr. Esformes?
11            MR. SREBNICK:  Good morning, Judge.  Howard Srebnick
12   on the line with Jackie Perczek and also William Gould.  He's
13   from Holland & Knight, and he's part of the appellate legal
14   team for Mr. Esformes.
15            THE COURT:  Okay.
16            MR. GOULD:  Judge, it's good to be here.
17            THE COURT:  Good morning, everybody.
18            This is set for a status re: trial date.  What is
19   happening -- I guess we are not going to get a trial date until
20   we finish the appeal.  So what is happening with the appeal?
21            MR. SREBNICK:  Judge, Howard Srebnick here.  The court
22   of appeals has set a revised briefing schedule for supplemental
23   briefing in light of the commutation.
24            At present, there is an order that was entered by
25   Judge Grant.  That order has set a deadline of May 17 for
```

```
 1   Esformes to file a supplemental brief.  Thereafter, the
 2   government would file its response brief July 19.  And the
 3   reply brief of Esformes would be filed August 18.  That's the
 4   latest, Judge.
 5           THE COURT:  Wow.  And what was the -- how do they
 6   frame the issue relating to commutation?  How does that impact
 7   the appeal?
 8           MR. SREBNICK:  There was a motion, unopposed or joint
 9   motion, by the appellate lawyers.  I could have Mr. Gould
10   address if necessary.  Given that the commutation affected the
11   incarceration portion of Mr. Esformes's sentence, I believe the
12   appellate lawyers are in discussions with the government as to
13   what is left to be decided by the court of appeals.
14           Any appeal of the incarceration portion of the
15   sentence would be moot, but, of course, there is other issues
16   that affect the underlying judgment, restitution, forfeiture
17   and the like.
18           THE COURT:  Okay.  And is it the government's position
19   that even if -- let's say the case is reversed on appeal and
20   sent back for a new trial.  Is it the government's position
21   that because of the commutation of his sentence, that if he
22   were convicted on the other counts on which there was a hung
23   jury, that he still can get prison time because his sentence
24   was commuted?
25           MR. MEDINA:  Your Honor, you know, our position is
```

1  that in the first instance, the hung counts, we do intend to
2  proceed on those hung counts and we see those as separate
3  entirely from the counts that are subject to the appeal and the
4  commutation.  We find that separate.  We do believe that if
5  convicted on the hung counts, he can be sentenced, again,
6  entirely separate from the commutation issue.
7         That said, Your Honor, we do believe that a retrial on
8  the hung counts should not occur before the appeal of the trial
9  convictions are decided.  If in light of the issues or the
10 arguments raised by counsel, specifically to the extent the
11 counsel of the defendant's arguments, the appeal is granted, it
12 could make any such trial moot.
13        We are confident that that won't be the case, but
14 nonetheless, for judicial economy purposes, we think although
15 the hung counts are separate and we can proceed forward on
16 those, for judicial economy, we believe that we should wait
17 until the appeal runs its course in the interest of justice.
18        THE COURT:  Okay.  So the briefing is not going to be
19 over until August.  Then they are going to have to do oral
20 argument.  When are they setting oral argument, usually a
21 couple months after the briefing?
22        MR. SREBNICK:  Judge, this is Howard.  I think that we
23 typically don't hear from the court for a couple of months, and
24 then the court would announce whether it will or it won't have
25 oral argument.  I expect this will be --

```
 1              THE COURT:  They will have oral argument.  Let's
 2    assume they do.
 3              MR. SREBNICK:  It would be in 2022 at the earliest in
 4    my opinion.
 5              THE COURT:  Really?
 6              MR. SREBNICK:  For oral argument, I would I think so.
 7    I just had oral argument set in February.  It was set to be
 8    heard in July.  I imagine that's four or five months.  And
 9    that's on an expedited appeal.
10              MR. HAYES:  Your Honor, this is Jim Hayes.  I would
11    say Mr. Srebnick is probably correct about the time table.  At
12    best late 2021, but 2022 does sound correct for when the oral
13    argument would be set.  Obviously it's speculation, but
14    Mr. Srebnick has a lot of experience with the appeals court,
15    and we think that's right.
16              THE COURT:  Why don't we just set a status then.  How
17    about February 3?  Maybe they will have had the arguments or
18    have a schedule and we'll have a better sense of what's
19    happening.  So February 3 is a Monday.  I don't think that's a
20    holiday.  Let's do February 3 at 8:30.
21              THE COURTROOM DEPUTY:  Judge, I'm sorry to interrupt.
22    What day is February 3?  I'm looking at a calendar --
23              THE COURT:  Wait.  I'm looking at 2020.  Never mind.
24    2021, February 3 is a Wednesday.  Let's do it February 1, which
25    is a Monday at 8:30.
```

```
 1              THE COURTROOM DEPUTY:  Judge, I'm looking at a
 2    calendar for 2022 --
 3              THE COURT:  Oh, my God, you're right.  I went from
 4    2020 to 2021.  All right.  Now I'm at 2022.  Let's see,
 5    February 1.  Let's do it February 7 at 8:30, 2022.  Wow.  We
 6    will do it telephone since there are people from out of town,
 7    telephone status re: trial date.
 8              THE COURTROOM DEPUTY:  What time, Judge, I'm sorry?
 9              THE COURT:  8:30.
10              Anything else we can do this morning?
11              MR. MEDINA:  Yes, Your Honor.  Two issues I want to
12    raise.  One really quick related to speedy trial.  Just for the
13    record, we believe the ends of justice provision allows for the
14    continuance.
15              We also want to note that there is arguably
16    application of 18 U.S.C. 3161(h)(1).  Since in light of the
17    appeal -- in light of the appeal, we believe it's another
18    proceeding concerning the defendant; therefore, that time would
19    be excludable.  We just want to note that for the record.
20              But the next issue we want to raise is bond.  Your
21    Honor, it is the first time that we have specifically made note
22    of our intention to try the defendant on the hung counts.  It's
23    our understanding that Mr. Esformes is only on supervised
24    release.  Some standard conditions, other conditions related to
25    no new debt restrictions, no work in the healthcare field, we
```

```
 1   believe that in light of us proceeding forward, that the
 2   supervised release conditions are inadequate.
 3          We also understand, in light of our conversation this
 4   morning related to the timeline somewhat being unpredictable,
 5   that we are not going to be seeking detention.  That said, we
 6   do believe at minimum, in the first instance, the defendant
 7   should be placed on home confinement with electronic
 8   monitoring.
 9          We also have another set of conditions which are
10   substantially similar to what Mr. Pasano put forth at docket
11   entry -- I apologize, I don't have it in front of me -- oh, I'm
12   sorry, docket entry 80-2 back on August 15, 2016.  We believe
13   those conditions including sureties, corporate surety bond,
14   personal surety bond, and a percentage bond with Nebia and
15   other conditions are appropriate in this instance.  He is a
16   serious flight risk.  And we believe those should be put in
17   place, specifically, at this moment, the electronic monitoring
18   and home confinement.  We are happy to read the other
19   conditions in the record or file a supplemental pleading today
20   if you would like.
21          THE COURT:  Okay.  So here's what I am going to do.
22   Why don't you all consult with each other.  If there are any
23   additional conditions of his release that are agreed to, you
24   can submit a proposed agreed order.  If some or all of the
25   conditions the government is seeking are not agreed to, then
```

```
 1   file a motion and you can put in the motion with specificity
 2   which conditions are agreed to and which are not agreed to, and
 3   I will set a hearing either later this week or next week.
 4            MR. SREBNICK:  Judge, this is Howard.
 5   Scheduling-wise, I'm in court today, Wednesday, and Friday, so
 6   if there is going to be a hearing on Esformes, if it's possible
 7   to set it for next week, I would appreciate that.  I am told
 8   that Mr. Esformes has been in full compliance with all
 9   conditions of supervised release.
10            THE COURT:  Okay.  So talk to each other, and maybe
11   when we get off the phone, you all can just continue this
12   discussion among yourselves and --
13            MR. MEDINA:  Your Honor, just one clarification.  To
14   the extent counsel agrees, we would ask that the electronic
15   monitoring and home confinement be put in place now.  It is a
16   week.  We are concerned about that timeline without any bond
17   conditions.  The circumstances are significantly --
18            THE COURT:  Wasn't he released in January?
19            MR. MEDINA:  He was.  He was released in January.
20            THE COURT:  What's happening between now and next week
21   that makes it -- I mean that would make him flee when he hasn't
22   fled January to February, February to March, March to April, so
23   over three months?
24            MR. MEDINA:  The only thing I would say, Your Honor,
25   is that we are now publicly making known that our intention is
```

```
 1   to proceed on the hung counts.  That was unknown prior until
 2   this morning.
 3           THE COURT:  Okay.  Well, let's see.  Why don't we just
 4   pick a time right now next week?
 5           Let's set, in anticipation that there is not going to
 6   be an agreement on all the conditions, I am going to set a
 7   hearing -- are you all available next Tuesday at 10:30, May 4?
 8           MR. SREBNICK:  Tuesday, May 4, 10:30, Howard is
 9   available.
10           THE COURT:  Government?
11           MR. MEDINA:  The government is available, Your Honor.
12           THE COURT:  Okay.  So we are going to do it at 10:30
13   in open court.  Has everybody been vaccinated?
14           MR. MEDINA:  Yes, Your Honor.
15           MR. SREBNICK:  Howard and Jackie have been vaccinated.
16           THE COURT:  Mr. Esformes, has he been vaccinated?
17           MR. SREBNICK:  I do not know.  I can find out.
18           THE COURT:  He needs to be personally present in the
19   courtroom next week.
20           MR. HAYES:  Your Honor, I'm sorry to interrupt, Your
21   Honor.  Jim Hayes.  I will be vaccinated with my first shot,
22   and my second dose is coming today so effectively vaccinated,
23   but (inaudible) --
24           THE COURT:  I didn't hear the last thing you said.
25           MR. HAYES:  May 10 is when I'm official, Your Honor.
```

```
 1   That's two weeks after my second shot of the Moderna vaccine.
 2   So I think I'm in the clear essentially.
 3             THE COURT:  If you don't feel comfortable, you can
 4   appear by phone.  Otherwise, we will do it May 4 at 10:30.
 5             You said there were a couple things, Mr. Medina?
 6             MR. MEDINA:  That was it, Your Honor.  It was the
 7   Speedy Trial Act provision and the bond issue.  Thank you.
 8             THE COURT:  All right.  So we will enter an order.
 9   When we enter the order setting the next status conference in
10   February, we will include the language relating to the ends of
11   justice require the continuance.  All right.
12             MR. SREBNICK:  Nothing else from the defense.
13             THE COURT:  See you next Tuesday at 10:30 in court.
14             MR. MEDINA:  Thank you, Your Honor.
15             THE COURT:  It will be my second in-person hearing in
16   the last year.
17             All right.  We will be in recess on this matter.
18             MR. MEDINA:  Thank you, Judge.
19             MR. SREBNICK:  Thank you, Your Honor.
20             (The hearing concluded at 8:42 a.m.)
21                              - - -
22
23
24
25
```

C E R T I F I C A T E

     I hereby certify that the foregoing is an accurate transcription of the proceedings in the above-entitled matter.

     Please note: This hearing occurred during the COVID-19 pandemic and is therefore subject to the technological limitations of reporting remotely.

5/3/21
                    s/ Tammy Nestor
                    Tammy Nestor, RMR, CRR
                    Official Court Reporter
                    400 North Miami Avenue
                    Miami, Florida 33128
                    tammy_nestor@flsd.uscourts