UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Cr-20549-Scola(s)(s)(s)

UNITED STATES OF AMERICA

vs.

PHILIP ESFORMES,

         Defendant.

**UNITED STATES' FIRST MOTION FOR PRELIMINARY ORDER
OF FORFEITURE OF SUBSTITUTE PROPERTY**

Pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), the United States of America ("United States"), by and through its undersigned Assistant United States Attorney, hereby moves against Defendant, **PHILIP ESFORMES** ("Defendant"), for entry of its First Preliminary Order of Forfeiture of Substitute Property. The United States seeks criminal forfeiture of certain assets belonging to Defendant as substitute property in partial satisfaction of the forfeiture money judgment imposed against him as part of his sentence in this case. In support of this motion, the United States provides the attached Declaration of Special Agent Ricardo Carcas of the United States Health and Human Services, Office of Inspector General, and provides the following factual basis and legal authority in support of its motion:

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

1.  On July 19, 2018, a federal grand jury sitting in the Southern District of Florida returned a thirty-six (36) count third superseding true bill of indictment [ECF No. 869](hereinafter, the "Third Superseding Indictment") charging Defendant, and others, with the following

violations: 18 U.S.C. § 1349 (Conspiracy to Commit Healthcare Fraud/Wire Fraud)(Count 1); 18 U.S.C. § 1347 (Healthcare Fraud)(Counts 2-3); 18 U.S.C. § 1035(a)(2) (False Statements Relating to Healthcare Matters)(Counts 4-5); 18 U.S.C. § 371 (Conspiracy to Pay/Receive of Healthcare Kickbacks)(Count 6); 42 U.S.C. § 1320a-7b(b)(1)(A) (Receipt of Healthcare Kickbacks)(Counts 7-9); 42 U.S.C. § 1320a-7b(b)(2)(A) (Payment of Healthcare Kickbacks)(Counts 10-15); 18 U.S.C. § 1956(h) (Money Laundering Conspiracy)(Count 16); 18 U.S.C. § 1956(a)(1)(B)(i) (Money Laundering) (Counts 17-30); 18 U.S.C. § 371 (Conspiracy to Commit Federal Program Bribery)(Count 31); 18 U.S.C. § 371 (Conspiracy to Commit Federal Program Bribery and Honest Services Wire Fraud)(Count 32); 18 U.S.C. § 666 (Federal Program Bribery)(Count 33); 18 U.S.C. § 1503 (Obstruction of Justice)(Count 34); 18 U.S.C. § 371(Conspiracy to Make False Statement Relating to Healthcare Matters)(Count 35); and 18 U.S.C. § 1503 (Obstruction of Justice)(Count 36). *See* Third Superseding Indictment, ECF No. 869.

2. The Third Superseding Indictment also contains a Forfeiture section alleging that specific assets are subject to criminal forfeiture upon Defendant's conviction. *See id*., ECF No. 869:41-48.

3. On April 5, 2019, the petit jury returned its Verdict [ECF No. 1245] finding Defendant guilty of the violations charged in **Count 6** (18 U.S.C. § 371 - Conspiracy to Pay/Receive of Healthcare Kickbacks), **Counts 8-9** (42 U.S.C. § 1320a-7b(b)(1)(A) - Receipt of Healthcare Kickbacks), **Counts 10-13** (42 U.S.C. § 1320a-7b(b)(2)(A) -Payment of Healthcare Kickbacks), **Count 16** (18 U.S.C. § 1956(h) - Money Laundering Conspiracy), **Counts 18-21**, **Counts 25-28**, and **Count 30** (18 U.S.C. § 1956(a)(1)(B)(i) - Money Laundering), **Count 31** (18 U.S.C. § 371 - Conspiracy to Commit Federal Program Bribery), **Count 32** (18 U.S.C. § 371 - Conspiracy to Commit Federal Program Bribery and Honest Services Wire Fraud), and **Count 34**

(18 U.S.C. § 1503 - Obstruction of Justice). *See* Verdict, ECF No. 1245.

4. On April 9, 2019, the Court conducted a bifurcated forfeiture evidentiary hearing pursuant to Fed. R. Crim. P. 32.2(b)(1)(A). At the conclusion of the hearing and following its deliberation, the petit jury returned its Forfeiture Verdict [ECF No. 1263] finding that the following assets constituted property involved in Defendant's money laundering offenses, or were traceable to such property:

(a) ADME Investment Partners LTD (Operating Company)(D/B/A **Oceanside Extended Care Center**)("Oceanside") was involved in the money laundering offenses charged in Counts 16, 19 or 30, or traceable to such property;

(b) Almovea Associates, LLC (Operating Company) (D/B/A **North Dade Nursing and Rehabilitation Center**) ("North Dade") was involved in the money laundering offenses charged in Counts 16 or 27, or traceable to such property;

(c) Ayintove Associates, LLC (Operating Company) (D/B/A **Harmony Health Center**) ("Harmony") was involved in the money laundering offenses charged in Counts 16 or 20, or traceable to such property;

(d) Eden Gardens, LLC (Operating Company) **(D/B/A Eden Gardens**) ("Eden Gardens") was involved in the money laundering offenses charged in Counts 16 or 28, or traceable to such property;

(e) Fair Havens Center, LLC (Operating Company) (D/B/A **Fair Haven Center**) ("Fair havens") was involved in the money laundering offenses charged in Counts 16, 18 or 30, or traceable to such property;

(f) Flamingo Park Manor, LLC (Operating Company) (D/B/A **Flamingo Park Manor**) was involved in the money laundering offenses charged in Counts 16 or 28, or traceable

to such property; and

       (g)    Sefardik Associates, LLC (Operating Company) (D/B/A **The Nursing Center at Mercy**)("Nursing Center at Mercy") was involved in the money laundering offenses charged in Counts 16 or 30, or traceable to such property.

(collectively "Directly Forfeitable Assets"). *See* Forfeiture Verdict, ECF No. 1263.

5. The empaneled petit jury did not reach a special verdict regarding whether the United States established the requisite nexus between the other assets listed in the Forfeiture Verdict form and Defendant's crimes. *See id.*; Fed. R. Crim. P. 32.2(b)(5).

6. On September 12, 2019, the Court imposed sentence on Defendant. *See* Judgment, ECF No. 1387. During the sentencing hearing, the United States made an *ore tenus* motion requesting that the Court order forfeited, subject to third party interests, all interest held by, on behalf of, or for the benefit of Defendant, in the Directly Forfeitable Assets consistent with the Forfeiture Verdict, which the Court granted. *See* Paperless Entry, ECF No. 1385. On November 21, 2019, the Court entered its Order of Forfeiture of Directly Forfeitable Assets [ECF No. 1456] accordingly. *See* Preliminary Order, ECF No. 1456.

7. Additionally, on November 21, 2019, the Court entered its Order of Forfeiture [ECF No. 1455] imposing a forfeiture money judgment for $38,700,795 (US) (the "Forfeiture Money Judgment") against Defendant as part of his sentence. *See* Order of Forfeiture, ECF No. 1455. The forfeiture money judgment is equal in value to the property traceable to the property involved in Defendant's money laundering offenses. *See id.* at 2. The Order of Forfeiture directs that the United States may file a motion, pursuant to Fed. R. Crim. P. 32.2(e), to forfeit property belonging to Defendant having a value not to exceed the aggregate sum of the outstanding balance of the Forfeiture Money Judgment. *See* Order of Forfeiture, ECF No. 1455; Fed. R. Crim. P. 32.2(e) and

(e)(1)(B) ("On government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that . . . is substitute property that qualifies for forfeiture under an applicable statute.").

8. The Government now seeks forfeiture of the following assets belonging to Defendant as substitute property, pursuant to 21 U.S.C. § 853(p), in partial satisfaction of the Forfeiture Money Judgment[1]:

(a) <u>Bank Accounts ("BA")</u> (collectively, the "Bank Accounts"): All principal, deposits, interest, dividends, and/or any other funds credited to the following bank accounts:

(BA1) Account number 898049003513 held at Bank of America, N.A. in the name of Sherri Beth Esformes and Philip Esformes;

(BA2) Account number 003676209546 held at Bank of America, N.A. in the name of Philip Esformes and Julie Betancourt;

(BA3) Account number 102747 held at 1st Equity Bank, N.A. in the name of Sherri Esformes, Jason Tennenbaum, and Philip Esformes;

(BA4) {**space left intentionally blank**};

(BA5) Account number 204735 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. (c/o Norman Knopf);

(BA6) {**space left intentionally blank**};

(BA7) Account number 209882 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. (c/o Norman Knopf);

---

[1] For purposes of consistency, the nomenclature and numbering of the assets matches the way they are listed in the Third Superseding Indictment. Certain numbered spaces are left intentionally blank where the Government it is not seeking forfeiture of the asset so listed in the Third Superseding Indictment.

(BA8) Account number 312320 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. Pension Plan & Trust;

(BA9) {**space left intentionally blank**};

(BA10) Account number 454362 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. Pension Plan & Trust;

(BA11) {**space left intentionally blank**};

(BA12) {**space left intentionally blank**};

(BA13) {**space left intentionally blank**};

(BA14) Account number 1560024295 held at MB Financial Bank, N.A. in the name of Philip Esformes or Alvin Norman Knopf;

(BA15) {**space left intentionally blank**};

(BA16) Account number 1560025577 held at MB Financial Bank, N.A. in the name of Philip Esformes, Inc.;

(BA17) Account number 1560024473 held at MB Financial Bank in the name of Alvin Norman Knopf or Philip Esformes; and

(BA18) Account number 16021230 held at National Securities Bank, N.A. in the name of Philip Esformes Inc. Pension.

(b) Real Property ("RP") (collectively, the "Real Property"): Real property, together with all appurtenances, improvements, fixtures, easements and attachments, therein and/or thereon, which are known and numbered as follows, or the remaining share of the net seller proceeds from any interlocutory sale of such assets ordered by the Court:

(RP1)  5077 N. Bay Road, Miami Beach, Florida 33140;

(RP2)  5069 N. Bay Road, Miami Beach, Florida 33140;

    (RP3)  980 W. 48th Street, Miami Beach, Florida 33140;

    (RP4)  180 E. Pearson, Unit 7201, Chicago, Illinois 60611;

    (RP5)  6849-50 S. Clyde Avenue, Chicago, Illinois 60649; and

    (RP6)  9427 Sawyer Street, Los Angeles, California 90035.

(collectively "Substitute Assets").[2]

## INCORPORATED MEMORANDUM OF LAW

Forfeiture of substitute property is an appropriate and authorized method of satisfying an unpaid forfeiture money judgment. Specifically, Fed. R. Crim. P. 32.2(e) permits a court to order forfeiture of "substitute property that qualifies for forfeiture under an applicable statute." In this case, the Substitute Assets qualify for forfeiture under 21 U.S.C. § 853(p), which provides:

(1) In general

Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant–

    (A)  cannot be located upon the exercise of due diligence;
    (B)  has been transferred or sold to, or deposited with, a third party;
    (C)  has been placed beyond the jurisdiction of the court;
    (D)  has been substantially diminished in value; or
    (E)  has been commingled with other property which cannot be divided without difficulty.

(2) Substitute property

In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any

---

[2] The Substitute Assets are among other assets that the petit jury did not reach a special verdict answering whether the United States established the requisite nexus between the assets and Defendant's crimes. *See* Forfeiture Verdict, ECF No. 1263; Fed. R. Crim. P. 32.2(b)(5).

> property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

21 U.S.C. § 853(p)(1)-(2). Thus, subdivision (p) authorizes a court to order forfeiture of any other property belonging to a defendant in lieu of the unavailable assets, up to the value of the unavailable assets.

Furthermore, forfeiture of substitute property is an appropriate method for satisfying a forfeiture money judgment. According to federal law, the Court may order the forfeiture of substitute property to satisfy a forfeiture money judgment where the judgment represents the value of a defendant's ill-gotten gains that are unavailable for forfeiture for one of the reasons set forth in § 853(p). *See United States v. Duboc,* 694 F.3d 1223 (11th Cir. 2012) (affirming forfeiture of substitute property in partial satisfaction of money judgment). *See also United States v. Hatcher*, 323 F.3d 666, 673 (8th Cir. 2003) ("Section 853(p) provides that where the government proves that it was entitled to forfeiture, but the specific property is no longer available, the district court shall order the forfeiture of substitute assets."); *United States v. Baker*, 227 F.3d 955, 970 (7th Cir. 2000), *cert. denied*, 531 U.S. 1151 (2001) (noting that "the government can satisfy part of the forfeiture award with assets 'traceable to' proceeds of [the defendant's] conspiracy, or with substitute assets." (citations omitted)); *United States v. Candelaria-Silva*, 166 F.3d 19, 42 (1st Cir. 1999), *cert. denied*, 529 U.S. 1055 (2000) (affirming the district court's order of the forfeiture of real property as substitute assets in partial satisfaction of a $6 million forfeiture money judgment).

Importantly, a court may also order forfeiture of an asset as substitute property which the court or jury previously declined to forfeit directly. *See United States v. Weiss*, 2005 WL 1126663, *6-8 (M.D. Fla. 2005) (any asset of the defendant may be forfeited as a substitute asset to satisfy a money judgment), aff'd, 467 F.3d 1300 (11th Cir. 2006); *United States v. Weiss*, 2005 WL 1126663, *6-7 (M.D. Fla. 2005) (if jury fails to include an asset in the list of things directly

traceable to the offense, the Government may seek forfeiture of the same asset as a substitute asset), aff'd, 467 F.3d 1300 (11th Cir. 2006); *United States v. Tardon,* 56 F. Supp.3d 1309 (S.D. Fla. 2014) (property jury declined to forfeit is forfeitable as substitute assets).

After reviewing the financial investigation of Defendant and his assets conducted in this case, Special Agent Carcas concluded that the property involved in Defendant's money laundering crimes, and/or the property traceable to such property, other than the seven (7) operating companies referenced above, cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; or have been substantially diminished in value or have been commingled with other property which cannot be divided without difficulty *See* Carcas Decl. at ¶ 7, attached hereto as **Exhibit A**.

## PROTECTION OF THIRD PARTY RIGHTS

Once a court enters an order forfeiting substitute property, third parties have a right to contest in the ancillary proceeding the forfeiture by asserting a superior ownership interest pursuant to 21 U.S.C. § 853(n). *See* Fed. R. Crim. P. 32.2(e)(2); *United States v. Watkins*, 320 F.3d 1279 (11th Cir. 2003) (third parties can challenge forfeiture of cash as substitute asset). Thus, after entry of its proposed First Preliminary Order of Forfeiture of Substitute Property, the United States will initiate proceedings necessary to protect any third party interests in the forfeited substitute property in accordance with Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(n).

WHEREFORE, pursuant to Fed. R. Crim. P. 32.2(e) and 21 U.S.C. § 853(p), and for the reasons set forth herein, the United States respectfully submits that its motion should be granted and that its proposed First Preliminary Order of Forfeiture of Substitute Property should be entered accordingly.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

By: *s/Daren Grove*

Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
500 E. Broward Boulevard, Suite 822
Fort Lauderdale, Florida 33394
Telephone: 954.660.5774
Facsimile: 954.356.7180