UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-20549-CR-SCOLA(s)(s)(s) |
| | ) | |
| PHILIP ESFORMES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHERRI BETH ESFORMES, | ) | |
| | ) | |
| Petitioner/Claimant. | ) | |
| | ) | |

**VERIFIED PETITION/CLAIM**
**OF PETITIONER/CLAIMANT SHERRI BETH ESFORMES**
**<u>AS TO SUBSTITUTE PROPERTY</u>**

Petitioner/Claimant, Sherri Beth Esformes, through her undersigned counsel, hereby asserts, pursuant to 21 U.S.C. Section 853(n) and (p), her legal interest in the property that the Court ordered forfeit, pursuant to that certain First Preliminary Order of

1

Forfeiture of Substitute Property, dated August 4, 2021 [ECF No.1583] and 18 U.S.C. Section 982, and as grounds therefore Petitioner states:

1.  On July 19, 2018, Defendant Philip Esformes by way of a third superseding indictment [ECF No. 869] was charged with violations of 18 U.S.C. Sections 371, 666, 1035(a)(2), 1347, 1349, 1503, 1956(a)(1) and 1956(h) as well as 42 U.S.C. Sections 1320a-7b(b)(1)(A) and 1320a-7b(b)(2)(A).

2.  The third superseding indictment contains a Forfeiture section that provided Defendant with notice of the Government's intent to forfeit specific assets upon his conviction.

3.  On April 5, 2019 the jury found Defendant Philip Esformes guilty on Count 6 (18 U.S.C. Section 371), Counts 8-9 (42 U.S.C. Section 1320a-7b(b)(1)(A)), Counts 10-13 (42 U.S.C. Section 1320a-7b(b)(2)(A), Count 16 (18 U.S.C. Section 1956(h), Counts 18-21, 25-28 and 30 (1956(a)(1)(B)(i)), Count 31 (18 U.S.C. Section 371), and Count 34 (18 U.S.C. Section 1503). *See* Verdict, ECF No. 1245.

4.  On April 9, 2019 the jury found the following business entities and their assets were involved in a money laundering offense (*See* Forfeiture Verdict, ECF No. 1263) of which the Defendant had been found guilty:

    a. ADME Investment Partners LTD d/b/a Oceanside Extended Care Center;

    b. Almovea Associates, LLC d/b/a North Dade Nursing and Rehab Center;

    c. Ayintove Associates, LLC d/b/a Harmony Health Center;

d. Eden Gardens, LLC d/b/a Eden Gardens;

e. Fair Haven Center. LLC d/b/a Fair Haven;

f. Flamingo Park Manor, LLC d/b/a Flamingo Park Manor; and

g. Sefardik Associates, LLC d/b/A The Nursing Center at Mercy.

These entities have been referred to collectively as the "Operating Entities" and/or "Directly Forfeitable Assets."

5. On November 21, 2019, the Court granted the government's motion for leave to forfeit the directly forfeitable assets listed in paragraph 4 above. *See* Preliminary Order, ECF No. 1456.

6. Additionally, on November 21, 2019, the Court entered its Order of Forfeiture [ECF No. 1455] imposing a forfeiture money judgment for $38,700,795 against the Defendant.

7. On January 11, 2021, Petitioner/Claimant Sherri Beth Esformes filed her verified claim [ECF No. 1535] asserting her superior interest in the Directly Forfeitable Assets. Petitioner/Claimant continues to assert her claim of 50% ownership of each of the Directly Forfeitable Assets, including the remaining share of the net seller proceeds from any interlocutory sale of such assets, and incorporates by reference the assertions contained therein.

8. The United States filed an unopposed motion for enlargement of time in which to respond to third party petitioner's claim to directly forfeitable assets in order to engage in

3

settlement discussions. *See* ECF Nos. 1544, 1555, and 1582. The motion was granted. [ECF Nos. 1545, 1556, and 1584]

9. On June 3, 2021, the government filed the United States' First Motion for Preliminary Order of Forfeiture of Substitute Property. [ECF No. 1575].

10. On August 4, 2021, the Court entered the First Preliminary Order of Forfeiture of Substitute Property. [ECF No. 1583].

11. The First Preliminary Order of Forfeiture of Substitute Property affords claimants 60 days from the first publication of notice of forfeiture or 30 days from direct notice of forfeiture to file their respective claims.

12. On or about August 4, 2021, Sherri Beth Esformes received notice of the Court's order [ECF No. 1583] and the Government's intent to move forward.

13. The filing of this Petition is timely.

14. In December 1992, Petitioner, Sherri Esformes, married Defendant Philip Esformes in Manhattan, New York and they were issued marriage license number 24991.

15. Sherri Esformes and Philip Esformes were continuously married from December 1992 through July 30, 2020.

16. Assets acquired during the marriage are marital property with husband and wife each owning 50%.

17. Each of the bank accounts listed in the First Preliminary Order of Forfeiture of Substitute Property, which the United States has given notice that it seeks, was formed during the marriage of Sherri Esformes and Philip Esformes. The accounts are as follows:

a. ("BA1") Bank of America, N.A. account number 898049003513

opened 02/08/2012 in the name of Sherri Beth Esformes and Philip Esformes;

b. ("BA2") Bank of America, N.A. account number 0036767209546

in the name of Philip Esformes and Julie Betancourt;

c. ("BA3") First Equity, N.A. account number 102747 in the

opened 05/30/2007 name of Sherri Esformes, Jason Tennenbaum, and

Philip Esformes;

d. ("BA4") {space intentionally left blank};

e. ("BA5") First Equity, N.A. account number 204735 opened 04/29/2002

in the name of Philip Esformes Inc. (c/o Norman Knopf);

f. ("BA6") {space intentionally left blank};

g. ("BA7") First Equity, N.A. account number 209882 opened 01/25/2012

in the name of Philip Esformes Inc. (c/o Norman Knopf);

h. ("BA8") First Equity, N.A. account number 312320 opened 06/16/2011

in the name of Philip Esformes Inc. Pen. Plan & Trust (c/o Norman Knopf);

i. ("BA9") {space intentionally left blank};

j. ("BA10") First Equity, N.A. account number 454362 opened 02/10/2010

in the name of Philip Esformes Inc. Pension Plan & Trust;

k. ("BA11") {space intentionally left blank};

l. ("BA12") {space intentionally left blank};

m. ("BA13") {space intentionally left blank};

n. ("BA14") M.B. Financial Bank, N.A. account number 1560024295

opened in 2015 in the name of Philip Esformes or Alvin Norman Knopf;

o. ("BA15") {space intentionally left blank};

p. ("BA16") M.B. Financial Bank, N.A. account number 1560025577

opened in 2015 in the name of Philip Esformes, Inc.;

q. ("BA17") M.B. Financial Bank, N.A. account number 15600224473

opened in 2015 in the name of Alvin Norman Knopf or Philip Esformes; and

r. ("BA18") National Securities Bank, N.A. account number 16021230

opened 11/01/2013 in the name of Philip Esformes, Inc. Pension.

18. Claimant's claim as to each bank account includes all principal, deposits, interest, dividends, and/or any other funds credited to each bank account.

19. Any interest acquired by Philip Esformes in the subject bank accounts occurred during the marriage of Sherri Beth Esformes and Philip Esformes, are marital assets, and owned 50% by Sherri Beth Esformes and 50% by Philip Esformes.

20. The First Preliminary Order of Forfeiture of Substitute Property [CFM No. 1583] also lists certain real properties.

21. Each of the real properties listed was acquired during the marriage of Sherri Beth Esformes and Philip Esformes. The properties are:

  a. ("RP-1") 5077 North Bay Road, Miami Beach, Florida 33140 purchased July 23, 2002;

  b. ("RP-2") 5069 North Bay Road, Miami Beach, Florida 33140 purchased March 14, 2006;

  c. ("RP-3") 980 West 48th Street, Miami Beach, Florida 33140 purchased July 3, 2012;

  d. ("RP-4") 180 East Pearson, Unit 7201, Chicago, Illinois 60611 purchased March 17, 2005;

  e. ("RP-5") 6849-50 South Clyde Avenue, Chicago, Illinois 60649 purchased August 26, 2010; and

  f. ("RP-6") 9427 Sawyer Street, Los Angeles, California 90035 purchased May 16, 2008.

22.  Sherri Beth Esformes' claim as to the real properties includes all interest in each real property, together with all appurtenances, improvements, fixtures, easements and attachments, therein and/or thereon, and/or the remaining share of the net seller proceeds from any interlocutory sale of such assets.

23.  Any interest acquired by Philip Esformes in the real properties occurred during the marriage of Sherri Beth Esformes and Philip Esformes, are marital assets, and owned 50% by Sherri Beth Esformes and 50% by Philip Esformes.

24.  The Government has argued that violations that support forfeiture of these bank accounts and real properties occurred from at least 2010 through 2016.  However, the government's interest in substitute property does not relate back to the date of the offense. The government's interest in substitute property is not perfected until the date the criminal judgment is entered against the defendant.

25. Sherri Beth Esformes acquired her interest in each of the subject bank accounts on or about the date the bank account was opened.

26. Sherri Beth Esformes acquired her interest in each of the subject real properties on the date that each of the properties was acquired.

27. Sherri Beth Esformes' interest in the bank accounts and the real properties here in issue was perfected and vested at the same time that Philip Esformes acquired an interest in each bank account and real property.

28. Sherri Beth Esformes' interest in each bank account and real property predates the date the United States acquired an interest in any of the bank accounts or real properties as substitute assets.

29. The interest of Petitioner Sherri Beth Esformes in the subject bank accounts and real properties is a superior interest to the interest of the United States and all other parties.

30. Petitioner, Sherri Beth Esformes, has a legal right, title and interest in the bank accounts and real properties set forth in the First Preliminary Order of Forfeiture of Substitute Property. Sherri Beth Esformes' right, title and interest is a 50% interest in each bank account and real property. Her right, title and interest is superior to the interest acquired by the United States in each of the subject substitute assets. This fact renders the order of forfeiture invalid in whole or part because the right, title, and/or interest of Petitioner, Sherri Beth Esformes, vested in Petitioner rather than the defendant or was superior to any right, title, or interest of the defendant.

31. Petitioner at all times relevant hereto, did not know of the Defendant's conduct that gave rise to the forfeiture in this case and Petitioner was an innocent owner.

32. Petitioner filed for divorce from Philip Esformes in October 2015 and retained her 50% ownership in all marital assets consistent with Florida Statute Section 61.075.

33. Philip Esformes was arrested on the original indictment in July 2016.

34. Petitioner's divorce from the Defendant Philip became final on July 30, 2020. See Exhibit "A" hereto. Petitioner has retained her 50% ownership interest in all marital assets.

35.   The interests of justice would be best served by the granting of this petition. Title 18 U.S.C. Section 853(o) provides: "(o) Construction   The provisions of this section shall be liberally construed to effectuate its remedial purposes."

36.  Philip Esformes' interest in each of the subject bank accounts and real properties is an interest in a marital asset commencing at the time it was initially acquired by Philip Esformes. Because the bank accounts and real properties here in issue are marital assets, Petitioner Sherri Beth Esformes owns a fully vested and perfected ownership interest in 50% of each bank account and real property in issue commencing at the moment Philip Esformes' acquired an interest in each.

37.  Petitioner, Sherri Esformes' ownership interest of 50% is superior to any interest of the United States or third party.

38.  Further, Petitioner, Sherri Esformes, gives notice that all assets acquired by Philip Esformes during the marriage are marital assets in which Petitioner, Sherri Esformes, has a 50% ownership interest and therefore cannot be forfeited by the United States as substitute assets.

MEMORAUM IN SUPPORT OF
PETITIONER'S CLAIM AS TO SUBSTITUTE ASSETS

The United States seeks criminal forfeiture of certain assets allegedly belonging to Defendant, Phillip Esformes, as substitute property in partial satisfaction of the forfeiture money judgment imposed against him as part of his sentence. Unlike civil forfeiture, which is an *in rem* action, criminal forfeiture is an *in personam* action in which only the

10

defendant's interest in the property may be forfeited. See, Rule 32.2(b) of the Federal Rules of Criminal Procedure and *United States v. Lester*, 85 F.3d 1409, 1413 (9th Cir. 1996). However, 21 U.S.C. Section 853 incorporates into criminal forfeiture proceedings aspects of an in rem proceeding against property tainted by the defendant's criminal conduct. See, *United States v. Daugerdas*, 892 F.3d 545, 548 (2nd Cir, 2018). It was the intent of Congress "to recover all of defendant's ill-gotten gains but not to seize legitimately acquired property." *United States v. Porcelli*, 865 F.2d 1352, 1365 (2d Cir. 1989).

To accomplish this objective, 21 U.S.C. Section 853(c) provides that the government's interest in the proceeds of a fraud vests as soon as those proceeds come into existence. This is commonly known as the "Relation Back Doctrine." The result is that the government's interest will be superior to a subsequent third-party recipient of those funds.

"853(c) Third party transfers

All right, title, and interest in property described in subsection (a) vests in the United States upon the commission of the act giving rise to forfeiture under this section. Any property that is subsequently transferred to a person other than the defendant may be subject of a special verdict of forfeiture and thereafter shall be ordered forfeited o the United States, unless * * *.

The statute does not address property owned by a defendant and his spouse before any criminal activity. When proceeds of the crime are insufficient or have been

11

commingled with untainted funds and cannot be divided without difficulty, Section 853(p)(1)(E) provides that "the Court shall order the forfeiture of any other property of the defendant." up to the value of the missing proceeds. Section 853(2) This is known as the substitute assets provision and provides the government with the ability to collect on a general judgment against the defendant. However, the relation-back doctrine does not apply to substitute assets. Section 853(c) explicitly references Section 853(a). Section 853(a) defines proceeds. Section 853(c) does not mention 853(p) which defines substitute assets. See, *United States v. Daugerdas,* 892 F.3d 545, 549 (2d Cir. 2018).

In cases involving substitute assets the Courts have held that the government's interest in the substitute asset does not vest until the defendant is convicted or later. *United States v. Peterson,* 820 F.Supp.2d 576, 585 (S.D.N.Y. 2011); *Kramer,* 2006 WL 3545026, at 6-8 (vests upon conviction); and *United States v. Jennings,* Case No. 5:98-cr-418, 2007 WL1834651 at 4 (N.D.N.Y. 2007) (vests upon order granting forfeiture of substitute assets).

In the instant case, the Petitioner's 50% interest in each of the bank accounts and real properties vested before the Defendant, Philip Esformes was indicted, convicted, and/or the Order to forfeit the substitute property was signed.

Wherefore, Petitioner, Sherri Beth Esformes, respectfully petitions this Honorable Court for a hearing at which the Petitioner may testify and present evidence and witnesses on her behalf to establish by a preponderance of the evidence that she has a 50% interest in the subject bank accounts and real properties and the Court should amend the order of

forfeiture for these substitute assets.  Petitioner further requests the Court amend its order of forfeiture and recognize her legal interest in each bank account and real property. This includes the proceeds of any interlocutory sales.

Respectfully submitted,

David M. Garvin
Florida Bar #347736
David M. Garvin, P.A.
Counsel for Sherri B. Esformes
200 South Biscayne Blvd.
Suite 3150
Miami, Florida 33131
Tel: 305-371-8101
Email: ontrial2@gmail.com
Email: dgarvin@garvin.law

## VERIFICATION OF PETITIONER SHERRI ESFORMES

Under the penalties of perjury, I hereby declare, certify, verify and state under oath that the facts, statements and exhibits contained in this verified petition as to substitute property are true, accurate, and correct. Executed on this 26th day of August, 2021.

Sherri Esformes

## NOTARY

County of Miami Dade
State of Florida

I hereby certify that on this 26th day of August, before me, an officer duly authorized to administer oaths and take acknowledgments, personally appeared Sherri Beth Esformes, known to me to be the person described in and who executed this Petition, who acknowledged before me that she had executed the same, and in fact did so in my presence, after being duly sworn, and an oath was taken. Said person, Sherri Beth Esformes, provided her Florida Driver's license as identification.

```
ROLANDO CASAIS JR
Notary Public - State of Florida
Commission # HH 132760
My Comm. Expires Aug 12, 2025
Bonded through National Notary Assn.
```

Witness my hand and official seal in the County and State last aforesaid this 26th Day of August, 2021.

_____
Rolando Casais, Notary Public

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, I electronically filed this Verified Petition of Sherri Beth Esformes as to Substitute Assets with the Clerk of the Court using CM/ECF which will send notification of such filing to all counsel of record. In addition, the undersigned served a copy of this Petition upon Daren Grove, AUSA, Counsel for the United States by email to Daren.Grove@usdoj.gov

_____
David M. Garvin