UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Cr-20549-Scola(s)(s)(s)

UNITED STATES OF AMERICA,

vs.

PHILIP ESFORMES,

        Defendant.
_____/

re:

SHERRI ESFORMES,

        Third Party Petitioner.
_____/

**UNITED STATES' UNOPPOSED MOTION FOR FINAL ORDER OF FORFEITURE OF DIRECTLY FORFEITABLE ASSETS[1]**

Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States"), by and through the undersigned Assistant United States Attorneys, hereby moves without opposition for entry of a Final Order of Forfeiture of Directly Forfeitable Assets in the above-captioned matter. In support of this Motion, the United States provides the following factual and legal bases.

---

[1] This Motion does not resolve Ms. Esformes' Verified Claim [ECF No. 1597] to assets listed in the First Preliminary Order of Forfeiture of Substitute Property [ECF No. 1583].

1. On November 21, 2019, the Court entered its Order of Forfeiture of Directly Forfeitable Assets [ECF No. 1456] in which all interest held by, on behalf of, or for the benefit of Defendant, **PHILIP ESFORMES**, in the following business entities and their assets were forfeited to the United States, subject to any third party interests, pursuant to 18 U.S.C. § 982(a)(1), and the procedures set forth in 21 U.S.C. § 853 and Rule 32.2 of the Federal Rules of Criminal Procedure:

    (a) ADME Investment Partners LTD (Operating Company)(D/B/A **Oceanside Extended Care Center**);

    (b) Almovea Associates, LLC (Operating Company) (D/B/A **North Dade Nursing and Rehabilitation Center**);

    (c) Ayintove Associates, LLC (Operating Company) (D/B/A **Harmony Health Center**);

    (d) Eden Gardens, LLC (Operating Company) **(D/B/A Eden Gardens**);

    (e) Fair Havens Center, LLC (Operating Company) (D/B/A **Fair Haven Center**)

    (f) Flamingo Park Manor, LLC (Operating Company) (D/B/A **Flamingo Park Manor**); and

    (g) Sefardik Associates, LLC (Operating Company) (D/B/A **The Nursing Center at Mercy**)

(collectively, the "Directly Forfeitable Assets").

2. The United States posted notice of the forfeiture on an official government internet site (www.forfeiture.gov) for a period of 30 days, beginning on December 18, 2020, and ending on January 16, 2021. *See* Decl. of Publication, ECF No. 1543; 21 U.S.C. § 853(n)(1); Fed. R.

Crim. P. 32.2(b)(6).

3. Additionally, on January 5, 2021, the United States sent direct notice of the forfeiture by electronic mail (e-mail) to Third Party Petitioner, who is the only known potential claimant to the Directly Forfeitable Assets. *See* Verified Petition, ECF No. 1535, Ex. C. *See* Fed. R. Crim. P. 32.2(b)(6); *accord* 21 U.S.C. § 853(n)(1).

4. The notice advised that any person, other than the Defendant, asserting a legal interest in the Directly Forfeitable Assets may petition the Court for a hearing to adjudicate the validity of that person's alleged interest, within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier. *See* Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2).

5. On January 11, 2021, Third Party Petitioner, through counsel, filed the Verified Petition [ECF No. 1535] ("Petition") claiming a fifty percent (50%) marital interest in the Directly Forfeitable Assets. *See* Verified Petition, ECF No. 1535.

6. The time for filing a petition claiming an interest in the Directly Forfeitable Assets expired, and no other petition or claim was filed.

7. Subsequently, the United States and Third Party Petitioner (collectively, the "Parties") agreed to mediation before United States Magistrate Judge Jonathan Goodman to assist them in resolving the Petition without an evidentiary hearing as required by 21 U.S.C. § 853(n). On March 28, 2022, the Parties reached an agreement on settlement of the Petition. *See* Minute Entry, ECF No. 1638. And on April 6, 2022, the Parties filed a Joint Settlement Statement [ECF No. 1640], pursuant to the Court's Order [ECF No. 1639].

8. On or about May 2, 2022, the Parties entered into a Stipulation and Settlement Agreement on Directly Forfeitable Assets, attached hereto at **Exhibit A**, memorializing the terms

of their agreement on settlement of the Petition. The Stipulation and Settlement Agreement provided in part:

    (a)    In full satisfaction of the Petitioner's claim to the Directly Forfeitable Assets, the United States agrees to make a one-time lump-sum payment of $65,000 (US) to Petitioner from funds held by the United States, which represents all interest held by, on behalf of, or for the benefit of the Defendant in the Directly Forfeitable Assets; and

    (b)    The United States agrees that it shall retain for use $35,000 (US) from funds held by the United States, which represent all interest held by, on behalf of, or for the benefit of the Defendant in the Directly Forfeitable Assets to pay in its sole discretion any outstanding debts, liabilities, expenses, or arrearages which have accrued relating to the following real properties forfeited in the Court's First Preliminary Order of Forfeiture of Substitute Property [ECF No. 1583]: 180 East Pearson Street, Unit 7201, Chicago, Illinois 60611, and 5077 North Bay Road, Miami Beach, Florida 33140. *See* Stipulation and Settlement Agreement, at **Exhibit A**, ¶ 11.

9.    Pursuant to 21 U.S.C. § 853(n)(7), once all third-party petitions have been disposed of, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." *Accord* Fed. R. Crim. P. 32.2(c)(2).

WHEREFORE, pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853 and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, the United States respectfully requests that the Court approve the Parties Stipulation and Settlement Agreement (**Exhibit A**) and enter its proposed Final Order of Forfeiture accordingly.

<u>**LOCAL RULE 88.9 CERTIFICATION**</u>

Pursuant to Southern District of Florida Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with Petitioner's counsel via e-mail on May 4, 2022, and there is no opposition/objection to the relief sought.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: *s/ Daren Grove and Sara Klco*
Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
500 E. Broward Boulevard, Suite 822
Fort Lauderdale, Florida 33394
E-mail: daren.grove@usdoj.gov
Telephone: 954.660.5774
Facsimile:  954.356.7180

Sara Klco (Fla. Bar No. 60358)
Assistant United States Attorney
E-mail: sara.klco@usdoj.gov
99 NE 4th Street, Suite 704
Miami, Florida 33132
Telephone: 786.761.3146