UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-20549-SCOLA (s)(s)(s)

UNITED STATES OF AMERICA

v.

PHILIP ESFORMES,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America, by and through the Fraud Section of the Criminal Division of the Department of Justice and the United States Attorney's Office for the Southern District of Florida (hereinafter referred to as the "United States"), and Philip Esformes (hereinafter referred to as the "Defendant"), pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, enter into the following agreement:

    1.    The Defendant agrees to plead guilty to conspiracy to commit health care fraud as alleged in Count 1 of the Third Superseding Indictment (the "Indictment"). The Indictment charges that the Defendant knowingly and willfully combined, conspired, confederated and agreed with others, in violation of Title 18, United States Code, Section 1349, to commit health care fraud, that is, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit programs, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347. The

1

Defendant acknowledges that he has read all the charges against him contained in the Indictment and that those charges have been fully explained to him by his attorney. The United States agrees to dismiss Counts 14, 15, 22, 23, and 33, of the Third Superseding Indictment as to this Defendant, at sentencing, with prejudice.

2. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and the Defendant agree that a sentence of time served, with no further supervision, is the appropriate sentence. The Defendant may withdraw his plea before the Court imposes its sentence if the Court rejects the plea agreement or any part of the agreed sentence under Rule 11(c)(1)(C).

3. The United States agrees, pursuant to Rule 11(c)(1)(C), to present this plea agreement between the parties to the Court for its approval. In accordance with Rule 11(c)(4) and (5), the Court may accept or reject this plea agreement. If the Court accepts this plea agreement, the Court will sentence the Defendant to the terms set out in paragraph 2 above. The Defendant understands that if the Court accepts this plea agreement, then the Court will embody in the judgement and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure.

4. The parties understand that the Court may not agree that the sentence agreed to by the parties is an appropriate one and may reject this agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. The Defendant understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of this agreement, and will afford the Defendant an opportunity to withdraw the plea or maintain the plea. If the Defendant elects to maintain the plea, the Court will inform the Defendant that a final disposition may be less favorable to the Defendant than that contemplated by this plea agreement. The Defendant further understands that if the Court rejects this plea agreement, the United States

also has the right to withdraw from this plea agreement and to be freed from all obligations under this plea agreement, and may in its sole discretion bring different or additional charges before the Defendant enters any guilty plea in this case.

5. If the Court rejects this plea agreement, the Defendant elects to maintain this plea, and the United States does not exercise its right to withdraw from this plea agreement, the parties agree that the Defendant will be sentenced upon consideration of the factors set forth in 18 U.S.C. § 3553(a) and the Sentencing Guidelines. The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court. The Defendant further understands that, in such case, the sentence to be imposed is a matter solely within the discretion of the Court, and the Court is not obligated to impose a sentence within the Sentencing Guidelines range or to follow any recommendation of the Government at the time of sentencing.

6. The Defendant also understands and acknowledges that, as to the allegations set forth in the Indictment, the statutory maximum penalty for a violation of Count 1 is a term of imprisonment of up to ten (10) years. In addition, the Court may also impose a period of supervised release of up to three (3) years to commence at the conclusion of the period of imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $250,000, pursuant to 18 U.S.C. § 3571(b)(3), or twice the pecuniary gain or loss, pursuant to 18 U.S.C. § 3571(d).

7. The Defendant further understands and acknowledges that a special assessment in the total amount of $100 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

8. The Defendant understands and acknowledges that, as a result of this plea, the Defendant will be excluded from Medicare, Medicaid, Medicare Advantage, and all federal health care programs. The Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within sixty (60) days of receiving the documents. This exclusion will not affect the Defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare, Medicaid, and Medicare Advantage.

9. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant chooses to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's denaturalization and automatic removal from the United States.

10.	The Defendant shall provide counsel for the United States with a full, complete, and accurate personal financial statement. If the Defendant provides materially incomplete or untruthful statements in his personal financial statement, such action shall be deemed a material breach of this agreement, and the United States shall be free to pursue all appropriate charges against him notwithstanding any agreements to forbear from bringing additional charges as may be otherwise set forth in this agreement.

11.	Provided that the Defendant commits no new criminal offenses and provided that he continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for his criminal conduct, the United States agrees that it will recommend at sentencing that the Defendant receive a three level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States, however, will not be required to make this sentencing recommendation if the Defendant: (1) fails or refuses to make a full, accurate, and complete disclosure to the United States of the circumstances surrounding the relevant offense conduct and his present financial condition; (2) is found to have misrepresented facts to the United States prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

12.	Subject to the reservation of rights herein, the Defendant admits and acknowledges that the following facts are true and that the United States could prove them at trial beyond a reasonable doubt:

a.	that the Defendant knowingly and willfully participated in a conspiracy to commit

        health care fraud, as charged in the Indictment; and

b.    that the Defendant's participation in the conspiracy to commit health care fraud resulted in an actual or intended loss to the Medicare program of more than $4,900,000, but not more than $8,300,000.

13.    The United States and the Defendant agree that, although not binding on the Court, they will jointly recommend that the Court make the following findings and conclusions as to the applicable Guidelines' range:

    a.    <u>Base Offense Level</u>: The Defendant's base offense level is six (6), in accordance with U.S.S.G. § 2B1.1(a)(2).

    b.    Loss: The Defendant's offense level shall be increased by eighteen (18) levels pursuant to U.S.S.G. § 2B1.1(b)(1)(J) because the loss amount was more than $3,500,000 but less than $9,500,000.

    c.    <u>Aggravating Role</u>: The Defendant's level shall be increased by four (4) levels pursuant to U.S.S.G. § 3B1.1(a) because the Defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.

    d.    <u>Federal Health Care Offense</u>: The Defendant's offense level shall be increased by three (3) levels pursuant to U.S.S.G. § 2B1.1(b)(7) because the loss amount to the Government health care program was more than $7,000,000.

    e.    <u>Sophisticated Means</u>: The Defendant's offense level shall be increased by two (2) levels pursuant to U.S.S.G. § 2B1.1(b)(10) because the offense involved sophisticated means and the Defendant intentionally engaged in or caused the conduct constituting sophisticated means.

    f.    <u>Mass Marketing</u>:    The Defendant's offense level shall be increased by two (2) levels pursuant to U.S.S.G. § 2B1.1(b)(2) because the offense was committed through mass marketing.

    g.    <u>Obstruction</u>:   The Defendant's offense level shall be increased by two (2) levels pursuant to U.S.S.G. § 3C1.1 because the Defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the Defendant's offense of conviction and any relevant conduct or a closely related offense.

TOTAL OFFENSE LEVEL – UNADJUSTED                         <u>37</u>

    h.    <u>Acceptance of Responsibility</u>: The Defendant's offense level shall be decreased by three (3) levels pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b) because the Defendant has clearly demonstrated acceptance of responsibility for his offense and assisted authorities in the investigation and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty.

TOTAL OFFENSE LEVEL – ADJUSTED                             <u>34</u>

14.    The Defendant acknowledges and understands that additional or different enhancements or provisions of the Sentencing Guidelines might be applicable, and that the Court is not bound by the parties' joint recommendations.

15.    The defendant knowingly and voluntarily agrees that the approximate value of the assets forfeited in the Final Order of Forfeiture of Directly Forfeitable Assets [DE 1645] entered in this case is approximately $7,000,000 (US), exclusive of any accrued interest from the date of seizure. The defendant also knowingly and voluntarily agrees that the approximate value of the

7

substitute assets forfeited in the First Preliminary Order of Forfeiture of Substitute Property [DE 1583] ("First Substitute Property") entered in this case, upon anticipated resolution of all third-party claims to such assets, is approximately $7,000,000 (US), exclusive of any accrued interest from the date of seizure. Therefore, upon entry of a final order of forfeiture pertaining to the First Substitute Property, the defendant knowingly and voluntarily agrees that the anticipated outstanding balance of the forfeiture money judgment ($38,700,796 (US)) ("Forfeiture Money Judgment") imposed against him as part of his sentence in this case in the Order of Forfeiture [DE 1455] will be approximately $24,000,000 (US).

16. The Defendant knowingly and voluntarily admits that the following personal property constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense charged in Count 1 of the Third Superseding Indictment (hereinafter collectively referred to as "Second Directly Forfeitable Assets"):

(a) All interest held by, on behalf of, or for the benefit of defendant Philip Esformes in the following business entities and their assets, including, but not limited to, real property and financial accounts, or the remaining share of the net seller proceeds from any interlocutory sale of such assets ordered by the Court:

**Oceanside Extended Care Center**

(BI1A) {space left intentionally blank}

(BI1B) A.D.M.E. Real Estate LLC (property company), which is or was the titled owner of real property located at 550 9th Street, Miami Beach, Florida 33139

**North Dade Nursing and Rehabilitation Center**

(BI2A) {space left intentionally blank}

(BI2B) 1255 LLC (property company), which is or was the titled owner of real

property located at 1235 N.E. 135th Street, North Miami, Florida 33161

### *Harmony Health Center*

(BI3A) {space left intentionally blank}

(BI3B) GBRE Associates LLC (property company), which is or was the titled owner of real property located at 9820 N. Kendall Drive, Miami, Florida 33176

### *Courtyard Manor*

(BI4A) Courtyard Manor Retirement Living, Inc. (operating company);

(BI4B) Courtyard Manor Retirement Investors Ltd. (property company), which is or was the titled owner of real properties located at 130, 140, 150 and 160 W. 28th Street and 141 W. 27th Street, Hialeah, Florida 33010

### *Eden Gardens*

(BI5A) {space left intentionally blank}

(BI5B) Adar Associates LLC (property company), which is or was the titled owner of real property located at 12221 W. Dixie Highway, Miami, Florida 33161

### *Fair Havens Center*

(BI6A) {space left intentionally blank}

(BI6B) Fair Havens Real Estate, LLC (property company), which is or was the titled owner of real property located at 201 Curtiss Parkway, Miami, Florida 33166

### *Flamingo Park Manor*

(BI7A) {space left intentionally blank}

(BI7B) The Pointe Retirement Investors Ltd. (property company), which is or was the titled owner of real property located at 3051 E. 4th Avenue, Hialeah, Florida 33010

### *South Hialeah Manor*

(BI8A) Lake Erswin LLC (operating company);

(BI8B) Morsey LC (property company), which is or was the titled owner of real properties located at 240, 250 and 260 E. 5th Street, Hialeah, Florida 33010

### *Golden Glades Nursing and Rehabilitation Center*

(BI9A) Kabirhu Associates LLC (operating company);

(BI9B) 220 Sierra LLC (property company), which is or was the titled owner of real property located at 220 Sierra Drive, Miami, Florida 33179;

### *Lauderhill Manor*

(BI10A) Lauderhill Manor, LLC (operating company);

(BI10B) 2801 Holdings LLC (property company), which is or was the titled owner of real property located at 2801 N.W. 55th Avenue, Lauderhill, Florida 33313;

### *La Serena Retirement Living, formerly known as La Hacienda Gardens*

(BI11A) La Hacienda Gardens LLC (operating company)

(BI11B) Rainbow Retirement Investors Ltd. (property company), which is or was the titled owner of real properties located at 59, 67, and 75 E. 7th Street, Hialeah, Florida 33010

### *The Nursing Center at Mercy*

(BI12A) {space left intentionally blank}

### *South Dade Nursing and Rehabilitation Center*

(BI13A) Takifhu Associates LLC (operating company)

(BI13B) 17475 LLC (property company), which is or was the titled owner of real property located at 17475 S. Dixie Highway, Miami, Florida 33157

### *North Miami Retirement Living*

(BI14A) Jene's Retirement Living, Inc. (operating company);

(BI14B) Jene's Retirement Investors Ltd. (property company), which is or was the titled owner of real property located at 1595 N.E. 145th Street, Miami, Florida 33161

### *Southern Winds Health*

(BI15A) Southern Winds Health, LLC (operating company)

(BI15B) 4225 LLC (property company), which is or was the titled owner of real property located at 4225 W. 20th Avenue, Hialeah, Florida 33012

17. The defendant knowingly and voluntarily agrees that the approximate combined value of the Second Directly Forfeitable Assets, subject to third-part interests, if any, is $16,000,000 (US).

18. The defendant knowingly and voluntarily agrees that he shall not oppose the United States in seeking forfeiture of the Second Directly Forfeitable Assets in partial or full satisfaction of the Forfeiture Money Judgment.

19. The defendant knowingly and voluntarily agrees to waive the following rights with respect to the forfeiture of the Second Directly Forfeitable Assets in partial or full satisfaction of the Forfeiture Money Judgment:

    (a) All constitutional, legal, and equitable defenses to such forfeiture;

    (b) Any constitutional or statutory double jeopardy defense or claim regarding such forfeiture;

    (c) Any claim or defense to such forfeiture brought or raised under the Eighth Amendment to the United States Constitution, including, but not limited to, any claim or defense of excessive fine; and

(d) Any right he may have to an appeal of any resulting order of forfeiture regarding the Second Directly Forfeitable Assets.

20. The defendant knowingly and voluntarily agrees and understands that the forfeiture of the Second Directly Forfeitable Assets agreed upon herein shall <u>not</u> be treated as satisfaction (either partial or full) of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the Court may impose upon the defendant in addition to the forfeiture. The defendant also agrees to assist this Office in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to this Office upon this Office's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property.

21. In furtherance of the collection of the Forfeiture Money Judgment and/or a restitution judgment, the defendant agrees to the following:

(a) The defendant agrees to make full and accurate disclosure of his financial affairs to the United States Attorney's Office. Specifically, the defendant agrees to submit a completed Financial Disclosure Statement (form provided by the United States) prior to sentencing, and shall fully disclose and identify all assets in which he has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. The defendant agrees to provide, in a timely manner, all financial information requested by the United States Attorney's Office, and upon request, to meet in person to identify

assets/monies which can be used to satisfy the Forfeiture Money Judgment and/or the restitution judgment. In addition, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report.

(b) The defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset until the Forfeiture Money Judgment and his restitution judgment is paid in full without prior approval of the government. The defendant shall also identify any transfer of assets valued more than $50,000 since the date of his indictment or when he became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

(c) The defendant agrees to cooperate fully in the investigation and the identification of assets to be applied toward forfeiture and/or restitution. The defendant agrees that providing false or materially incomplete information about his financial assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: 1) separate prosecution, including, under 18 U.S.C. § 1001; or 2) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guidelines § 3E1.1.

(d) The defendant further agrees to liquidate assets or complete any other tasks which result in immediate payment of the Forfeiture Money Judgment and/or the restitution judgment in full, or full payment in the shortest amount of time, as requested by the government.

(e) The defendant shall notify, within 30 days, the Clerk of the Court and the United States Attorney's Office of: 1) any change of name, residence, or mailing address, and 2) any material change in economic circumstances that affects the ability to pay the Forfeiture Money Judgment and/or restitution.

22. The Defendant acknowledges that because the offense of conviction occurred after April 24, 1996, restitution is mandatory without regard to the Defendant's ability to pay and that the Court must order the Defendant to pay restitution for the full loss caused by his criminal conduct pursuant to Title 18, United States Code, Section 3663A. Furthermore, the Defendant stipulates that he owes restitution in the total amount of approximately $5,530,207.00, plus statutory interest, jointly and severally with his co-defendants. The Defendant knowingly and voluntarily agrees to satisfy the restitution judgment in full. The Defendant agrees to satisfy the restitution judgment in part with the funds being held by the United States Marshals Service as a result of the civil Preliminary Injunction entered on November 13, 2018, and the Defendant's interest in funds held by the Centers for Medicare and Medicaid Services held as accounts receivable.

23. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, or the United States, is a prediction, not a promise, and is not binding on the United States, or the Court. The Defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph two (2) above, that the Defendant may, however, withdraw his plea before the Court imposes its sentence if the Court rejects the plea agreement or any part of the agreed sentence under Rule 11(c)(1)(C).

24. The Defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all

rights conferred by Section 3742 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the Sentencing Guidelines range that the Court establishes at sentencing. By signing this agreement, the Defendant acknowledges that he has discussed the appeal waiver set forth in this agreement with his attorney. The Defendant further agrees, together with the United States, to request that the district court enter a specific finding that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary. In addition, the Defendant shall abandon all challenges to his convictions and sentence set forth in the amended judgment previously filed in this case on November 25, 2019, whether by appeal, writ of mandamus, writ of certiorari, or collateral attack and agrees to waive any future challenges to the same.

25. For purposes of criminal prosecution, this Plea Agreement shall be binding and enforceable upon the Fraud Section of the Criminal Division of the United States Department of Justice and the United States Attorney's Office for the Southern District of Florida. The United States does not release the Defendant from any claims under Title 26, United States Code. Further, this Agreement in no way limits, binds, or otherwise affects the rights, powers, or duties of any state or local law enforcement agency or any administrative or regulatory authority.

26. The Defendant agrees that if he fails to comply with any of the provisions of this Agreement, including the failure to tender such agreement to the Court, makes false or misleading statements before the Court or to any agents of the United States, commits any further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the offense identified in paragraph one (1) above), the United States will have the right to characterize such conduct as a breach of this

agreement. In the event of such a breach: (a) the United States will be free from its obligations under the agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the Defendant's release (for example, should the Defendant commit any conduct after the date of this agreement that would form the basis for an increase in the Defendant's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, or the Court – the United States is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) the Defendant will not have the right to withdraw the guilty plea; (c) the Defendant shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the United States will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by him pursuant to this agreement, including offering into evidence or otherwise using the attached Agreed Factual Basis for Guilty Plea.

27. The parties agree to recommend that the Court forgo ordering any further Presentence Investigation or Presentence Report, as the Court already has a detailed Presentence Report in this case from the first sentencing, and the information already in the record will enable the Court to meaningfully exercise its sentencing authority under 18 U.S.C. §3553 and permit the Court to explain its finding on the record. *See* Fed. R. Crim. P. 32(c)(1)(A)(ii).

28. This is the entire agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations or understandings.

GLENN LEON, CHIEF
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

MARKENZY LAPOINTE
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 2/22/2024   By: _____
JAMES V. HAYES
SENIOR LITIGATION COUNSEL
CRIMINAL DIVISION, FRAUD SECTION

Date: 2/22/24   By: _____
PHILIP ESFORMES
DEFENDANT

Date: 2/23/2024   By: _____
A. SCOTT BOLDEN
COUNSEL FOR DEFENDANT