UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-Cr-20549-Scola(s)(s)(s)

UNITED STATES OF AMERICA,

vs.

PHILIP ESFORMES,

        Defendant.

_____ /

re:

SHERRI ESFORMES,
MJS FAMILY TRUST,
SMJ FAMILY TRUST, and
RIW FAMILY TRUST,

        Third Party Petitioners.

_____ /

### UNITED STATES' UNOPPOSED MOTION FOR FIRST FINAL ORDER OF FORFEITURE OF SUBSTITUTE PROPERTY

Pursuant to 21 U.S.C. § 853(p) and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States of America (the "United States" or the "Government"), by and through the undersigned Assistant United States Attorneys, hereby moves without opposition for entry of a First Final Order of Forfeiture of Substitute Property in the above-captioned matter. In support of this Motion, the United States provides the following factual and legal bases.

1. On July 19, 2018, a federal grand jury returned a thirty-six (36) count third superseding true bill of indictment (the "Third Superseding Indictment") charging the Defendant, Philip Esformes, with various federal health care and money laundering offenses. *See* Third Superseding Indictment, ECF No. 869.

2. On April 5, 2019, the empaneled jury found the Defendant guilty of the criminal offenses charged in **Count 6** (Conspiracy to Pay/Receive of Health Care Kickbacks, 18 U.S.C. § 371), **Counts 8-9** (Receipt of Health Care Kickbacks, 42 U.S.C. § 1320a-7b(b)(1)(A)), **Counts 10-13** (Payment of Health Care Kickbacks, 42 U.S.C. § 1320a-7b(b)(2)(A)), **Count 16** (Money Laundering Conspiracy, 18 U.S.C. § 1956(h)), **Counts 18-21**, **Counts 25-28**, and **Count 30** (Money Laundering, 18 U.S.C. § 1956(a)(1)(B)(i)), **Count 31** (Conspiracy to Commit Federal Program Bribery, 18 U.S.C. § 371), **Count 32** (Conspiracy to Commit Federal Program Bribery and Honest Services Wire Fraud, 18 U.S.C. § 371), and **Count 34** (Obstruction of Justice, 18 U.S.C. § 1503). *See* Verdict, ECF No. 1245.

3. On April 9, 2019, the District Court conducted a bifurcated forfeiture proceeding pursuant to Fed. R. Crim. P. 32.2(b)(1)(A). *See* Minute Entry, ECF No. 1251. At the conclusion of that proceeding the empaneled jury found that certain of the Defendant's business interests listed in the special forfeiture verdict form were property involved in his money laundering conspiracy or were traceable to such property ("Directly Forfeitable Property"). *See* Forfeiture Verdict, ECF No. 1263, pp. 8-17. The Government subsequently obtained a final order of forfeiture for the Directly Forfeitable Property. *See* Final Order of Forfeiture, ECF No. 1645.

4. However, the empaneled jury did not reach a special verdict regarding whether the requisite nexus exists between the other assets listed in the special forfeiture verdict form and the Defendant's crimes. *See* Forfeiture Verdict, ECF No. 1263; Fed. Crim. P. 32.2(b)(5). Therefore, the Government sought forfeiture of these assets as the Defendant's substitute property, pursuant to 21 U.S.C. § 853(p), to be applied toward the $38,700,795 (US) forfeiture money judgment ("Forfeiture

2

Money Judgment") the Court imposed against the Defendant as part of his sentence. *See* Order of Forfeiture, ECF No. 1455.

5. Accordingly, on August 4, 2021, the Court entered its First Preliminary Order of Forfeiture of Substitute Property [ECF No. 1583] in which the following assets were preliminarily forfeited to the United States, subject to third-party interests, if any (collectively, the "First Substitute Property")[1]:

(a) <u>Bank Accounts ("BA")</u> (collectively, the "Bank Accounts"): All principal, deposits, interest, dividends, and/or any other funds credited to the following bank accounts:

(BA1) Account number 898049003513 held at Bank of America, N.A. in the name of Sherri Beth Esformes and Philip Esformes;

(BA2) Account number 003676209546 held at Bank of America, N.A. in the name of Philip Esformes and Julie Betancourt;

(BA3) Account number 102747 held at 1st Equity Bank, N.A. in the name of Sherri Esformes, Jason Tennenbaum, and Philip Esformes;

(BA4) **{space left intentionally blank}**

(BA5) Account number 204735 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. (c/o Norman Knopf);

(BA6) **{space left intentionally blank}**

(BA7) Account number 209882 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. (c/o Norman Knopf);

(BA8) Account number 312320 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. Pension Plan & Trust;

---

[1] The Government labeled these assets as such because it anticipates seeking forfeiture of additional substitute property for application to the outstanding balance of the Forfeiture Money Judgment.

(BA9) {**space left intentionally blank**}

(BA10) Account number 454362 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. Pension Plan & Trust;

(BA11) {**space left intentionally blank**}

(BA12) {**space left intentionally blank**}

(BA13) {**space left intentionally blank**}

(BA14) Account number 1560024295 held at MB Financial Bank, N.A. in the name of Philip Esformes or Alvin Norman Knopf;

(BA15) {**space left intentionally blank**}

(BA16) Account number 1560025577 held at MB Financial Bank, N.A. in the name of Philip Esformes, Inc.;

(BA17) Account number 1560024473 held at MB Financial Bank in the name of Alvin Norman Knopf or Philip Esformes; and

(BA18) Account number 16021230 held at National Securities Bank, N.A. in the name of Philip Esformes Inc. Pension.

(b) <u>Real Property ("RP")</u> (collectively, the "Real Property"): Real property, together with all appurtenances, improvements, fixtures, easements, and attachments, therein and/or thereon, which are known and numbered as follows, or the remaining share of the net seller proceeds from any interlocutory sale of such assets ordered by the Court:

(RP1)  5077 N. Bay Road, Miami Beach, Florida 33140;

(RP2)  5069 N. Bay Road, Miami Beach, Florida 33140;

(RP3)  980 W. 48th Street, Miami Beach, Florida 33140;

(RP4)  180 E. Pearson, Unit 7201, Chicago, Illinois 60611;

(RP5)  6849-50 S. Clyde Avenue, Chicago, Illinois 60649; and

    (RP6)  9427 Sawyer Street, Los Angeles, California 90035.

  6.  The United States posted notice of the forfeiture of the First Substitute Property, except BA1 and BA2, on an official government internet site ([www.forfeiture.gov](www.forfeiture.gov)) for a period of thirty (30)-days, beginning on August 20, 2021, and ending on September 18, 2021. *See* Decl. of Publication, ECF No. 1620; 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6). Notice of the forfeiture of BA1 and BA2 was completed in the same manner from January 12, 2022, and ending February 10, 2022. *See* Decl. of Publication, ECF No. 1680.

  7.  Additionally, on January 12, 2022, the United States sent direct notice of the forfeiture by third-party courier to any person who reasonably appeared to be a potential claimant with legal standing to contest the forfeiture, or such person was on actual notice of the forfeiture.[2]  *See* Fed. R. Crim. P. 32.2(b)(6); *accord* 21 U.S.C. § 853(n)(1).

  8.  The notice advised that any person, other than the Defendant, asserting a legal interest in the First Substitute Property may petition the Court for a hearing to adjudicate the validity of that person's alleged interest, within sixty (60)-days of the first day of publication or within thirty (30)-days of receipt of notice, whichever is earlier. *See* Fed. R. Crim. P. 32.2(b)(6); 21 U.S.C. § 853(n)(2).

  9.  On August 27, 2021, Third-Party Petitioner Sherri Beth Esformes ("Sherri"), through counsel, filed a petition ("Esformes Petition") claiming a fifty (50)-percent marital interest in the First Substitute Property. *See* Esformes Petition, ECF No. 1597.

---

[2] Tracking information for these direct notices is on file with the Government.

10. On March 21, 2022, the following Third-Party Petitioners (collectively, the "Family Trusts") filed separate petitions claiming interests in RP 2, RP3, and RP6:

   (a) The MJS Family Trust filed a petition [ECF No. 1634] ("MJS Petition") claiming a 100% ownership interest in RP3.

   (b) The SMJ Family Trust filed a petition [ECF No. 1635] ("SMJ Petition") claiming a 100% ownership interest in RP2.

   (c) The RIW Family Trust filed a petition [ECF No. 1636] claiming a 100% ownership interest RP6.

11. The time for filing a petition claiming an interest in the First Substitute Property has expired, and no other petitions or claims were filed as required with the Court.

12. Subsequently, Sherri, the Family Trusts, and the Government (collectively, the "Parties") agreed to mediation before United States Magistrate Judge Jonathan Goodman to assist them in resolving the petitions without an evidentiary hearing as required by 21 U.S.C. § 853(n). Judge Goodman set the mediation conference for August 9, 2022. *See* Mediation Order, ECF No. 1668.

13. Although the Parties did not reach agreement on the terms for settlement of the petitions during mediation, such agreement was reached afterward, and the Parties entered stipulations accordingly subject to Department of Justice (DOJ) approval. *See* **Exhibit 1** ("Trusts Stipulation and Settlement Agreement") and **Exhibit 2** ("Esformes Stipulation and Settlement Agreement").

14. On March 18, 2024, DOJ approved the stipulations.

15. The Parties have agreed to settle, compromise, and otherwise resolve the Family Trusts' respective claims to RP3, RP2, and RP6 according to the following essential terms:

   (a) The United States agrees that it shall not forfeit RP2, RP3, and RP6 and shall release any restraint or blemish (*lis pendens*) on their respective title accordingly in exchange for the following:

   (1) SMJ Family Trust agrees to tender to the United States $152,274 (US), which is a sum of money equal in value to the Medicare/Medicaid proceeds traced to RP2, which the United States shall forfeit in lieu of RP2 upon receipt.

   (2) MJS Family Trust agrees to tender to the United States $60,959 (US), which is a sum of money equal in value to the Medicare/Medicaid proceeds traced to RP3, which the United States shall forfeit in lieu of RP3 upon receipt.

 (b) SMJ Family Trust and MJS Family Trust shall withdraw their respective claims to RP2 and RP3 [ECF Nos. 1635 and 1634, respectively] with prejudice to re-file and shall waive any claims or interest each could have brought relating to RP2 and RP3, and the First Substitute Property.

 (c) The United States and the MJS Family Trust, SMJ Family Trust, and RIW Family Trust agree that the SMJ Family Trust and MJS Family Trust may satisfy and extinguish the payment obligations set forth in Section 13(a)(1) and (2) of the Trust Stipulation and Settlement Agreement (**Exhibit 1**) by causing the RIW Family Trust to pay $213,233.00 ($152,274.00 + $60,959.00) to the United States.

*See* **Exhibit 1**, ¶ 13.

16. The Parties have agreed to settle, compromise, and otherwise resolve Sherri's claim to the First Substitute Property according to the following essential terms:

 (a) The United States agrees to the following (collectively, the "Settlement Payment"):

   (1) The United States shall remit 50% of the funds seized from BA1 to Third-Party Petitioner.

   (2) The United States shall remit 100% of the funds seized from BA3 to

Third-Party Petitioner.

(3) The United States shall remit 14% of the funds seized from BA18 to Third-Party Petitioner.

(4) The United States shall release 50% of the net seller proceeds derived from the prospective interlocutory sale of RP1 as further described in paragraph 18, below.

(5) The United States shall not forfeit RP4 and shall release any restraint or blemish (*lis pendens*) on its title accordingly.

(b) In exchange for the Settlement Payment, Third-Party Petitioner agrees that she shall withdraw the Verified Petition [ECF No. 1597] with prejudice to re-file and shall waive any claim or interest she may have or could have brought relating to the Substitute Property.

(c) Additionally, Third-Party Petitioner agrees on behalf of herself, her representatives, agents, and assigns that the following property (collectively, the "Final Substitute Property") shall be finally forfeited to and shall vest in the United States for disposition according to law:

(1) All the remaining funds in the United States' custody from BA1 and BA18 after the release of the above-specified proportions;

(2) BA2, BA5, BA7, BA8, BA10, BA14, BA16, and BA17;

(3) All remaining funds from the net seller proceeds derived from the interlocutory sale of RP1 as further described in paragraph 18, below; and

(4) RP5.

*See* **Exhibit 2**, ¶ 13.

17.     Pursuant to 21 U.S.C. § 853(n)(7), once all third-party petitions have been disposed of, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." *Accord* Fed. R. Crim. P. 32.2(c)(2).

WHEREFORE, pursuant to 21 U.S.C. § 853(p) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, the United States respectfully requests that the Court approve the Trusts Stipulation and Settlement Agreement (**Exhibit 1**), approve the Esformes Stipulation and Settlement Agreement (**Exhibit 2**), and enter its proposed final order, which incorporates the terms of these stipulation and settlement agreements, accordingly.

## LOCAL RULE 88.9 CERTIFICATION

Pursuant to Southern District of Florida Local Rule 88.9, I hereby certify that the undersigned counsel has conferred with Third-Party Petitioners' counsel via e-mail on April 8 and April 9, 2024, who both stated no opposition/objection to the relief sought.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   *s/ Daren Grove and Sara Klco*
Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
500 E. Broward Boulevard, Suite 822
Fort Lauderdale, Florida 33394
E-mail: daren.grove@usdoj.gov
Telephone: 954.660.5774
Facsimile:  954.356.7180

Sara Klco (Fla. Bar No. 60358)
Assistant United States Attorney
E-mail: sara.klco@usdoj.gov
99 NE 4th Street, Suite 704
Miami, Florida 33132
Telephone: 786.761.3146

9