UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CR-20549-Scola

UNITED STATES OF AMERICA

v.

PHILIP ESFORMES,

        Defendant.

In Re:

MJS FAMILY TRUST, SMJ FAMILY TRUST, and RIW FAMILY TRUST,

        Third-Party Petitioners.

### STIPULATION AND SETTLEMENT AGREEMENT REGARDING CERTAIN ASSETS IN THE FIRST PRELIMINARY ORDER OF FORFEITURE OF SUBSTITUTE PROPERTY

The United States of America (the "United States"), by and through the undersigned Assistant United States Attorney, and Third-Party Petitioners, MJS Family Trust, SMJ Family Trust, and RIW Family Trust, with undersigned counsel (the "Third-Party Petitioners"), (collectively, the "Parties") hereby agree to stipulate and settle their interest in property further described herein according to the terms of this Stipulation and Settlement Agreement:

1. The Parties agree to resolve this matter consistent with the sound policy favoring settlement of legal disputes without resort to unnecessary litigation.

2. The Court has jurisdiction over the Parties and by the agreement of the Parties herein over the subject matter of this Stipulation and Settlement Agreement (the "Agreement").

3. On July 19, 2018, a federal grand jury sitting in the Southern District of Florida returned a thirty-six (36) count third superseding true bill of indictment [ECF No. 869] (hereinafter, the "Third Superseding Indictment") charging Philip Esformes (the "Defendant"), among others, with the following offenses: Conspiracy to Commit Healthcare Fraud/Wire Fraud)(18 U.S.C. § 1349 (Count 1); Healthcare Fraud (18 U.S.C. § 1347)(Counts 2-3); False Statements Relating to Healthcare Matters (18 U.S.C. § 1035(a)(2))(Counts 4-5); Conspiracy to Pay/Receive of Healthcare Kickbacks (18 U.S.C. § 371)(Count 6); Receipt of Healthcare Kickbacks) (42 U.S.C. § 1320a-7b(b)(1)(A)) (Counts 7-9); Payment of Healthcare Kickbacks (42 U.S.C. § 1320a-7b(b)(2)(A)) (Counts 10-15); Money Laundering Conspiracy (18 U.S.C. § 1956(h)) (Count 16); Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i)) (Counts 17-30); Conspiracy to Commit Federal Program Bribery (18 U.S.C. § 371) (Count 31); Conspiracy to Commit Federal Program Bribery and Honest Services Wire Fraud (18 U.S.C. § 371) (Count 32); Federal Program Bribery (18 U.S.C. § 666)(Count 33); Obstruction of Justice (18 U.S.C. § 1503) (Count 34); Conspiracy to Make False Statement Relating to Healthcare Matters (18 U.S.C. § 371) (Count 35); and Obstruction of Justice (18 U.S.C. § 1503) (Count 36). *See* Third Superseding Indictment, ECF No. 869.

4. On April 5, 2019, the empaneled jury in the criminal case rendered its verdict finding the Defendant guilty of the offenses charged in Counts 6, 8-13, 16, 18-21, 25-28, 30-32, and 34 of the Third Superseding Indictment. *See* Verdict, ECF No. 1245.

5. On April 9, 2019, the Court conducted a bifurcated forfeiture proceeding pursuant to Fed. R. Crim. P. 32.2(b)(1)(A). *See* Minute Entry, ECF No. 1251. Upon conclusion of that proceeding and subsequent deliberation, the same empaneled jury in the criminal case rendered its special verdict finding that certain of the Defendant's business interests listed in the Forfeiture Allegations of the

Third Superseding Indictment were property involved in his money laundering conspiracy of which he found guilty, or traceable to such property. *See* Forfeiture Verdict, ECF No. 1263, pp. 8-17. However, the empaneled jury did not reach a special verdict regarding whether the United States established the requisite nexus between the other assets listed in the Forfeiture Allegations of the Third Superseding Indictment and the Defendant's crimes. *See id.*; Fed. Crim. P. 32.2(b)(5).

6. On November 21, 2019, the Court imposed a forfeiture money judgment for $38,700,795 (US) (the "Forfeiture Money Judgment") against the Defendant as part of his sentence in the underlying criminal case. *See* Order of Forfeiture, ECF No. 1455; Amended Judgment, ECF No. 1459.

7. On August 4, 2021, the Court entered its First Preliminary Order of Forfeiture of Substitute Property [ECF No. 1583] ("Preliminary Order") pursuant to 21 U.S.C.§ 853(p) forfeiting the following as assets as substitute property in partial satisfaction of the Forfeiture Money Judgment (collectively, the "Substitute Property"):

(a) Bank Accounts ("BA") (collectively, the "Bank Accounts"): All principal, deposits, interest, dividends, and/or any other funds credited to the following bank accounts:

(BA1) Account number 898049003513 held at Bank of America, N.A. in the name of Sherri Beth Esformes and Philip Esformes;

(BA2) Account number 003676209546 held at Bank of America, N.A. in the name of Philip Esformes and Julie Betancourt;

(BA3) Account number 102747 held at 1st Equity Bank, N.A. in the name of Sherri Esformes, Jason Tennenbaum, and Philip Esformes;

(BA5) Account number 204735 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. (c/o Norman Knopf);

(BA7) Account number 209882 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. (c/o Norman Knopf);

(BA8) Account number 312320 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. Pension Plan & Trust;

(BA10) Account number 454362 held at 1st Equity Bank, N.A. in the name of Philip Esformes Inc. Pension Plan & Trust;

(BA14) Account number 1560024295 held at MB Financial Bank, N.A. in the name of Philip Esformes or Alvin Norman Knopf;

(BA16) Account number 1560025577 held at MB Financial Bank, N.A. in the name of Philip Esformes, Inc.;

(BA17) Account number 1560024473 held at MB Financial Bank in the name of Alvin Norman Knopf or Philip Esformes; and

(BA18) Account number 16021230 held at National Securities Bank, N.A. in the name of Philip Esformes Inc. Pension.

(b) <u>Real Property</u> ("RP") (collectively, the "Real Property"): Real property, together with all appurtenances, improvements, fixtures, easements, and attachments, therein and/or thereon, which are known and numbered as follows, or the remaining share of the net seller proceeds from any interlocutory sale of such assets ordered by the Court:

(RP1) 5077 N. Bay Road, Miami Beach, Florida 33140;

(RP2) 5069 N. Bay Road, Miami Beach, Florida 33140;

(RP3) 980 W. 48th Street, Miami Beach, Florida 33140;

(RP4) 180 E. Pearson, Unit 7201, Chicago, Illinois 60611;

(RP5) 6849-50 S. Clyde Avenue, Chicago, Illinois 60649; and

(RP6) 9427 Sawyer Street, Los Angeles, California 90035.

8. Notice of the criminal forfeiture was posted on an official government internet site (www.forfeiture.gov) for a period of thirty (30)-days from August 20, 2021, to September 18, 2021. *See* Decl. of Publication, ECF Nos. 1620, 1620-1; 21 U.S.C. § 853(n)(1); Fed. R. Crim. P. 32.2(b)(6).

9. Additionally, the United States either sent direct notice of the forfeiture to any person who reasonably appeared to be a potential claimant with legal standing to contest the forfeiture, or such person was on actual notice of the forfeiture. *See* Fed. R. Crim. P. 32.2(b)(6); *accord* 21 U.S.C. § 853(n)(1).

10. On August 27, 2021, Sherri Esformes filed with the Court a Verified Petition [ECF No. 1597] claiming a fifty percent (50%) ownership marital interest in the Substitute Property. *See* Verified Petition, ECF No. 1597.

11. On March 21, 2022, Third-Party Petitioner filed separate petitions the Court respectively claiming a one hundred percent (100%) ownership interest in RP3, RP2, and RP6. *See* Notices of Claim and Verified Petition, ECF Nos. 1634, 1635 and 1636.

12. Except for Sherri Esformes and Third-Party Petitioners, no other person or entity has filed a petition claiming an ownership interest in the Substitute Property, and the statutory deadline for doing so has passed. *See* 21 U.S.C. § 853(n)(2)

13. In full settlement of all claims brought by Third-Party Petitioners as described herein, the Parties have agreed to settle, compromise, and otherwise resolve Third Party Petitioners' claims to RP3, RP2, and RP6. *See* Notices of Claim and Verified Petition, ECF Nos. 1634, 1635 and 1636 according to the following terms:

    (a) The United States agrees that it shall not forfeit RP2, RP3, and RP6 and shall release any restraint or blemish (*lis pendens*) on their respective title accordingly in exchange for the following:

        (1) SMJ Family Trust agrees to tender to the United States $152,274 (US),

which is a sum of money equal in value to the Medicare/Medicaid proceeds traced to RP2, which the United States shall forfeit in lieu of RP2 upon receipt.

(2) MJS Family Trust agrees to tender to the United States $60,959 (US), which is a sum of money equal in value to the Medicare/Medicaid proceeds traced to RP3, which the United States shall forfeit in lieu of RP3 upon receipt.

(b) SMJ Family Trust and MJS Family Trust shall withdraw their respective claims to RP2 and RP3 [ECF Nos. 1635 and 1634, respectively] with prejudice to re-file and shall waive any claims or interest each could have brought relating to RP2 and RP3, and the Substitute Property.

(c) The United States and the MJS Family Trust, SMJ Family Trust, and RIW Family Trust agree that the SMJ Family Trust and MJS Family Trust may satisfy and extinguish the payment obligations set forth in Section 13(a)(1) and (2) of this Stipulation and Settlement Agreement by causing the RIW Family Trust to pay $213,233.00 ($152,274.00 + $60,959.00) to the United States.

14. The Parties agree to bear their own attorney's fees, costs, and expenses incurred in or related to RP2, RP3, and RP 6, and the Substitute Property in this action.

15. Third-Party Petitioners on behalf of their respective trusts, trust beneficiaries, successors and/or assigns, hereby release, discharge and hold harmless the United States, and all its agents, employees, and other persons acting on its behalf, from any and all actions, claims and/or demands of whatever kind that might now exist or hereafter arise in connection with any matter relating directly or indirectly to the detention, handling and disposition of the interests in the RP2, RP3, and RP 6, and the Substitute Property pursuant to this Agreement except as otherwise permitted to enforce the terms of this Agreement.

16.  Third Party Petitioners understand and agree that by entering into the Agreement, each waives any right to further litigate its respective interest in RP2, RP3, and RP 6 against the United States, and to petition for remission or mitigation of any funds forfeited pursuant to this Agreement.

17.  The Parties agree to execute any additional documents necessary to implement the terms of the Agreement.

18.  The Parties agree that the Court shall retain jurisdiction in this action for the purpose of enforcing the terms of the Agreement. The entry of an order retaining jurisdiction is a condition to the effectiveness of this Stipulation.

19.  The Parties agree that the Agreement may be executed and delivered in any number of counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which shall constitute one and the same instrument. A facsimile of a signature shall have the same legal effect as an originally drawn signature.

20.  The Parties acknowledge that this Agreement is subject to the requisite approval authority as provided by the Department of Justice.

21.  The effective date of this Agreement is the date on which this Agreement is approved by the requisite approval authority as provided by the Department of Justice.

22.  Third-Party Petitioners and the United States acknowledge that they read and fully understand each provision of the Agreement and have freely and voluntarily signed the Agreement.

23.  The Agreement contains the entire agreement between the Parties.

24.  The Agreement may be executed in one or more counterparts, each of which when executed and delivered shall be an original, and all of which when executed shall constitute one and the same instrument. MJS Family Trust, SMJ Family Trust, and RIW Family Trust

THIRD-PARTY PETITIONERS:

3/26/2024

Date

*Morris Esformes*
DocuSigned by: 74835CFDB8014FF...

SMJ Family Trust,
Third-Party Petitioner

3/26/2024

Date

*Morris Esformes*
DocuSigned by: 74835CFDB8014FF...

MJS Family Trust,
Third-Party Petitioner

3/26/2024

Date

*Morris Esformes*
DocuSigned by: 74835CFDB8014FF...

RIW Family Trust,
Third-Party Petitioner

09/04/2024

Date

Stephen James Binhak

Counsel for Third-Party Petitioners

FOR THE UNITED STATES OF AMERICA:

MARKENZY LAPOINTE
United States Attorney

03/20/24

Date

By

Daren Grove
Assistant United States Attorney

**Signature:** *Stephen Binhak*

**Email:** binhaks@binhaklaw.com