UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-CR-20549-Scola

UNITED STATES OF AMERICA

v.

PHILIP ESFORMES,

        Defendant.

In Re:

SHERRI BETH ESFORMES,

        Third-Party Claimant.

## UNITED STATES' MOTION TO DISMISS
## SHERRI BETH ESFORMES'S VERIFIED PETITION/CLAIM [ECF NO. 1753] AND INCORPORATED MEMORANDUM OF LAW

### INTRODUCTION

Pursuant to 21 U.S.C. § 853(n), Rule 32.2(a)(1)(C) of the Federal Rules of Criminal Procedure, and Rule 12 of the Federal Rules of Civil Procedure, the United States of America (hereinafter, the "United States" or the "Government") hereby respectfully moves to dismiss the Verified Petition/Claim [ECF No. 1753] (hereinafter, the "Petition" or "Claim") filed by Third-Party Claimant, Sherri Beth Esformes (hereinafter, the "Petitioner," or "Ms. Esformes").

The Petition claims a fifty percent (50%) ownership stake on behalf of Ms. Esformes in directly forfeited interests in business entities and their assets which were held by, on behalf of, or

for the benefit of her former spouse, Phillip Esformes (hereinafter, the "Defendant"),[1] who is the convicted lead defendant in the underlying criminal action. Essentially, Ms. Esformes claims a fifty percent (50%) martial interest in the directly forfeited assets which the Defendant admitted constitute gross proceeds traceable to the healthcare fraud conspiracy to which he pled guilty in the underlying criminal case, or, in the alternative, implores the Court to equitably impose a construction trust in which the directly forfeited assets serve as its res and Ms. Esformes its beneficiary.

In asserting her purported interests in these directly forfeited assets, the Petitioner fails to establish a legally cognizable claim upon which relief can be granted and therefore the Court should dismiss with Petition without a hearing accordingly and with prejudice as the statutory deadline for filing a claim for the directly forfeited assets in this case has long expired.

## I.   RELEVANT FACTUAL AND PROCEDURAL HISTORY[2]

1.      On July 19, 2018, a federal grand jury returned a thirty-six (36) count third superseding true bill of indictment ("Third Superseding Indictment") charging the Defendant, among others, with various federal health care and money laundering offenses. *See* Third Superseding Indictment, ECF No. 869. As relevant here, the Defendant was charged in Count One with conspiracy to commit healthcare fraud. *Id.*

2.      The Third Superseding Indictment contains forfeiture allegations that specifically list assets that are alleged to be subject to criminal forfeiture upon the Defendant's conviction in this case *See id.*, ¶¶ 41-48.

---

[1] These forfeited interests have been liquidated by agreement and pursuant to court-approved sales. *See e.g.*, ECF Nos. 483 and 486, 584 and 586, 583 and 585, 1066 and 1075, 924 and 925, 912 and 917, 911 and 916, 890 and 893, 959 and 960, 617 and 624, and 890 and 893.

[2] The Government provides a shortened statement of the facts and procedural history in this case to avoid redundancy. An exhaustive account may be referenced in the Court's Second Preliminary Order of Forfeiture of Directly Forfeitable Assets. *See* ECF No 1733, ¶¶ 1-14.

3.      On February 22, 2024, the Court accepted the Defendant's guilty plea to Count One of the Third Superseding Indictment which he made pursuant to a written plea agreement with the Government. *See* Paperless Minutes, ECF No. 1729; Plea Agreement, ECF No. 1727.

4.      As part of his guilty plea, the Defendant knowingly and voluntarily admitted in his plea agreement that the following personal property constitutes, or is derived, directly or indirectly, from gross proceeds traceable to the healthcare fraud conspiracy charged in Count One (hereinafter, the "**Second Directly Forfeitable Assets**"):  All interest held by, on behalf of, or for the benefit of the Defendant in the following business entities and their assets, including, but not limited to, real property and financial accounts, or the remaining share of the net seller proceeds from any interlocutory sale of such assets ordered by the Court[3]:

### *Oceanside Extended Care Center*

(BI1A) {*space left intentionally blank*}

(BI1B) A.D.M.E. Real Estate LLC (property company), which is or was the titled owner of real property located at 550 9th Street, Miami Beach, Florida 33139.

### *North Dade Nursing and Rehabilitation Center*

(BI2A) {*space left intentionally blank*}

(BI2B) 1255 LLC (property company), which is or was the titled owner of real property located at 1235 N.E. 135th Street, North Miami, Florida 33161.

### *Harmony Health Center*

(BI3A) {*space left intentionally blank*}

---

[3] Subparagraphs for the **Second Directly Forfeitable Assets** are numbered as they appear in the Third Superseding Indictment's forfeiture allegations and the Plea Agreement.

(BI3B) GBRE Associates LLC (property company), which is or was the titled owner of real property located at 9820 N. Kendall Drive, Miami, Florida 33176.

### Courtyard Manor

(BI4A) Courtyard Manor Retirement Living, Inc. (operating company).

(BI4B) Courtyard Manor Retirement Investors Ltd. (property company), which is or was the titled owner of real properties located at 130, 140, 150 and 160 W. 28th Street and 141 W. 27th Street, Hialeah, Florida 33010.

### Eden Gardens

(BI5A) {space left intentionally blank}

(BI5B) Adar Associates LLC (property company), which is or was the titled owner of real property located at 12221 W. Dixie Highway, Miami, Florida 33161.

### Fair Havens Center

(BI6A) {space left intentionally blank}

(BI6B) Fair Havens Real Estate, LLC (property company), which is or was the titled owner of real property located at 201 Curtiss Parkway, Miami, Florida 33166.

### Flamingo Park Manor

(BI7A) {space left intentionally blank}

(BI7B) The Pointe Retirement Investors Ltd. (property company), which is or was the titled owner of real property located at 3051 E. 4th Avenue, Hialeah, Florida 33010.

*South Hialeah Manor*

(BI8A) Lake Erswin LLC (operating company).

(BI8B) Morsey LC (property company), which is or was the titled owner of real properties located at 240, 250 and 260 E. 5th Street, Hialeah, Florida 33010.

*Golden Glades Nursing and Rehabilitation Center*

(BI9A) Kabirhu Associates LLC (operating company).

(BI9B) 220 Sierra LLC (property company), which is or was the titled owner of real property located at 220 Sierra Drive, Miami, Florida 33179.

*Lauderhill Manor*

(BI10A) Lauderhill Manor, LLC (operating company).

(BI10B) 2801 Holdings LLC (property company), which is or was the titled owner of real property located at 2801 N.W. 55th Avenue, Lauderhill, Florida 33313.

*La Serena Retirement Living, formerly known as La Hacienda Gardens*

(BI11A) La Hacienda Gardens LLC (operating company).

(BI11B) Rainbow Retirement Investors Ltd. (property company), which is or was the titled owner of real properties located at 59, 67, and 75 E. 7th Street, Hialeah, Florida 33010.

*The Nursing Center at Mercy*

(BI12A) {*space left intentionally blank*}

*South Dade Nursing and Rehabilitation Center*

(BI13A) Takifhu Associates LLC (operating company).

(BI13B) 17475 LLC (property company), which is or was the titled owner of real property located at 17475 S. Dixie Highway, Miami, Florida 33157.

### North Miami Retirement Living

(BI14A) Jene's Retirement Living, Inc. (operating company).

(BI14B) Jene's Retirement Investors Ltd. (property company), which is or was the titled owner of real property located at 1595 N.E. 145th Street, Miami, Florida 33161.

### Southern Winds Health

(BI15A) Southern Winds Health, LLC (operating company).

(BI15B) 4225 LLC (property company), which is or was the titled owner of real property located at 4225 W. 20th Avenue, Hialeah, Florida 33012.

*See* Plea Agreement, ECF No. 1727, ¶ 16.

5.      The Court also sentenced the Defendant on February 22, 2024, after finding him guilty of committing healthcare fraud conspiracy charged in Count One of the Third Superseding Indictment. *See* Paperless Minutes, ECF No. 1729. In imposing sentence, the Court granted the Government's unopposed *ore tenus* motion made in accordance with the Defendant's Plea Agreement for criminal forfeiture of the **Second Directly Forfeitable Assets** along with a Red Hermes Birkin Purse (hereinafter, the "Birkin").

6.      Accordingly, on February 27, 2024, the Court entered its Second Preliminary Order of Forfeiture of Directly Forfeitable Assets (hereinafter, the "Preliminary Order") criminally forfeiting the **Second Directly Forfeitable Assets** and the Birkin to the United States, subject to third-party interests, if any. *See* ECF No 1733, ¶¶ 1-14.

7.      On January 28, 2024, Ms. Esformes filed her Petition in which she seeks to have the Court set aside the Preliminary Order based on her assertion of purported ownership interests in the

**Second Directly Forfeitable Assets** claiming that she has a fifty percent (50%) marital interest under Florida law in the criminally forfeited property and, in the alternative, asserting that the Court should find her to be the beneficiary of a constructive trust under Florida law with respect to the directly forfeited property. *See generally*, Petition, ECF No. 1753.

8.    The time for filing a third-party petition in this ancillary proceeding has now expired pursuant to 21 U.S.C. § 853(n)(2) and Rule 32.2(c)(1)(a) of the Federal Rules of Criminal Procedure.[4]

## II.   APPLICABLE LAW

### A.   NATURE AND PURPOSE OF THE ANCILLARY PROCEEDING

When the Government seeks forfeiture of specific property in conjunction with a plea of guilty, a court must determine whether the United States established the requisite nexus between the property and the offense of conviction. *See* Fed. R. Crim. P. 32.2(b)(1)(A); *see also United States v. Davenport,* 668 F.3d 1316, 1320 (11th Cir. 2012). If a court determines that the requisite nexus exists, it must then enter a preliminary order of forfeiture which immediately divests the defendant of any interest in the property without regard to the interests of any third parties. *See* Fed. R. Crim. P. 32.2(b)(2)(A); *see also Davenport,* 668 F.3d at 1320.

For a third party's interests in the property to be forfeited, the United States is required to publish notice of the intended forfeiture and to send direct notice to any person who reasonably appears to be a potential claimant. *See* Fed. R. Crim. P. 32.2(b)(6); *see also* 21 U.S.C. § 853(n). The interests of third parties are determined in a proceeding that is ancillary to the criminal prosecution of a defendant and the criminal forfeiture of property connected to a defendant's offense of conviction. *See* Fed. R. Crim. P. 32.2(c). An ancillary proceeding is the sole means by which a third party can establish entitlement to forfeited property. *See Davenport,* 668 F.3d at 1320.

---

[4] *See* Declaration of Publication, ECF No. 1742.

Furthermore, an ancillary proceeding to a criminal forfeiture case is civil in nature. *See United States v. Gilbert*, 244 F.3d 888, 906-07 (11th Cir. 2001). It is, in essence, a quiet title action. *Id.* at 911. Accordingly, the one and only purpose of the ancillary proceeding is to determine the ownership of the forfeited property. The ancillary proceeding is simply a quiet title proceeding in which the court determines whether the forfeited property belongs to the third party(ies) contesting the forfeiture. The ancillary proceeding is not a proper forum in which to challenge whether the property is forfeitable. *See United States v. Gutierrez*, 2012 WL 3291976, *2 (S.D. Fla. Aug. 13, 2012) (the only issue in the ancillary proceeding is ownership; the district court may not relitigate whether the property is forfeitable; citing Advisory Committee Note 2(b) (2000) to Rule 32.2.

### B.     GROUNDS FOR RECOVERY IN AN ANCILLARY PROCEEDING

Pursuant to 21 U.S.C. § 853(n), "[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property."  21 U.S.C. § 853(n)(2).  For putative claimants who receive direct notice, such petitions are due within 30 days of receipt.  *See id.*  To be valid, a third-party petition must be "signed by the petitioner under penalty of perjury," and set forth the following information in accordance with 21 U.S.C. § 853(n)(3):

[i]   the nature and extent of the petitioner's right, title, or interest in the property,
[ii]  the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property,
[iii] any additional facts supporting the petitioner's claim, and
[iv] the relief sought.

*See* 21 U.S.C. § 853(n)(3).

The Eleventh Circuit has held that 21 U.S.C. § 853 provides only two grounds for third parties to establish their interest in forfeited property in an ancillary proceeding. *See United States v. Kennedy*, 201 F.3d 1324, 1328 (11th Cir. 2000) ("Under 21 U.S.C. § 853(n)(6), third party petitioners

can establish their interest in forfeited property in only two ways").  Specifically, § 853(n)(6) provides

that,

> [i]f, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that-
>
> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;
>
> the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6).

Simply stated, a third party must show one of two things to establish an ownership interest in forfeited property: (1) that its legal interest in the property was superior to the defendant's interest at the time of the acts giving rise to forfeiture, or (2) that it is a bona fide purchaser for value without knowledge of the forfeiture. *See United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003) (citations omitted). Moreover, it is the third party who bears the burden of proof to establish an ownership interest in forfeited property. *See United States v. Dean,* 835 F.Supp. 1383 (M.D.Fla. October 22, 1993). To satisfy that burden, a petitioner must first file a petition that satisfies all the requirements prescribed in 21 U.S.C. § 853(n)(3). In fact, the "[f]ailure to file a petition that satisfies the requirements of § 853(n)(3) is grounds for dismissal without a hearing." *United States v. Pegg*, 1998 WL 34309460, *2 (M.D. Ga. Nov. 25, 1998).

In addition to these technical pleading requirements, a petitioner must also comply with substantive pleading requirements to establish standing. *See United States v. Barber*, 2014 WL 5473570, at *2 (M.D. Fla. Oct. 28, 2014). To state a claim upon which relief may be granted, a petition must assert that the petitioner, under § 853(n)(6), is either a bona fide purchaser for value or has a superior interest to the defendant in forfeited property. *See id.*; *see also United States v. Watkins*, 320 F.3d 1279, 1282 (11th Cir. 2003) (section 853(n)(6) protects only two classes of petitioners); *United States v. Kennedy*, 201 F.3d 1324, 1335 (11th Cir. 2000) (the alternative grounds set forth in section 853(n)(6) are the only grounds for recovery in the ancillary proceeding).

Federal courts demand "strict compliance" with these pleading requirements "primarily because there is a substantial danger of false claims in forfeiture proceedings." *United States v. Burge*, 829 F. Supp. 2d 664, 667 (C.D. Ill. 2011) (dismissing petition that was not signed under penalty of perjury and did not state a claim). A third-party petition that fails to satisfy these pleading requirements is subject to dismissal without a hearing. *See United States v. BCCI Holdings (Luxembourg), S.A.,* 956 F. Supp. 1, 4 (D.D.C.1996) ("If a third party fails to allege in its petition all elements necessary for recovery, including those relating to standing, the court may dismiss the petition without providing a hearing.").

### C. THE ROLE OF FEDERAL AND STATE LAW IN THE ANCILLARY PROCEEDING

"Federal law decides what interests are subject to forfeiture, but state property law defines what those interests are in the first instance." *United States v. Morales*, 36 F. Supp. 3d 1276, 1285 (M.D. Fla. 2014) (citing *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007) and *United States v. Kennedy*, 201 F.3d 1324, 1334 (11th Cir. 2000)). In other words, a petitioner's claimed interest in forfeited property "is evaluated by the law of the jurisdiction creating the asserted interest, i.e. **state** law." *United States v. ADT Sec. Servs., Inc.*, 522 F. App'x 480, 490 (11th Cir. 2013) (emphasis supplied) (citing *United States v. Ramunno*, 599 F.3d 1269, 1272 1272 (11th Cir. 2010)). The Parties agree that

Florida law applies in determining Petitioner's property interest, if any, in the **Second Directly Forfeitable Assets**. *See* Petition, ECF No. 1753.

Therefore, "once it is determined under state law that a third-party petitioner has a legal interest in the forfeited property, the court looks to federal law to determine whether the third-party petitioner's interest in the forfeited property is superior to the defendant's interest." *Morales*, 36 F. Supp. 3d at 1285 (citing *United States v. Shefton*, 548 F.3d 1360, 1364 (11th Cir. 2008)).

### D.    LEGAL STANDING

Standing in forfeiture cases has "both constitutional and statutory aspects." *United States v. Thomas*, 2021 WL 5278725, at *5 (M.D. Ala. July 13, 2021) (citing *United States v. Timley,* 507 F.3d 1125, 1129 (8th Cir. 2007) (quotation omitted)). "Constitutional standing, also referred to as Article III standing, requires a petitioner to establish an 'injury-in-fact' that is connected to the complained-of conduct, and to show that such injury is likely to be redressed by a favorable decision." *United States v. Tardon*, 493 F. Supp. 3d 1188, 1234 (S.D. Fla. 2020).

"Because Article III standing is a sine qua non to federal judicial involvement, a federal court must resolve any doubts about such standing before proceeding to adjudicate the merits of a given case." *Thomas*, 2021 WL 5278725, *at *5 (citing *United States v. Catala*, 870 F.3d 6, 9 (1st Cir. 2017)). This requirement "applies even when neither party has raised the issue." *Id.*

### E.    LEGAL STANDARD FOR A MOTION TO DISMISS

Rule 32.2 of the Federal Rules of Criminal Procedure specifically authorizes the Court, on motion, to dismiss a third-party petition for "for lack of standing, for failure to state a claim, or for any lawful reason." Fed. R. Crim. P. 32.2(c)(1)(A). Furthermore, because ancillary forfeiture proceedings are essentially civil in nature, a petition may be dismissed by a motion pursuant to Rule 12 of the Federal Rules of Civil Procedure.  *See United States v. Gilbert*, 244 F.3d 888, 907 (11th Cir. 2001); *United States v. Cohen*, 243 F. App'x 531, 534 (11th Cir. 2007).  Prior to discovery or a hearing,

11

a motion to dismiss a petition should be treated like a motion to dismiss a civil complaint under Rule 12(b) of the Federal Rules of Civil Procedure. *United States v. Marion*, 562 F.3d 1330, 1342 (11th Cir. 2009)(citing *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004)).  In considering a motion to dismiss, the court presumes the facts set forth in the petition to be true.  Fed. R. Crim. P. 32.2(c)(1)(A); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (establishing same standard for a Rule 12(b)(6) motion); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (same).

To survive a motion to dismiss, a petition "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570).  Although at the pleading stage a petition's allegations need not be proven, the petition "must do more than simply assert" the petitioner's interest, or "state that interest in a conclusory fashion." *United States v. Kokko,* No. 06–cr–20065, 2007 WL 2209260, at *5 (S.D. Fla. July 30, 2007); *United States v. Preston*, No. CR 12-00189 (RC), 2015 WL 5011586, at *5 (D.D.C. Aug. 24, 2015).  "The showing may not be a heavy burden, but it is a burden nonetheless." *Kokko*, 2007 WL 2209260, at *5.

Although presenting matters outside the pleadings converts a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment, the Court may consider testimony and other extrinsic evidence in determining whether a petitioner has met the pleading requirements of 21 U.S.C. § 853(n).  *See United States v. Negron-Torres*, 876 F. Supp. 2d 1301, 1303 n.1 (M.D. Fla. 2012) (likening a motion to dismiss a petition for lack of standing to a Rule 12(b)(1) motion and considering direct notice letter attached to dismissal motion).

### III.  ARGUMENT

The Petition should be dismissed with prejudice for lack of standing and for failure to state a claim because Petitioner has not alleged a cognizable claim of superior right, title, or interest in the

**Second Directly Forfeitable Assets** under applicable state law which could compel the Court to set aside the Preliminary Order in whole or in part.

A. **PETITIONER'S CLAIM THAT THE SECOND DIRECTLY FORFEITABLE ASSETS CONSTITUTE MARITAL ASSETS/PROPERTY IS NOT LEGALLY COGNIZABLE UNDER FLORIDA LAW**

Petitioner does not hold legal title to the **Second Directly Forfeitable Assets**, nor could she as these assets are comprised of seized funds equal in value to the Defendant's equitable share of the net seller proceeds derived from court-ordered interlocutory sales of Operating Companies and/or Property Companies associated with Skilled Nursing Facilities which the Defendant admits received gross proceeds traceable to the healthcare fraud conspiracy of which he was convicted. *See generally*, Petition, ECF No. 1753 (Petitioner does not allege she holds any form of legal title to the **Second Directly Forfeitable Assets**); *see also* Footnote 1, *supra* (Court approving interlocutory sales of the subject Operating Companies/Property Companies). Petitioner instead essentially claims, among other things, that she has a superior right, title, or interest in the **Second Directly Forfeitable Assets** because the Defendant acquired his ownership interest in the Operating Companies and/or Property Companies during their marriage, so the seized funds derived from their court-approved interlocutory sales constitute marital property under Florida law. *See e.g.*, Petition, ECF No. 1753, ¶¶ 19-20 (citing Fla. Stat. § 61.075(6)(a)(1)("Marital assets and liabilities' include ... [a]ssets acquired ... during the marriage, individually by either spouse or jointly by them.")).

In Florida, however, no legal right, title, or interest is created in marital assets until a judgment vesting such has been entered in a divorce proceeding. Fla. Stat. § 61.075(8) ("Title to disputed assets shall vest only by the judgment of a court.")[5]; *see also United States v. Barber,* 2014 WL

---

[5] Fla. Stat. § 61.075(8) provides:

5473570, at *3 (M.D.Fla. Oct. 28, 2014) ("[Section 61.075] applies to a dissolution of marriage proceeding to determine the distribution and ownership of assets upon divorce. The statute does not vest title to the assets upon or *during* the marriage." (emphasis in original)); *United States v. Lima,* 2011 WL 5525339, at *4 (M.D.Fla. Oct. 19, 2011), *adopted,* 2011 WL 5525354 (M.D.Fla. Nov. 14, 2011) ("[Petitioner's] interest in the [marital assets] would accrue only upon dissolution of the marriage and order of the court.").

Petitioner's assertion that pursuant to § 61.075 "[a]ssets acquired during [her] marriage were martial property with Ms. Esformes and Defendant owning 50% of each asset acquired" is statutorily baseless. No marital interest in property exists under Florida law unless or until there is a judgment vesting such interest, which there is *not* in the Petitioner and Defendant's marital dissolution action. Indeed, the Florida Circuit Court in Petitioner and Defendant's marital dissolution action entered only a partial final judgment in the matter specifically reserving its jurisdiction over the action to determine at an unspecified later date the equitable distribution of marital assets between the parties. *See* Petition, ECF No. 1753, ¶ 40 (referencing Verified Petition/Claim of Petitioner Sherri Beth Esformes, ECF No. 1535, Ex. K); *see also* Partial Final Judgment of Dissolution of Marriage, ECF No. 1597-1. The judgment formalized the dissolution of Ms. Esformes's marriage to the Defendant, but does not make, or attempt to make, any findings regarding the identification and division of marital assets.

Petitioner's claim effectively shuns the Florida's statutory scheme by contending that her

All assets acquired and liabilities incurred by either spouse subsequent to the date of the marriage and not specifically established as nonmarital assets or liabilities are presumed to be marital assets and liabilities. Such presumption is overcome by a showing that the assets and liabilities are nonmarital assets and liabilities. The presumption is only for evidentiary purposes in the dissolution proceeding and does not vest title. Title to disputed assets shall vest only by the judgment of a court.

interest arose *during* her marriage and by implying that the Partial Final Judgment of Dissolution of Marriage is sufficient to give her a vested right to a pro rata share of the **Second Directly Forfeitable Assets**. She is incorrect. A partial judgment dissolving a marriage but reserving jurisdiction for a later judicial determination regarding identification and division of marital assets is certainly insufficient to establish a vested property interest under Florida law.

Petitioner's claim in this regard effectively invites the Court to substitute itself for the Florida Circuit Court in her martial dissolution action and determine for the first time what is, or is not, a marital asset. The Court should reject this invitation because to accept it would, among other things, enable Petitioner to circumvent the Circuit Court's order reserving jurisdiction to make this determination at some later date and with involvement by both parties. *See* Partial Final Judgment of Dissolution of Marriage, ECF No. 1597-1 ("The Court specifically reserves jurisdiction on any and all issues dealing with past, present and future equitable distribution, all property rights, support, maintenance, past, present and future attorney's fees and costs, and any and all other past, present and future financial rights and obligations of one party or the other, including descent and distribution in light of the fact that the Court has bifurcated the actual divorce, from all remaining issues and the death of either party shall not be affected by the entry of the Partial Final Judgment of Dissolution of Marriage.").

To have standing with respect to her marital interest claim, Petitioner needs, but does not have, a state-court issued judgment identifying the **Second Directly Forfeitable Assets** as marital assets and dividing them in accordance with applicable Florida law. Petitioner's claim of marital interest in the **Second Directly Forfeitable Assets** is, therefore, not legally cognizable under Florida law and should be dismissed accordingly without a hearing pursuant to Rules 12 and 32.2.

**B.    PETITIONER'S CLAIM OF LEGAL RIGHT, TITLE, OR INTEREST IN THE SECOND DIRECTLY FORFEITABLE ASSETS UNDER A THEORY OF CONSTRUCTIVE TRUST IS NOT COGNIZABLE UNDER FLORIDA LAW**

Petitioner also contends, in the alternative, that she has a qualifying interest in the **Second Directly Forfeitable Assets** pursuant to § 853(n)(6)(A) under the theory of a constructive trust. *See* Petition, ECF 1753, 17. However, to succeed under this theory, Petitioner must first satisfy the requirements of a constructive trust under applicable Florida to establish standing under § 853(n)(2), and to satisfy the "legal interest" requirement in § 853(n)(6)(A). *See United States v. Ramunno*, 599 F.3d 1269, 1273-74 (11th Cir. 2010)(the threshold question is whether the claimant was entitled to a constructive trust under state law). If the Court determines as a threshold matter that Petitioner is entitled to a constructive trust, then the Court must move to the federal question of whether the constructive trust was a pre-existing interest within the meaning of § 853(n)(6)(A). *Id.*

In Florida, a petitioner who asserts a constructive trust on property subject to forfeiture must establish the following four elements: "(1) a promise, express or implied; (2) a transfer of property and reliance thereon; (3) a confidential relationship, and (4) unjust enrichment." *Castetter v. Henderson*, 113 So. 3d 153, 155 (Fla. Dist. Ct. App. 2013). Further, the party seeking to modify or avoid an order of forfeiture under a constructive trust theory must additionally establish that the property held in constructive trust is traceable to the property subject to the order of forfeiture. *Bender v. CenTrust Mortg. Corp.*, 51 F.3d 1027, 1030 (11th Cir. 1995). In other words, "[a] constructive trust cannot be imposed on general assets." *Id.*

Here, Petitioner again fails to sufficiently allege a valid claim under § 853(n)(6)(A). For example, Petitioner fails to allege, except in conclusory fashion, why she is entitled to the imposition of a constructive trust under Florida law. Nowhere in the Petition does Ms. Esformes factually allege, let alone attempt to explain, the time and circumstances necessary for the Court to determine whether she is entitled to the imposition of a constructive trust other than to make threadbare assertions in a mere handful of sentences. Furthermore, the Petitioner fails to allege with any specificity, as she must, what promise the Defendant allegedly made to her regarding the **Second**

16

**Directly Forfeitable Assets** or what transfer she allegedly made to him in reliance thereon. Additionally, Petitioner fails to plausibly explain how the Defendant was unjustly enriched in this scenario especially given that the Government seized and criminally forfeited the **Second Directly Forfeitable Assets** as fraud proceeds before the Defendant, or anyone, could realize any benefit from the assets.

A third-party petition must set forth "the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property." 21 U.S.C. § 853(n)(3). Bare allegations cannot satisfy this "time and circumstances" requirement, as a petitioner "must do more than state [her] interest in a conclusory fashion," especially when other evidence directly contradicts those allegations. *See Kokko*, 2007 WL 2209260, at *5.

Petitioner fails to describe the time and circumstances supporting the imposition of a constructive trust as required in accordance with the pleading requirements of § 853(n)(3). In failing to do so, Petitioner has neglected to support her claim for relief with sufficient factual allegations. To survive a motion to dismiss, the Petition must allege facts sufficient to state a claim that Petitioner is either a bona fide purchaser for value or has a superior interest to the Defendant in the **Second Directly Forfeitable Assets.** *See Preston*, 2015 WL 5011586, at *5; *United States v. Hailey,* 924 F.Supp.2d 648, 658 (D. Md. 2013) ("The availability of a motion to dismiss indicates that to state a claim, one of the § 853(n)(6) bases must be pled."). However, the Petition only contains a handful of opaque and conclusory sentences pertaining to a constructive trust. Petition, ECF No. 1753, 17-19. It asserts, without support, that "all of the elements and circumstances for a constructive trust are satisfied, and Ms. Esformes' superior title pursuant to a constructive trust vested before the Government's interest vested in Mr. Esformes' property." Petition, ECF No. 1753, 18. Such legal conclusions are insufficient to establish a claim upon which relief may be granted. *See Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is

inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, the Petition neither complies with the pleading requirements set forth in § 853(n)(3), nor does it state "sufficient factual matter" to support a cognizable claim under § 853(n)(6). *See id.*

Moreover, Petitioner's conclusory assertion that her "superior title" vested "before the Government's interest vested in [the **Second Directly Forfeitable Assets**]" is false as a matter of law. Petition, ECF No. 1753, 18. Indeed, under § 853's statutory scheme there can be no preexisting claim to the proceeds of fraud such as the **Second Directly Forfeitable Assets**.

Section 853(c) sets forth the general rule, or "Relation Back Doctrine," establishing that the Government's interest in forfeitable property vests at the time of the commission of the offense giving rise to the forfeiture, and it provides that property transferred to a third party after that time may be forfeited unless the third party establishes that he or she is a bona fide purchaser for value who was at the time of the transfer, "reasonably without cause to believe that the property was subject to subject to forfeiture." 21 U.S.C. § 853(c); *see also* 21 U.S.C. § 853(n)(6)(reiterating the "Relation Back Doctrine" and the bona fide purchaser exception in terms of the defenses that a third party may assert in an ancillary proceeding). Therefore, because the Government's interest vests at the time of the offense giving rise to the forfeiture, Petitioner can prevail in this ancillary proceeding only by showing that she had an interest the **Second Directly Forfeitable Assets** before the Government's interest vested, which is before the time of the Defendant's offense conduct giving rise to the forfeiture, or that she acquired in the **Second Directly Forfeitable Assets** sometime afterward as bona fide purchaser for value.

The Nineth Circuit provided a good illustration of how this general rule is to be applied in an ancillary proceeding under similar circumstances to those of this case. *See United States v. Hooper*, 229 F.3d 818 (9th Cir. 2000). In *Hooper*, the wife of a convicted drug dealer contested the forfeiture

of his drug proceeds on the grounds that she had an interest in her husband's property under California's community property statute. But the Nineth Circuit held that because the government's interest in the property vests immediately "upon the commission of the act giving rise to forfeiture," and because criminal proceeds do not exist until that time, the wife could not possibly have had an interest in the property in question that vested before the government's interest. *Id.* at 822. Indeed, the Nineth Circuit held that because of the "Relation Back Doctrine," a third party, other than a bona fide purchaser, can *never* successfully challenge the forfeiture of the proceeds of a crime. *See id.* Importantly, the Eleventh Circuit is in accord on this point. *See United States v. Kennedy*, 201 F.3d 1324 (11th Cir. 2000)(wife does not have a superior interest under § 853(n)(6)(A) in property acquired as tenants by the entireties with fraud proceeds because the property was subject to forfeiture as property involved in money laundering before the wife's interest came into existence). Likewise, any right, title, or interest Petitioner could claim in the **Second Directly Forfeitable Assets** necessarily came into existence, if at all, after the Government's interest vested in the assets pursuant to § 853(c). Therefore, Petitioner's claimed property interests in the **Second Directly Forfeitable Assets**, to the extent such exist, cannot be superior to the Government's interests..

Hence, in this case, as in *Hooper* and *Kennedy,* for Petitioner to qualify for relief pursuant to § 853(n)(6)(A) her legal interest, if any, must have been vested in her before the Defendant committed his crime. Petitioner cannot logically meet this requirement because the Defendant's crime was committed before there were proceeds resulting from the crime. Thus, Petitioner cannot obtain relief under § 853(n)(6)(A) and can only recover, if at all, pursuant to § 853(n)(6)(B) *if* she can establish that she is a bona fide purchaser for value of the **Second Directly Forfeitable Assets**, which she cannot.

To make a prima facie case under § 853(n)(6)(B), Petitioner must demonstrate that: (1) she had a legal right, title or interest in the **Second Directly Forfeitable Assets**; (2) she was a bona fide

purchaser for value of the right, title, or interest in the **Second Directly Forfeitable Assets**; and (3) she was, at the time of the purchase, reasonably without cause to believe that the **Second Directly Forfeitable Assets** was subject to forfeiture. *See United States v. Soreide*, 2005 WL 8137780, at *6 (S.D. Fla. Mar. 23, 2005), *aff'd*, 461 F.3d 1351, 1354-55 (11th Cir. 2006). Furthermore, under § 853(n)(6)(B), "the only assets that are potentially immunized from forfeiture are those for which value has been given." *U.S. v. McCorkle,* 321 F.3d 1292, 1295 n.4 (11th Cir. 2003).

Here, the Court should dismiss Petitioner's claim of bona fide purchaser as she does not have a legal cognizable claim of right, title or interest in the **Second Directly Forfeitable Assets** as explained, *supra*, nor does she sufficiently allege, nor can she logically prove, that she gave something of value for the **Second Directly Forfeitable Assets** which constitute the proceeds of the Defendant's crime.

## IV.   CONCLUSION

Petitioner has no cognizable legal interest in the **Second Directly Forfeitable Assets** under Florida law, and therefore, lacks standing to assert her claims. The Court should therefore grant this motion accordingly and dismiss the Petition with prejudice pursuant to 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and Rule 12 of the Federal Rules of Civil Procedure without a hearing  *See United States v. Kermali,* 60 F. Supp. 3d 1280, 1283–84 (M.D. Fla. 2014)(hearing is not required prior to ruling on a motion to dismiss where the third party fails to allege any legal right, title, or interest in the forfeited property).

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:   *s/Daren Grove*
_____

Daren Grove (Court No. A5501243)
Assistant United States Attorney
E-mail: daren.grove@usdoj.gov
500 E. Broward Boulevard, Office 822
Fort Lauderdale, Florida 33394
Telephone: 954.660.5774
Facsimile:  954.356.7180